**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------- x
                                                                        :
In re:                                                                  :   Chapter 11
                                                                        :
CORPORATE RESOURCE SERVICES, INC., *et al.*,[1]                         :   Case No. 15-12329 (MG)
                                                                        :
                                             Debtors.                   :   (Jointly Administered)
                                                                        :
                                                                        :
----------------------------------------------------------------------- x

### STIPULATION AND ORDER RESOLVING AS MOOT
### PENDING MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**WHEREAS** on May 1, 2013, movant Antonio Molina (the "Movant Molina") filed a class action lawsuit in the State Court of California against Tri-State Staffing (later identified as Debtor TS Staffing Services, Inc.) and other non-Debtor defendants (the "Molina Action"); and

**WHEREAS** on October 25, 2013, movant Ingrid Barahona ("Movant Barahona" and together with Movant Molina, the "Movants") filed a class action lawsuit in the State Court of California against Accountabilities, Inc. and other non-Debtor defendants (the "Barahona Action" and together with the Molina Action, the "California Actions"); and

**WHEREAS** on June 23, 2016, the Movants filed an application in this Court seeking

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (1) Corporate Resource Services, Inc. (1965); (2) Accountabilities, Inc. (5619); (3) Corporate Resource Development Inc. (1966); (4) Diamond Staffing Services, Inc. (7952); (5) Insurance Overload Services, Inc. (9798); (6) Integrated Consulting Services, Inc. (2385); (7) The CRS Group, Inc. (1458); and (8) TS Staffing Services, Inc. (8647) (collectively, "CRS" or the "Debtors").

relief from the automatic stay to, among other things, obtain documents from Debtor-defendants in the California Actions [ECF Doc. # 398]; and

**WHEREAS** this Court denied the Movants' November 7, 2016 application to lift the automatic stay;

**WHEREAS** on February 1, 2017, the trial court granted the Movant Molina's request for dismissal without prejudice of the Molina Action as to Debtor-defendant TS Staffing Services, Inc.; and

**WHEREAS** on March 29, 2017, the trial court granted Movant Barahona's request for dismissal without prejudice of the Barahona Action as to Debtor-defendant Accountabilities, Inc.; and

**WHEREAS** on July 20, 2017, the Movants served a document entitled *Deposition Subpoena for Production of Business Records* on the Trustee in connection with the Molina Action (the "Subpoena"); and

**WHEREAS** on August 18, 2017, the Trustee provided a written response to the Subpoena; and

**WHEREAS** on November 22, 2017, the Movants filed a *Motion for Relief from Automatic Stay to Obtain Documents and Proceed with Litigation of Nondebtor Defendants* [ECF Doc. # 716] (the "Auto Stay Motion").

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between counsel for the Trustee and Plaintiffs (together, the "Parties"), as follows:

1. The Parties agree that the automatic stay provisions under section 362(a) of the Bankruptcy Code do not prohibit the Movants from seeking discovery from <u>non-party Debtors</u> in the California Actions (without an extension of the stay to non-parties).

2. For the avoidance of doubt, the Trustee reserves all rights with regard to discovery sought by the Movants.

3. Upon entry of this Order, the Auto Stay Motion pending before this Court is deemed withdrawn.

4. Neither this Stipulation, nor any discovery obtained in the state court actions taken pursuant hereto, shall constitute evidence admissible against the Parties in any other action or proceeding other than one to enforce the terms of this Stipulation. This agreement is made for the purposes of resolving the Auto Stay Motion only and without waiver of any rights to object to discovery.

5. Each person who executes this Stipulation by or on behalf of the Parties warrants and represents that such person has been duly authorized and empowered to execute and deliver this Stipulation on behalf of that Party.

6. This Stipulation shall become binding and enforceable upon being "So Ordered" by the Bankruptcy Court.

7. This Stipulation may be signed in counterpart by facsimile signature for purposes of ECF filing.

*[Remainder of Page Intentionally Left Blank]*

8. The Bankruptcy Court shall retain jurisdiction to hear any matters or

disputes arising from or relating to this Stipulation.

Dated: December 6, 2017
      Manhattan Beach, California

REAL PARTIES IN INTEREST ANTONIO MOLINA AND INGRID BARAHONA

/s/Tagore O. Subramaniam
MATERN LAW GROUP, P.C.
Matthew J. Matern
Tagore O. Subramaniam
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
(310) 531-1900

Dated: December 6, 2017
      New York, New York

JAMES S. FELTMAN
    Not Individually But Solely in His Capacity as Chapter 11 Trustee

/s/Steven S. Flores
TOGUT, SEGAL & SEGAL LLP
Steven S. Flores
Minta J. Nester
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

**IT IS SO ORDERED.**

Dated:  December 7, 2017
      New York, New York

                                **/s/ Martin Glenn**
                                MARTIN GLENN
                United States Bankruptcy Judge

4