UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
: 
In re: : Chapter 11
:
CORPORATE RESOURCE SERVICES, INC., *et al.*,[1] : Case No. 15-12329 (MG)
:
Debtors. : (Jointly Administered)
:
:
------------------------------------------------------------------- x

### STIPULATION AND ORDER MODIFYING THE AUTOMATIC STAY TO THE EXTENT OF AVAILABLE INSURANCE PROCEEDS

**WHEREAS** on July 23, 2015 (the "Petition Date"), the above-referenced Debtors commenced voluntary cases under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware; and

**WHEREAS**, on February 2, 2015 (the "TSE Petition Date"), TS Employment, Inc. ("TSE") commenced a voluntary case under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York; and

**WHEREAS**, James S. Feltman was appointed as the Chapter 11 trustee (the "TSE Trustee") of TSE in TSE's Chapter 11 case, which is an affiliated case pending before this Court (Case No. 15-10243); and

**WHEREAS,** on July 27, 2015, the TSE Trustee filed his *Application to Transfer Venue of the Debtors' Cases to the Southern District* [TSE ECF Doc. # 127] (the "Venue Application") seeking to transfer venue of these Chapter 11 cases from the District of Delaware to the

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (1) Corporate Resource Services, Inc. (1965); (2) Accountabilities, Inc. (5619); (3) Corporate Resource Development Inc. (1966); (4) Diamond Staffing Services, Inc. (7952); (5) Insurance Overload Services, Inc. (9798); (6) Integrated Consulting Services, Inc. (2385); (7) The CRS Group, Inc. (1458); and (8) TS Staffing Services, Inc. (8647) (collectively, "CRS" or the "Debtors").

Bankruptcy Court for the Southern District of New York (the "Court"), and on August 18, 2015, the Court entered an order granting the Venue Application; and

**WHEREAS,** on September 10, 2015, the Court entered an order directing the United States Trustee to appoint James S. Feltman as the trustee for the Debtors in the above-captioned Chapter 11 cases, (the "Chapter 11 Trustee") [ECF Doc. # 137], and on October 1, 2015, the Trustee filed his *Acceptance of Appointment Pursuant to Bankruptcy Rule 2008* [ECF Doc. # 149]; and

**WHEREAS**, on October 16, 2014, Koon King Ngai (the "Plaintiff") commenced an action in the Supreme Court of the State of New York, County of Kings, Index No. 14970/14, (the "Supreme Court Action"), for a personal injury and related claims (the "Claims"), against Alexis Cordero, Aura Electrical Supply Inc., Save A Watt Conservation Corp., and Impact Staffing Inc. (collectively the "Defendants"); and

**WHEREAS**, on June 18, 2015, Aura Electrical Supply, Inc. and Save A Watt Conservation Corp. (together the "Cross-Claimants") filed an *Amended Verified Answer with Cross-Claims* (the "Cross-Complaint") against Alexis Cordero and Impact Staffing Inc.; and

**WHEREAS**, on July 2, 2015, Alexis Cordero and Impact Staffing Inc. filed a *Verified Answer to Cross-Claims* requesting a judgment dismissing the Cross-Complaint; and

**WHEREAS**, one of the Debtors, Integrated Consulting Group of New York LLC, doing business as Impact Staffing Inc. ("Impact"), is a division of Corporate Resource Services, Inc.

**WHEREAS**, the Debtors maintained (i) a general liability insurance policy and (ii) an excess policy with Philadelphia Indemnity Insurance Company ("PIIC") (the "Insurance Policies") that may potentially cover the Claims; and

2

**WHEREAS**, pursuant to the automatic stay provisions under section 362(a) of the Bankruptcy Code (the "Stay"), Plaintiff and Cross-Claimants are stayed from the continuation of any action, or recovery on account of claims, including the Claims, against the Debtors; and

**WHEREAS**, to avoid excessive litigation, and prevent undue delays and costs, the Trustee has agreed to modify the Stay for a limited purpose upon the terms and conditions set forth herein.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between counsel for the Trustee, Plaintiff, and Defendants (together, the "Parties"), as follows:

1. The foregoing recitals are hereby fully incorporated into and made an express part of this stipulation and order (this "Stipulation").

