**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re:                                                       :   Case No. 15-12329 (MG)
                                                             :
CORPORATE RESOURCE SERVICES, INC.,                           :   Chapter 11
*et al.*,[1]                                                 :
                                                             :   (Jointly Administered)
                                                             :
                            Debtors.                         :
------------------------------------------------------------ X

### SECOND AMENDED STIPULATION AND ORDER TOLLING STATUTES OF LIMITATIONS WITH RESPECT TO CLAIMS AGAINST ROBERT O. RIISKA AND FOCUS MANAGEMENT GROUP USA, INC.

THIS AGREEMENT IS made and entered into as of the 27th day of June 2018 by James S. Feltman, not individually but solely in his capacity as Chapter 11 trustee ("Trustee") for the bankruptcy estates of Corporate Resource Services, Inc. ("CRS"), and CRS's subsidiaries Accountabilities, Inc., Corporate Resource Development Inc., Diamond Staffing Services, Inc., Insurance Overload Services, Inc., Integrated Consulting Services, Inc., The CRS Group, Inc. and TS Staffing Services, Inc. (the "CRS Subsidiaries," together with CRS, the "CRS Debtors") in the bankruptcy proceeding entitled, *In re: Corporate Resource Services, Inc., et al.*, Case Nos. 15-12329 through 15-12336 (MG) and, on the other hand, Robert O. Riiska ("Riiska") and Focus Management Group USA, Inc. ("Focus" and together with Riiska and the Trustee, the "Parties" or each a "Party").

**WHEREAS,** on July 23, 2015 (the "Petition Date"), the CRS Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware; and

---

[1] The Debtors in these chapter 11 cases are: (1) Corporate Resource Services, Inc., (2) Accountabilities, Inc., (3) Insurance Overload Services, Inc., (4) Integrated Consulting Services, Inc., (5) Corporate Resource Development Inc., (6) The CRS Group, Inc., (7) Diamond Staffing Services, Inc., and (8) TS Staffing Services, Inc.

**WHEREAS**, on August 21, 2015 the CRS Debtors' bankruptcy cases were transferred to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

**WHEREAS**, the Trustee was appointed the chapter 11 Trustee of the CRS Debtors' bankruptcy estates; and

**WHEREAS**, on February 5, 2018, the Bankruptcy Court entered a stipulation and order tolling applicable statutes of limitations with respect to the Trustee's claims against Riiska and Focus in the CRS Debtors' chapter 11 cases ("Original Stipulation"), Dkt. No. 745; and

**WHEREAS**, on April 24, 2018, the Bankruptcy Court entered an amended stipulation and order tolling applicable statutes of limitations with respect to the Trustee's claims against Riiska and Focus in the CRS Debtors' chapter 11 cases, Dkt. No. 793; and

**NOW THEREFORE**, the Parties stipulate and agree:

1. Paragraph 1 of the Original Stipulation shall be superseded and replaced with the following: "The running of any applicable limitations or other time-related periods for purposes of any statutes of limitations or repose, including, but not limited to, the time period set forth in sections 108(a) and 546(a) of the Bankruptcy Code with respect to the claims, is and shall be tolled from the date of the parties' execution of this Stipulation up to and including July 31, 2018 (the 'Tolled Period'). Accordingly, the Tolled Period shall be excluded from the calculation of any limitations or other time-related periods for purposes of any statute of limitations or repose and from consideration of other defenses based on time, such as laches, estoppels, waiver, and other defenses. Any claims (including, without limitation, the Claims) as to which the statute of limitations has expired or any damages which are barred or reduced by laches on or before the date of this Stipulation are not revived by this Agreement."

2

2.	Except as amended by this Second Amended Stipulation and Order, the remaining terms of the Original Stipulation remain in full force and effect.

[*Remainder of page intentionally left blank*]

IN WITNESS OF THE FOREGOING, the parties have executed, or caused to be executed, this Amended Stipulation and Order as of the date first written above.

JAMES S. FELTMAN
Not Individually But Solely in His Capacity as
Chapter 11 Trustee

By His Attorneys,
JENNER & BLOCK LLP
By:

/s/ Vincent E. Lazar
Vincent E. Lazar
353 N. Clark St.
Chicago, IL 60654

ROBERT O. RIISKA and
FOCUS MANAGEMENT USA, INC.

By Their Attorneys,
BURR & FORMAN LLP
By:

/s/ Richard A. Robinson
Richard A. Robinson
1201 N. Market Street
Wilmington, DE  19801

**IT IS SO ORDERED.**

Dated:  June 28, 2018
         New York, New York

**/s/Martin Glenn**
MARTIN GLENN
United States Bankruptcy Judge

4