UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                         :

In re                                          :           Chapter 11
                                                    :
CORPORATE RESOURCE SERVICES, INC, *et al.*,   :           Case No. 15-12329
                                                    :
                Debtors.                    :           (Jointly Administered)
                                                    :
------------------------------------------------------------- X

**SUMMARY COVER SHEET FINAL APPLICATION OF TENEO CAPITAL LLC, VALUATION SERVICE PROVIDER TO JAMES S. FELTMAN, SOLELY IN HIS CAPACITY AS CHAPTER 11 TRUSTEE OF CORPORATE RESOURCE SERVICES, INC., ET AL., FOR ALLOWANCE OF COMPENSATION RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM MARCH 1, 2016 THROUGH DECEMBER 31, 2020**

| Name of Applicant: | Teneo Capital LLC[1] |
|---|---|
| Authorized to Provide Professional Servicesto: | James S. Feltman, solely in his capacity as Chapter 11 Trustee of Corporate Resource Services, Inc., et al. |
| Date of Retention: | March 2, 2016 *(nunc pro tunc)* |
| Application Period for which Compensation and Reimbursement is Sought: | March 1, 2016 to December 31, 2020 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $1,549,227.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $12,790.37 |
| Application Period for which Compensation and Reimbursement is Sought: | March 1, 2016 to December 31, 2020 |
| Total Compensation and Expenses Sought as Actual,Reasonable and Necessary: | $1,562,017.87 |

This is a:        __ Monthly     __ Interim     x Final Application.

---

[1] Effective August 24, 2020, Goldin Associates, LLC ("Goldin") was acquired by Teneo Capital LLC [Docket No. 1107].

**Fee Period From March 1, 2016 Through December 31, 2020**

**Schedule 1**

**Timekeeper Summary**

| NAME OF PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Marc Kirschner | Sr. Managing Director | $950 | 0.5 | $475.00 |
| Gary Polkowitz | Sr. Managing Director | $825 | 147.3 | $121,522.50 |
| Manish Kumar | Managing Director | $750 | 778.9 | $584,175.00 |
| Rob Vanderbeek | Managing Director | $750 | 216.4 | $161,062.50 |
| Seymour Preston | Sr. Consultant | $750 | 65.2 | $48,900.00 |
| Michael Berkin | Director | $650 | 453.7 | $294,580.00 |
| Jack Harris | Vice President | $425 | 12.7 | $5,397.50 |
| Brian Bromberg | Vice President | $375 | 3.1 | $1,162.50 |
| Pavan Sriprasad | Associate | $375 | 35.2 | $13,200.00 |
| Gunjan Desai | Associate | $350 | 747.7 | $260,995.00 |
| Harrison Moon | Analyst | $325 | 16.6 | $5,395.00 |
| Deborah Praga | Analyst | $300 | 9.6 | $2,880.00 |
| Troy Sarpen | Associate | $275 | 213.9 | $58,822.50 |
| **TOTAL** | | | **2,700.8** | **$1,558,567.50** |
| Less: Voluntary Reductions Already Taken | | | | ($9,340.00) |
| **TOTAL AFTER VOLUNTARY REDUCTIONS** | | | | **$1,549,227.50** |

**Schedule 2**

**Task Code Summary**

| Code | Description | Hours | Amount |
|---|---|---|---|
| 01 | Expert Review and Report | 1,276.7 | $730,480.00 |
| 02 | Litigation Support and Strategy | 526.0 | $289,457.50 |
| 03 | Retention and Fee Applications | 97.1 | $65,362.50 |
| 05 | Rebuttal Report | 481.9 | $283,032.50 |
| 06 | Deposition | 290.6 | $177,387.50 |
| 08 | Trial Preparation | 24.5 | $12,147.50 |
| 09 | Non-Working Travel Time | 4.0 | $700.00 |
| | **TOTAL** | **2,700.8** | **$1,558,567.50** |
| | Less: Voluntary Reductions Already Taken | | ($9,340.00) |
| | **TOTAL AFTER VOLUNTARY REDUCTIONS** | | **$1,549,227.50** |

