HEMMING MORSE, LLP
1390 Willow Pass Road, Suite 410
Concord, CA 94520

*Special Accounting Expert to James S.
Feltman, Not Individually But Solely in His
Capacity as Chapter 11 Trustee of Corporate
Resource Services, Inc., et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------- x
                                                              :
In re:                                                        :  Chapter 11
                                                              :
CORPORATE RESOURCE SERVICES, INC., et al.,[1]                 :  Case No. 15-12329 (MG)
                                                              :
                                      Debtors.                :  (Jointly Administered)
------------------------------------------------------------- x
```

**SUMMARY SHEET PURSUANT TO
UNITED STATES TRUSTEE GUIDELINES (M-447)**

| | |
|---|---|
| Name of Applicant: | Hemming Morse, LLP |
| Authorized to provide professional services to: | James S. Feltman, not individually but solely in his capacity as Chapter 11 Trustee of Corporate Resource Services, Inc., *et al.* |
| Date of Retention: | April 13, 2018 *nunc pro tunc* to September 1, 2017 |
| Period for which compensation and reimbursement are sought: | September 1, 2017 through November 30, 2017 |

| | |
|---|---|
| Amount of Final Compensation Requested: | $44,022.00 |
| Amount of Fees Previously Paid: | $36,017.60 |
| Amount of Fees Held Back: | $9,004.40 |
| Amount of Final Expenses Requested: | $1,653.95 |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (1) Corporate Resource Services, Inc. (1965); (2) Accountabilities, Inc. (5619); (3) Corporate Resource Development Inc. (1966); (4) Diamond Staffing Services, Inc. (7952); (5) Insurance Overload Services, Inc. (9798); (6) Integrated Consulting Services, Inc. (2385); (7) The CRS Group, Inc. (1458); and (8) TS Staffing Services, Inc. (8647).

Amount of Expenses Paid:                                          $1,653.95

Total Final Compensation and Final Expenses                      $45,675.95
Reimbursement Requested:

This is an:      ___ monthly   ___ interim   _X_ final application.

HEMMING MORSE, LLP
1390 Willow Pass Road, Suite 410
Concord, CA  94520

*Special Accounting Expert to James S.*
*Feltman, Not Individually But Solely in His*
*Capacity as Chapter 11 Trustee of*
    *Corporate*
*Resource Services, Inc., et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- x
----------- :
                                                      :  Chapter 11
                                                      :
In re:                                                :
                                                      :  Case No. 15-12329 (MG)
CORPORATE RESOURCE SERVICES, INC., *et al.*,[1]       :
                                                      :  (Jointly Administered)
                                        Debtors.      x
---------------------------------------------------- 
-----------

## FINAL APPLICATION OF HEMMING MORSE, LLP AS SPECIAL ACCOUNTING EXPERT TO THE TRUSTEE FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM SEPTEMBER 1, 2017 THROUGH NOVEMBER 30, 2017

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Hemming Morse, LLP ("Hemming Morse"), as special accounting expert to

James S. Feltman, not individually but solely in his capacity as Chapter 11 Trustee (the

---

[1]    The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  (1) Corporate Resource Services, Inc. (1965); (2) Accountabilities, Inc. (5619); (3) Corporate Resource Development Inc. (1966); (4) Diamond Staffing Services, Inc. (7952); (5) Insurance Overload Services, Inc. (9798); (6) Integrated Consulting Services, Inc. (2385); (7) The CRS Group, Inc. (1458);  and (8) TS Staffing Services, Inc. (8647).