2. The Stay is hereby modified for the limited purpose of (i) allowing Plaintiff and Cross-Claimants to pursue the Claims, for which any recovery against any Debtors, including, but not limited to, Impact Staffing Inc., as an insured, shall be limited solely to the remaining proceeds of the Insurance Policies, as applicable. PIIC issued a general liability policy with an aggregate limit of $5,000,000 with an excess policy with an aggregate limit of $10,000,000 subject to a $10,000 self-insured limit. All parties acknowledge that there are and may be future claims presented under the insurance policies which may affect the remaining limits of coverage available. The subject claim shall be subject to the aggregate limits of the insurance policies. Plaintiff acknowledges the representation that two other claims have been asserted against the insurance policies. Nothing stated herein would exclude or make inapplicable non-aggregate or other policies providing coverage for the accident in question.

3. Neither this Stipulation, nor any actions taken pursuant hereto, shall affect the rights of the Trustee or insurers, to assert any defenses to the Claims or any other action or

3

proceeding other than one to enforce the terms of this Stipulation. Notwithstanding any other term or provision contained herein, this Stipulation is without prejudice to any of the rights, claims or defenses of Debtors' insurers under any of the Insurance Policies, any agreements related to the Insurance Policies and/or applicable state law, all of which are expressly reserved.

4. The Plaintiff and Cross-Claimants have not asserted any claims against the Debtors in the Chapter 11 case and shall limit any recovery on account of the Claims against the Debtors and Alexis Cordero, as insureds, (by verdict, settlement, or otherwise) only to the extent of available insurance proceeds. Plaintiff and Cross-Claimants shall have no other rights to seek any recovery, execution, or levy against the Debtors, directly or indirectly, or against any of the Debtors' property or assets.

5. Neither this Stipulation, nor any actions taken pursuant hereto, shall constitute evidence admissible against the Parties in any action or proceeding other than one to enforce the terms of this Stipulation.

6. Each person who executes this Stipulation by or on behalf of the Parties warrants and represents that such person has been duly authorized and empowered to execute and deliver this Stipulation on behalf of that Party.

7. This Stipulation shall become binding and enforceable upon being "So Ordered" by the Bankruptcy Court.

8. This Stipulation may be signed in counterpart by facsimile signature for purposes of ECF filing.

*[Remainder of page intentionally left blank]*

9. The Bankruptcy Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

Dated: November 21, 2017
      New York, New York

| | |
|---|---|
| KOON KING NGAI | JAMES S. FELTMAN<br>Not Individually But Solely in His<br>Capacity as Chapter 11 Trustee |
| /s/ Dayton Haigney<br>CAESAR and NAPOLI, P.C.<br>Dayton Haigney, Esq.<br>233 Broadway, Suite 2348<br>New York, New York 10279<br>(212) 226-2100 | /s/ Steven S. Flores<br>TOGUT, SEGAL & SEGAL LLP<br>Albert Togut<br>Steven S. Flores<br>Brian F. Moore<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>(212) 594-5000 |
| ALEXIS CORDERO and<br>IMPACT STAFFING INC. | AURA ELECTRICAL SUPPLY, INC. and<br>SAVE A WATT CONSERVATION CORP. |
| /s/ Andrew B. Kaufman<br>GORDON & SILBER, P.C.<br>Andrew B. Kaufman, Esq.<br>355 Lexington Avenue<br>New York, New York 10017<br>(212) 834-0600 | /s/ Michael Palmeri<br>GIALLEONARDO FRANKINI & HARMS<br>Michael Palmeri, Esq.<br>330 Old Country Road #200<br>Mineola, New York 11501<br>(516) 493-4507 |

**IT IS SO ORDERED.**

Dated:  December 21, 2017
           New York, New York

                                      **/s/ Martin Glenn**
                                        MARTIN GLENN
                             United States Bankruptcy Judge