**Schedule 3**

**Expenses Summary**

| Expenses (by Category) | Amounts |
|---|---:|
| Travel | $2,204.07 |
| Telephone, Postage | $601.11 |
| Research | $4,788.97 |
| Photocopies | $1,656.73 |
| Office Supplies/Miscellaneous | $2,076.12 |
| Messenger/Courier | $50.18 |
| Meals | $1,196.55 |
| Lodging | $216.64 |
| **TOTAL** | **$12,790.37** |

**Schedule 4**

**Summary of Interim Applications**

| ApplicationTitle | Date Filed | Period Covered | Requested | | Paid | | Outstanding | |
|---|---|---|---|---|---|---|---|---|
| | | | Fees | Expenses | Fees | Expenses | Fees | Expenses |
| First Interim | 05/24/2016 Docket No. 367 | 3/1/2016 – 3/31/2016 | $12,885.00 | $0.00 | $11,596.50 | $0.00 | $1,288.50 | $0.00 |
| Second Interim | 08/23/2016 Docket No. 449 | 4/01/2016 – 6/30/2016 | $44,687.50 | $97.71 | $40,218.75 | $97.71 | $4,468.75 | $0.00 |
| Third Interim | 11/29/2016 Docket No. 531 | 7/1/2016 – 9/30/2016 | $129,257.50 | $1,047.07 | $116,331.75 | $1,047.07 | $12,925.75 | $0.00 |
| Fourthly Interim | 02/15/2017 Docket No. 592 | 10/1/2016 – 12/31/2016 | $240,535.00 | $931.66 | $216,481.50 | $931.66 | $24,053.50 | $0.00 |
| Fifth Interim | 06/29/2017 Docket No. 646 | 1/1/2017 – 3/31/2017 | $65,825.00 | $167.54 | $59,242.50 | $167.54 | $6,582.50 | $0.00 |
| Sixth Interim | 11/22/2017 Docket No. 718 | 4/1/2017 – 6/30/2017 | $12,840.00 | $4.53 | $11,556.00 | $4.53 | $1,284.00 | $0.00 |
| Seventh Interim | 04/20/2018 Docket No. 788 | 7/1/2017 – 9/30/2017 | $42,200.00 | $146.74 | $37,980.00 | $146.74 | $4,220.00 | $0.00 |
| Eighth Interim | 09/17/2018 Docket No. 844 | 10/1/2017 – 12/31/17 | $9,685.00 | $9.84 | $8,716.50 | $1,937.00 | $968.50 | $0.00 |
| Ninth Interim | 02/14/2019 Docket No. 889 | 1/1/2018 – 06/30/18 | $4,295.00 | $92.76 | $3,865.50 | $92.76 | $429.50 | $0.00 |
| Tenth Interim | 07/12/2019 Docket No. 949 | 7/1/2018 – 12/31/2018 | $119,670.00 | $513.49 | $107,703.00 | $513.49 | $11,967.00 | $0.00 |
| Eleventh Interim | 12/09/2019 Docket No. 1016 | 1/1/2019 – 6/30/2019 | $261,017.50 | $4,118.36 | $234,915.75 | $4,118.36 | $26,101.75 | $0.00 |
| Twelfth Interim | 05/21/2020 Docket No. 1069 | 7/1/2019 – 12/31/19 | $568,140.00 | $5,012.58 | $511,326.00 | $5,012.58 | $56,814.00 | $0.00 |
| Thirteenth Interim | 10/05/2020 Docket No. 1100 | 1/1/2020 – 6/30/2020 | $25,320.00 | $239.10 | $22,788.00 | $239.10 | $2,532.00 | $0.00 |
| Fourteenth Interim | 03/04/2021 Docket No. 1139 | 7/1/2020 – 12/31/2020 | $12,870.00 | $408.99 | $7,091.00 | $338.99 | $5,779.00 | $70.00 |
| **TOTAL** | | | **$1,549,227.50** | **$12,790.37** | **$1,389,812.75** | **$12,720.37** | **$159,414.75** | **$70.00** |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                           :     Chapter 11
                                                 :
CORPORATE RESOURCE SERVICES, INC., *et al.*,     :     Case No. 15-12329
                                                 :
                    Debtors.                     :     (Jointly Administered)
                                                 :
------------------------------------------------------------x