"Trustee") of Corporate Resource Services, Inc. ("CRS") and its affiliated debtors (the

"Debtors) in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"), hereby

submits this application (the "Application"), and seeks entry of an order approving

Hemming Morse's compensation for professional services rendered and reimbursement

for Hemming Morse's actual and necessary expenses on a final basis for the period

September 1, 2017 through November 30, 2017 (the "Fee Period"), and respectfully

represents:

## PRELIMINARY STATEMENT

During the Fee Period, Hemming Morse provided expert accounting

services to the Trustee that provided substantial assistance to Jenner & Block LLP

("Jenner") in resolving claims in favor of the Debtors' estates against Crowe Horwath LLP

("Crowe Horwath").  Hemming Morse assisted the Trustee in his investigation of the

accounting and audit services provided by Crowe Horwath, auditors of the CRS Debtors

for the fiscal year ending January 3, 2014.  Hemming Morse expended time, effort, and

resources conducting research and reviewing documents that assisted the Trustee and

Jenner to prepare for settlement negotiations with Crowe Horwath.  Hemming Morse

also helped the Trustee and Jenner better understand the relevant accounting and audit

standards and how they applied to the CRS Debtors, which substantiated the Trustee's

allegations against Crowe Horwath and helped shape the Trustee's negotiations with

Crowe Horwath.

Hemming Morse's efforts resulted in the Trustee's resolution of the estates' claims against Crowe Horwath without commencing an adversary proceeding. On March 29, 2018, the Court approved the settlement between the Trustee and Crowe Horwath which resulted in the recovery of $2.1 million for the Debtors' estates.

Hemming Morse's expert services played a critical role in the ability of the Trustee and his professionals to assess Crowe Horwath's responsibilities to the CRS Debtors. Hemming Morse respectfully submits that it provided significant technical assistance, and helped achieve a substantial settlement.

This Court has previously entered orders approving compensation and reimbursement of expenses to Hemming Morse on interim bases. Hemming Morse's services for the Trustee have concluded. Accordingly, Hemming Morse respectfully requests that the Court approve on a final basis the fees and expenses owed to Hemming Morse during the Fee Period requested in this Application, and authorize the Trustee to release and pay to Hemming Morse all amounts previously reserved as holdbacks pursuant to prior Court orders.

## JURISDICTION AND VENUE

1.    The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and

1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A)

and (O).

### FEES AND EXPENSES FOR WHICH ALLOWANCE IS SOUGHT

3.      This Application is made pursuant to sections 330 and 331 of

title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules

for the United States Bankruptcy Court for the Southern District of New York (the "Local

Rules"), Administrative Order M-447, Amended Guidelines for Fees and Disbursements

for Professionals in Southern District of New York Bankruptcy Cases (the "Local

Guidelines"), the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses (the "UST Guidelines" and, together

with the Local Guidelines, the "Guidelines"), and this Court's orders establishing interim

compensation procedures [Dkt. Nos. 231, 242] (the "Compensation Orders"), for

allowance of compensation for services rendered to the Trustee during the Fee Period,

on a final basis, in the amount of $44,022.00 and for reimbursement of expenses in the

amount of $1,653.95 incurred in connection with the rendition of such services.

4.      During the Fee Period, Hemming Morse provided expert accounting

services which assisted the Trustee and his special counsel in the negotiation and

eventual settlement of the estates' claims against Crowe Horwath without the need to file an adversary proceeding.

5.      Pursuant to the terms of the Compensation Orders, Hemming Morse served copies of its monthly invoices, supported by time and disbursement records and a summary of services rendered and expenses incurred, upon each of the Notice Parties (as defined in the Compensation Orders) in the format specified by the Guidelines (the "Monthly Fee Statements"), allowing each of the Notice Parties an opportunity to object to the Monthly Fee Statements.[2]

6.      During the 3 months covered by the Fee Period, Hemming Morse submitted 3 Monthly Fee Statements:  (i) for the period from September 1, 2017 – September 30, 2017 [Dkt. No. 784];  (ii) for the period from October 1, 2017 – October 31, 2017 [Dkt. No. 785];  (iii) for the period from November 1, 2017 – November 30, 2017 [Dkt. No. 786].

7.      In accordance with the Compensation Orders, Hemming Morse sought payment of 80% of the fees and 100% of the expenses covered by each Monthly Fee Statement.  To date, Hemming Morse has received payments in the aggregate amount of $42,173.55, representing 80% of the fees earned and 100% of the expenses incurred for the Fee Period.

---

[2]    Hemming Morse did not receive any objections to its Monthly Fee Statements.