**FINAL APPLICATION OF TENEO CAPITAL LLC, VALUATION SERVICE PROVIDER TO JAMES S. FELTMAN, SOLELY IN HIS CAPACITY AS CHAPTER 11 TRUSTEE OF CORPORATE RESOURCE SERVICES, INC., ET AL., FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM MARCH 1, 2016 THROUGH DECEMBER 31, 2020**

Teneo Capital LLC ("**Teneo**" or "**Applicant**")[2], valuation service provider to James S. Feltman, the Chapter 11 Trustee (the "**Trustee**") of Corporate Resource Services, Inc., *et al.* (the "**Debtors**"), hereby submits and seeks entry of an order approving Applicant's Final Fee Application (the "**Application**") for allowance of compensation for professional services and reimbursement of expenses incurred pursuant to sections 327(a) and 330 of the Bankruptcy Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Court**") (the "**Local Rules**"), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the "**Local Guidelines**"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses (the "**UST Guidelines**" and, together with the Local Guidelines, the "**Guidelines**") and this Court's orders establishing interim compensation procedures [Docket. Nos. 231, 242] (the "Compensation Orders").

Applicant hereby requests for the period of March 1, 2016 through December 1, 2020 (the "**Application Period**"):

---

[2]   Effective August 24, 2020, Goldin Associates, LLC ("Goldin") was acquired by Teneo Capital LLC [Docket No. 1107].

(1) Allowance in the aggregate amount of $1,549,227.50[3] for professional services rendered by the Applicant during the period from March 1, 2016 through and including December 31, 2020;

(2) Reimbursement in the aggregate amount of $12,790.73 of actual and necessary expenses during the period; and

(3) Payment of all remaining outstanding fees and expenses of $159,484.75.

In support of this Application, Teneo respectfully states as follows:

### Jurisdiction and Venue

1. The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 1334 and 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rule 2014 and 2016 and Local Rules 2014-1 and 2016-1.

2. The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 1334 and 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rule 2014 and 2016 and Local Rules 2014-1 and 2016-1.

### Background

3. On July 23, 2015 (the "**Petition Date**"), the Debtors commenced voluntary cases under the Bankruptcy Code in Delaware.

4. No official committee of unsecured creditors has been appointed in these cases.

5. On July 27, 2015, the Trustee, in his capacity as Chapter 11 trustee of TSE, filed an Application to Transfer Venue of the Debtors' Cases to the Southern District [Docket No. 127] (the "**Transfer Application**").

---

[3] This amount is net of cumulative voluntary reductions of $9,340.00 taken in the Sixth, Seventh, Eighth and Fourteenth interim fee applications [Docket Nos. 718, 788, 844 and 1139].

6. On August 18, 2015, this Court issued a Memorandum Opinion and Order (the "**Transfer Order**") granting the Transfer Application.

7. On September 10, 2015, the Court entered an order directing the United States Trustee to appoint a Chapter 11 trustee in the Debtors' case [Docket No. 137].

8. On September 22, 2015, the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee*, appointing the Trustee [Docket. No. 143].

9. This Court approved that appointment of a Chapter 11 Trustee on September 25, 2015 [Docket. No. 148].

10. On October 1, 2015, the Trustee filed his Acceptance of Appointment pursuant to Bankruptcy Rule 2008 together with his Bond of Trustee [Docket. No. 149].

11. On March 2, 2016, the Trustee filed the *Chapter 11 Trustee Application for Entry of an Order Authorizing the Retention and Employment of Goldin Associates LLC as Valuation Service Provider* (the "**Retention Application**"). Included in the Retention Application, Marc S. Kirschner submitted a Declaration in Support of the Retention ("**Original Declaration**") [Docket No. 256].

12. On March 28, 2016, the Court entered *Order Authorizing the Retention and Employment of Goldin Associates LLC as Valuation Service Provider* where Goldin was retained as valuation service provider to James S. Feltman, the Chapter 11 Trustee (the "Trustee") of Corporate Resource Services, Inc., et al. (the "Debtors") in these Chapter 11 Cases [Docket No. 297].

13. On November 11, 2020, a supplemental declaration was filed by Marc S. Kirschner disclosing on August 24, 2020, Goldin was acquired by Teneo Capital LLC ("**Teneo Capital**") [Docket No. 1107].

**Billing Practices**

14. Teneo Capital requests final approval of its compensation for professional services rendered and reimbursement of actual, necessary expenses in accordance with its customary practices and in

compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Guidelines, U.S. Trustee Guidelines and the Compensation Orders.