8.      The special accounting expert services summarized by this Application and rendered by Hemming Morse to the Trustee during the Fee Period have benefited all of the Debtors' estates.

9.      Hemming Morse also requests payment of the 20% holdback pursuant to the Compensation Orders in the amount of $3,502.40.

10.     As set forth in the Certification of Stuart Harden attached hereto as **Exhibit "3,"** all of the services for which interim compensation is sought herein were rendered for and on behalf of the Trustee in connection with these Chapter 11 Cases.

<u>BACKGROUND</u>

11.     On July 23, 2015 (the "<u>Petition Date</u>"), the Debtors commenced voluntary cases under Chapter 11 of the Bankruptcy Code in the District of Delaware. Dkt. No. 1.

12.     No official committee of unsecured creditors has been appointed in these cases.

13.     On July 27, 2015, the Trustee, in his capacity as Chapter 11 trustee of TS Employment, Inc. ("<u>TSE</u>") in its Chapter 11 case, filed an *Application to Transfer Venue of the Debtors' Cases to the Southern District* [TSE Dkt. No. 127] (the "<u>Transfer Application</u>"), which was approved by an order of this Court on August 18, 2015.  TSE Dkt. No. 146.

14.    On September 10, 2015, the Court entered an order directing the United States Trustee to appoint a Chapter 11 trustee.  Dkt. No. 137.

15.    On September 22, 2015, the United States Trustee for the Southern District of New York (the "U.S. Trustee") filed a *Notice of Appointment of Chapter 11 Trustee*, appointing the Trustee [Dkt. No. 143], which was approved by the this Court on September 25, 2015.  Dkt. No. 148 (the "Appointment Date").

## RETENTION OF HEMMING MORSE

16.    Pursuant to an Order dated April 13, 2018 [Dkt. No. 774], Hemming Morse was authorized to serve as special accounting expert to the Trustee, *nunc pro tunc* to September 1, 2017.  Hemming Morse is a public accounting, forensic, and financial consulting firm, which has experience providing a range of services, including accounting, and forensic and financial consulting since 1958.  Hemming Morse has served as consultants to bankruptcy trustees on numerous occasions, in the capacity of experts in accounting principles and auditing standards.  The firm regularly provides consulting services regarding adherence to professional auditing standards to private parties, such as bankruptcy trustees as well as government agencies, such as the United States Securities and Exchange Commission.

17.    The services provided to the Trustee summarized in this Application were performed in such a manner as to ensure minimal duplication of services with the

Trustee's other retained professionals in an effort to keep the administration expenses to these estates to a minimum.

### SUMMARY OF EXPERT ACCOUNTING SERVICES RENDERED

18.    During the Fee Period, Hemming Morse assisted the Trustee in his investigation of accounting and audit related matters involving Crowe Horwath, auditors of the CRS Debtors for the fiscal year ending January 3, 2014.  Hemming Morse expended time, effort, and resources conducting research and reviewing documents that assisted the Trustee and Jenner to prepare for negotiations with Crowe Horwath concerning claims in favor of the Debtors' estates.

19.    Hemming Morse helped the Trustee and Jenner better understand the relevant accounting and audit standards and how they applied to the CRS Debtors which helped shape the Trustee's negotiations with Crowe Horwath.

20.    The Trustee alleged Crowe Horwath was negligent in the performance of its audit, and that Crowe Horwath should have qualified its audit opinion or declined to give an audit opinion altogether in light of what the Trustee asserts were defects in CRS's control environment arising from its PEO relationship with TSE.  Crowe Horwath vigorously disputed the Trustee's claims, arguing that its audit was properly performed and identifying a number of defenses—including the *in pari delicto* doctrine, causation, and damages defenses—that this Court indicated were

significant.  Hemmings Morse provided services that substantiated the Trustee's

allegations against Crowe Horwath.

21.    Hemming Morse's efforts resulted in the Trustee's resolution of the

estates' claims against Crowe Horwath without commencing an adversary proceeding.

On March 29, 2018, the Court approved the settlement between the Trustee and Crowe

Horwath which resulted in the recovery of $2.1 million for the Debtors' estates.