15. Teneo Capital is charging for its services based on standard hourly rates established for each professional. Billing rates are representative of Teneo Capital's normal rates for services of this kind and are competitive with other financial advisory firms. Teneo Capital is applying a 50% discount rate to non-working travel time billed.

16. Teneo Capital's relevant billing rates for professionals who have worked or may work on this engagement are as follows:

| Professional Level/Title | Hourly Rates |
|---|---|
| Senior Managing Directors | $850-$950 |
| Managing Directors / Senior Consultant | $650-$850 |
| Directors | $550-$650 |
| Vice Presidents | $400-$550 |
| Analysts/Associates/Consultant | $250-$400 |

17. In addition, Teneo Capital bills for its actual, out-of-pocket expenses reasonably incurred in connection engagements including, but not limited to, travel, lodging, duplicating, research, messenger, and telephone charges. Teneo Capital charges for these expenses at rates consistent with other Teneo Capital clients, and subject to the U.S. Trustee Guidelines.

18. Teneo Capital maintains detailed records of fees and expenses incurred in connection with the rendering of its professional services, in accordance with applicable rules and guidelines. Time entries are recorded in six-minute increments.

## Summary of Professional Services Rendered

19. Pursuant to the U.S. Trustee Guidelines, Teneo Capital classified all services performed for which compensation is sought into separate categories that best reflect the services provided. However, because certain services may relate to one or more categories, services pertaining to one category may be included in another category. For the Application Period: (i) **Schedule 1**, attached hereto, lists each timekeeper, his or her respective billing rate, title, and the total amount of hours expended in these Chapter 11

cases; (ii) **Schedule 2**, attached hereto, summarizes the total hours expended by task category; and (iii) **Schedule 3**, attached hereto, summarizes by category the reasonable and necessary out-of-pocket expenses incurred in these Chapter 11 cases. **Schedule 4**, attached hereto, summarizes the total fees and expenses requested in fourteen interim applications (collectively the "**Interim Fee Applications**") by Teneo Capital for the Application Period.

20.    During the Application Period, Teneo Capital's hourly fees billed were $1,549,227.50 and expenses incurred were $12,790.37.

21.    During the Application Period, Teneo Capital professionals worked 2,700.6 hours for which compensation is requested. The blended rate for Teneo Capital during the Application Period was approximately $577[4] per hour.

22.    Pursuant to the Court's orders establishing interim compensation procedures. [Docket Nos. 231, 242] of the Compensation Orders, Teneo Capital served copies of its Monthly Fee Statements, supported by time and disbursement records and a summary of services rendered and expenses incurred, upon each of the Notice Parties (as defined in the Compensation Order) in the format specified by the Guidelines, allowing each of the Notice Parties an opportunity to review and object to the Monthly Fee Statements. Teneo Capital has, to date, submitted fee statements each month (collectively, the "**Monthly Fee Statements**"): i) for the period from April 1, 2016 - April 30, 2016 [Docket No. 399]; (ii) for the period from May 1, 2016 - May 31, 2016 [Docket No. 436]; (iii) for the period from June 1, 2016 - June 30, 2016 [Docket No. 444]; (iv) for the period from August 1, 2016 - August 31, 2016 [Docket No. 509]; (v) for the period from September 1, 2016 - September 30, 2016 [Docket No. 517]; (vi) for the period from October 1, 2016 - October 31, 2016 [Docket No. 569]; (vii) for the period from November 1, 2016 - November 31, 2016 [Docket No. 585]; (viii) for the period from December 1, 2016 - December 31, 2016 [Docket No. 586]; (ix) for the period from January 1, 2017 - January 31, 2017 [Docket No. 626]; (x) for the period from February 1, 2017 - February 28, 2017

---

[4] Before the voluntary reduction taken.