## COMPENSATION REQUESTED

22.    There are numerous factors to be considered by the Court in

determining allowances of compensation.  *See, e.g., In re First Colonial Corp. of America*,

544 F.2d 1291 (5th Cir. 1977), *cert. denied*, 431 U.S. 904 (1977);  *Johnson v. Georgia

Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974);  *In re Drexel Burnham Lambert Grp.

Inc.*, 133 B.R. 13 (Bankr. S.D.N.Y. 1991).  *See also In re Nine Assocs., Inc.*, 76 B.R. 943

(S.D.N.Y. 1987);  *In re Cuisine Magazine, Inc.*, 61 B.R. 210 (Bankr. S.D.N.Y. 1986).

23.    In awarding compensation pursuant to sections 330 of the

Bankruptcy Code to professional persons employed under sections 327 of the

Bankruptcy Code, the Court must take into account, among other factors, the cost of

comparable non-bankruptcy services.  Section 330 of the Bankruptcy Code provides, in

pertinent part, for payment of:

> (a)    reasonable compensation for actual, necessary
> services rendered by the trustee, examiner,
> professional person, or attorney and by any

paraprofessional persons employed by such
person;  and

(b)    reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

24.    The professional services rendered by Hemming Morse have

required an expenditure of substantial time and effort and have benefited the Debtors'

estates.

25.    Hemming Morse has advised the Trustee that had it been asked to

conduct such expert accounting services outside of the bankruptcy context, Hemming

Morse would have charged hourly rates at least equal to those requested herein.

Pursuant to the criteria normally examined in bankruptcy cases, and based upon the

factors to be considered in accordance with section 330 of the Bankruptcy Code and the

Compensation Order, the benefits provided by Hemming Morse support entry of an

order authorizing the compensation requested by Hemming Morse.

## DISBURSEMENTS

26.    As set forth in **Exhibit "2"** hereto, Hemming Morse incurred

$1,653.95 in expenses in providing professional services during the Fee Period.

27.    These disbursements are not included in Hemming Morse's

overhead for the purpose of setting billing rates.  Hemming Morse has made every

effort to minimize its disbursements in the Chapter 11 Cases.  The actual expenses

incurred in providing professional services were absolutely necessary, reasonable and

justified under the circumstances to serve the needs of the Trustee, the Debtors' estates and creditors.

28.      None of the expenses of the Hemming Morse professionals included herein were for first-class airfare, luxury accommodations, or deluxe meals.

<u>CONCLUSION</u>

29.      The expert accounting services summarized by this Application and rendered by Hemming Morse to the Trustee during the Fee Period were substantial, professional, and beneficial to the Debtors' estates.  They were reasonable and necessary to the preservation and maximization of the Debtors' estates.

30.      The amounts sought by Hemming Morse consist only of services rendered on behalf of the Trustee and the Debtors' estates in the amount of $44,022.00 in fees and $1,653.95 in expenses.

31.      In light of the contributions made and time devoted, and other factors pertinent to the allowance of compensation, the Trustee submits that the compensation sought by Hemming Morse is fair and reasonable.

32.      All services for which compensation is sought by Hemming Morse were performed for the Trustee and on behalf of the Debtors' estates, and not on behalf of any other creditor or party in interest.

*[Concludes on following page]*

**WHEREFORE**, Hemming Morse respectfully requests that this Court enter

an order:  (a) awarding Hemming Morse compensation and reimbursement of expenses

for the Fee Period in the amounts of $44,022.00 and $1,653.95 on a final basis,

respectively;  (b) authorizing the Trustee to pay such amounts to Hemming Morse,

including the release of all holdbacks in favor of Hemming Morse;  and (c) granting such

other and further relief as this Court deems just and proper.

DATED:    Concord, California
          March 2, 2022

HEMMING MORSE, LLP
*Special Accounting Expert to
James S. Feltman, not individually but
solely in his capacity as
Chapter 11 Trustee*
By:

/s/
STUART HARDEN
1390 Willow Pass Road, Suite 410
Concord, CA  94520
(415) 836-4044