[Docket No. 631]; (xi) for the period from March 1, 2017 - March 31, 2017 [Docket No. 641]; (xii) for the period from April 1, 2016 - April 30, 2017[Docket No. 690]; (xiii) for the period from May 1, 2016 - May 31, 2017 [Docket No. 691]; (xiv) for the period from June 1, 2016 - June 30, 2017 [Docket No. 696]; (xv) for the period from July 1, 2016 - July 31, 2017 [Docket No. 777]; (xvii) for the period from August 1, 2016 - August 31, 2017 [Docket No. 778]; (xviii) for the period from September 1, 2016 - September 30, 2017 [Docket No. 779]; (xix) for the period from October 1, 2017 - December 31, 2017 [Docket No. 803 ]; (xx) for the period from January 1, 2018 - January 31, 2018 [Docket No. 804 ]; (xxi) for the period from March 1, 2018 - March 31, 2018 [Docket No. 805]; (xxii) for the period from October 1, 2018 - October 31, 2018 [Docket No. 867]; (xxiii) for the period from November 1, 2018 - November 31, 2018 [Docket No. 874]; (xxiv) for the period from December 1, 2018 - December 31, 2018 [Docket No. 888]; (xxv) for the period from January 1, 2019 - January 31, 2019 [Docket No. 913]; (xxvi) for the period from February 1, 2019 - February 28, 2019 [Docket No. 914]; (xxvii) for the period from March 1, 2019 - March 31, 2019 [Docket No. 920]; (xxviii) for the period from April 1, 2019 - April 30, 2019 [Docket No. 932]; (xxix) for the period from May 1, 2019 - May 31, 2019 [Docket No. 958]; (xxx) for the period from 1, 2019 - June 30, 2019 [Docket No. 964]; (xxxi) for the period from July 1, 2019 - July 31, 2019 [Docket No. 974]; (xxxii) for the period from August 1, 2019 - August 31, 2019 [Docket No. 995]; (xxxii) for the period from September 1, 2019 - September 30, 2019 [Docket No. 996]; (xxxiv) for the period from October 1, 2019 - October 31, 2019 [Docket No. 1008]; (xxxv) for the period from November 1, 2019 - November 31, 2019 [Docket No. 1019]; (xxxvi) for the period from December 1, 2019 - December 31, 2019 [Docket No. 1037]; (xxxvii) for the period from January 1, 2020 - January 31, 2020 [Docket No. 1041]; (xxxviii) for the period from February 1, 2020 - February 29, 2020 [Docket No. 1057]; (xxxix) for the period from March 1, 2020 - May 31, 2020 [Docket No. 1078]; (xl) for the period from June 1, 2020 - August 31, 2020 [Docket No. 1096]; and (xli) for the period from September 1, 2020 - November 30, 2020 [Docket No. 1115].

23.    Teneo Capital maintains computerized time records in the regular course of business, with entries made by each person providing services. Time records for the Application Period have been furnished to the Court and the United States Trustee (and redacted copies have been filed on the docket with the Monthly Fee Statements).

24.    In accordance with the Compensation Order, Teneo Capital sought payment of 80% of the fees and 100% of the expenses covered by each Monthly Fee Statement. To date, Teneo Capital has received $1,402,533.12, representing 80% of the fees earned and 100% of the expenses incurred for the period from March 2016 through December 2020 plus 50% of the 20% holdback of fees from March 1, 2016 through June 30, 2020 ordered on November 20, 2020 [Docket No. 1114].

25.    The following summaries are intended to highlight key services rendered by Teneo Capital during the Application Period in certain task categories where Teneo Capital has expended a considerable number of hours for the Trustee and are not meant to be a detailed description of all work performed.

**Expert Review and Report (1,276.7 hours)**

26.    During the Application Period, Teneo Capital professionals prepared expert and rebuttal/response reports[5] related to the Trustee's adversary proceedings to avoid pre-petition transfers by the Debtors to Noor Staffing, Culmin Staffing and SMG (the "Adversary Proceedings"). Teneo Capital professionals reviewed and advised the Trustee and his counsel on the expert and rebuttal reports of Craig Jacobson, James Gardner and Kimberly Russel and case documents related to those contested matters. Teneo Capital professionals prepared financial analyses and performed research related to industry and valuation standards. Teneo Capital professionals prepared the calculation of value reports and related exhibits and had internal discussions and meeting to discuss drafts and status of the reports. Teneo Capital professionals also

---

[5] Two issued by Seymour Preston Jr. in 2016 and four issued by Manish Kumar in 2019.

had calls and meetings with the Trustee's team regarding all professional in connection with the Adversary Proceedings.

### Litigation Support and Strategy (526.0 hours)

27.     During the Application Period, Teneo Capital professionals had internal discussions and calls and meeting with counsel and the Trustee's team to discuss case strategy, including but not limited to the preparation of document request lists. Teneo Capital professionals reviewed relevant case documents and opposing expert reports, including financial information on the Noor Staffing business, the Florida business to be acquired by Culmin Staffing, and the SMG New Jersey business to assist in developing case strategy.  Teneo Capital professionals also had discussions with counsel on revised case management orders and timing of deliverables.  Teneo Capital professionals also provided financial advisory support, including but limited to the review and analyses on financial information for the Trustee and his counsel.

### Retention and Fee Applications (97.1 hours)

28.     During the Application Period, Teneo Capital professionals prepared and reviewed Teneo Capital's retention papers, forty-one Monthly Fee Statements, and fourteen Interim Applications. Teneo Capital professionals prepared for and participated in interim fee hearings.

### Rebuttal Report (481.9 hours)

29.     During the Application Period, Teneo Capital prepared, edited, and reviewed the Manish Kumar rebuttal report rebutting Kimberly Russel's expert report dated October 23, 2019, related to the SMG New Jersey business.  Teneo Capital professionals also prepared, reviewed and discussed financial analyses supporting the Manish Kumar rebuttal report.  Teneo professionals also had internal discussions and calls and meeting with counsel and the Trustee's team to discuss the Manish Kumar rebuttal report.

30. The rebuttal report prepared by Manish Kumar on November 20, 2019 at the request of Trustee and its counsel was to address the Kimberly Russell report dated October 23, 2019 which was neither relevant, reliable, nor transparent because of two key facts: (i) the 2015 valuation omitted and failed to employ generally accepted methodologies to assess fair market value as Russell applied an inappropriate and/or unverifiable methodology; and (ii) disregarded facts and contemporaneous data as Russell cherry-picked data generated in the context of litigation to arrive at an artificially low value.

### Deposition (290.6 hours)

31. During the Application Period, Teneo Capital professionals had internal discussions and calls and meeting with counsel and the Trustee's team to discuss deposition strategy for the Manish Kumar, James Gardner and Kimberly Russel depositions. Teneo Capital prepared outlines and other materials for counsel for the James Gardner and Kimberly Russel depositions. A Teneo Capital professional attended the James Gardner and Kimberly Russel depositions. Manish Kumar prepared and sat for depositions related to the Florida business acquired by Culmin Staffing and the SMG New Jersey business. Manish Kumar also reviewed his deposition transcripts related to the Florida business acquired by Culmin Staffing and the SMG New Jersey business.

### Trial Preparation (24.5 hours)

32. During the Application Period, Manish Kumar prepared for the SMG New Jersey business trial. Other Teneo Capital professionals assisted counsel in its preparation for the SMG New Jersey business trial. Ultimately, the trial was unnecessary because of a settlement among the SMG parties.

### Non-Working Travel Time (4.0 hours)

33. During the Application Period, a Teneo Capital professional spent time traveling to and from the Gardner deposition. Hours in this category were billed at 50% of standard rates.

### Notice

34. Notice of this Application has been given in accordance with this Court's orders establishing interim compensation procedures [Docket Nos. 231, 242].

**Conclusion**

WHEREFORE, Teneo Capital respectfully request that the Court enter an order: (i) allowing on a final basis compensation in the amount of $1,549,227.50 for professional services performed during the Application Period; (ii) allowing on a final basis reimbursement of actual and necessary expenses in the amount of $12,790.37 for the Application Period, (iii) approving payment of all remaining outstanding fees of $159,414.75 and expenses of $70.00 ; and (iv) granting such other and further relief as is just and proper.

Dated: New York, New York
       March 2, 2022

Respectfully Submitted,

TENEO CAPITAL LLC

By:   */s/ Gary Polkowitz*
       Senior Managing Director
       Teneo Capital LLC
       280 Park Avenue, 4th Floor
       New York, NY 10017
       Telephone: (212) 886-1600
       gary.polkowitz@teneo.com

TENEO CAPITAL LLC
280 Park Avenue, 4th Floor
New York, New York 10017

*Valuation Service Provider to James S. Feltman, Solely in His Capacity as Chapter 11 Trustee of Corporate Resource Services, Inc., et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                                                                   :
In re:                                                             :   Chapter 11
                                                                   :
CORPORATE RESOURCE SERVICES, INC., *et al.*,                       :   Case No. 15-12329 (MG)
                                                                   :
        Debtors.                                                   :   (Jointly Administered)
------------------------------------------------------------------ x

## CERTIFICATION

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Gary Polkowitz, on behalf of Teneo Capital LLC ("Teneo")[1], as Valuation Service Provider to James S. Feltman, not individually but solely in his capacity as Chapter 11 Trustee (the "Trustee") of the debtors (the "Debtors") in the above-captioned Chapter 11 cases (the "Chapter 11 Cases"), hereby certifies, pursuant to this Court's Administrative Orders ("Administrative Orders") setting forth the amended guidelines for fees and disbursements for professionals practicing before this Court (the "Amended Guidelines") and the guidelines promulgated by the Office of the United States Trustee (the "UST Guidelines"), that:

      1.    I am the professional designated by Teneo with the responsibility in this Chapter 11 Case for compliance with the Amended Guidelines and the UST Guidelines.

---

[1] Effective August 24, 2020, Goldin Associates, LLC ("Goldin") was acquired by Teneo Capital LLC [Docket No. 1107].

1

2. I have read Teneo's final fee application (the "Application" [2] for compensation for services rendered, and reimbursement for expenses incurred in connection with such services, for the period March 1, 2016 through December 31, 2020.

3. To the best of my knowledge, information and belief formed after reasonable inquiry, the Application complies with the requirements set forth in the Administrative Orders, the Amended Guidelines and the UST Guidelines.

4. Pursuant to Section B2 of General Order M-447, I certify that Teneo has advised the Trustee on a regular basis of the fees and expenses incurred by Teneo and has provided the Trustee with a statement of Teneo's fees prior to the filing of this Application.

5. Pursuant to Section B3 of General Order M-447, I certify that the Trustee has been provided with a copy of the Application.

6. The fees and disbursements sought in the Application are billed at rates and in accordance with practices customarily employed by Teneo and generally accepted by Teneo clients.

7. Copies of the Application have been served upon the parties based on the established interim compensation procedures [Docket Nos. 231, 242].

8. To the best of my knowledge, information and belief, with respect to the disbursements for which reimbursement is sought: (i) Teneo does not make a profit on such disbursements; (ii) Teneo does not include in the amount for which reimbursement is sought the amortization of the cost of any investment or capital outlay; and (iii) Teneo requests reimbursements only for the amount billed to Teneo by the third-party vendor and paid by it to such vendor.

9. With respect to photocopying and facsimile transmission expenses, Teneo's charges do not exceed the maximum rate set by the Guidelines (there is no charge

---

[2] Capitalized terms that are not defined herein shall have the meanings ascribed to them in the Application.

2

for incoming and local facsimile transmissions). These charges are intended to cover Teneo's direct operating costs for photocopying and facsimile facilities, which costs are not incorporated into Teneo's hourly billing rates. Only clients who actually use photocopying, facsimile, and other such office services are charged for the same. The effect of including such expenses as part of the hourly billing rates would be to impose that cost upon clients who do not require those services to the same extent, if at all.

10. The time constraints frequently imposed by the circumstances of this case may have required Teneo's employees at times to devote substantial amounts of time during the evenings and on weekends to providing services on behalf of the Trustee. Consistent with firm policy, employees of Teneo who worked late into the evenings were reimbursed for their reasonable meal costs and their cost for transportation home. Teneo's regular practice is not to include components for those charges in overhead when establishing billing rates and to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of rendering services. The reimbursement of these requested disbursements is consistent with provisions set for in the Amended Guidelines.

11. Teneo has made every effort to minimize its disbursements in this case. The actual expenses incurred in providing professional services were necessary, reasonable and justified under the circumstances to serve the needs of the case.

12. Mass transit has been used whenever practicable.

3

13. I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| DATED:  New York, New York<br>March 2, 2022 | TENEO CAPITAL, LLC<br>By:<br><br>/s/Gary Polkowitz<br>Gary Polkowitz<br>Senior Managing Director<br>280 Park Avenue, 4th Floor<br>New York, New York 10017<br>Telephone: (212) 886-1600<br>gary.polkowitz@teneo.com |

4