Hearing Date: November 15, 2022 at 2:00 p.m. (prevailing Eastern Time)
Objection Deadline: October 18, 2022 at 4:00 p.m. (prevailing Eastern Time)

GAFFNEY, GALLAGHER & PHILIP, LLC
P.O. Box 19467
Plantation, Florida 33318-9998

*Forensic Consultant to James S. Feltman,
Not Individually but Solely in His Capacity
as Chapter 11 Trustee of Corporate Resource
Services, Inc., et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
In re: : Chapter 11
:
CORPORATE RESOURCE SERVICES, INC., *et al.*,[1] : Case No. 15-12329 (MG)
:
Debtors. : (Jointly Administered)
------------------------------------------------------------- x

**FINAL APPLICATION OF GAFFNEY, GALLAGHER & PHILIP, LLC
AS FORENSIC CONSULTANT TO THE TRUSTEE FOR INTERIM ALLOWANCE
OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND
FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
INCURRED FROM FEBRUARY 9, 2016 THROUGH MARCH 31, 2018**

**SUMMARY SHEET PURSUANT TO
UNITED STATES TRUSTEE GUIDELINES (M-447)**

| | |
|---|---|
| Name of Applicant: | Gaffney, Gallagher & Philip, LLC |
| Authorized to provide professional services to: | James S. Feltman, not individually but solely in his capacity as chapter 11 trustee of Corporate Resource Services, Inc., *et al.* |
| Date of Retention: | February 9, 2016 |
| Period for which compensation and reimbursement are sought: | February 9, 2016 through March 31, 2019 |
| Final Fees Requested (All Fee Periods): | $894,792.00 |
| Final Expenses Requested (All Fee Periods): | $16,134.14 |
| Total Amount Requested (All Fee Periods): | $910,926.14 |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (1) Corporate Resource Services, Inc. (1965); (2) Accountabilities, Inc. (5619); (3) Corporate Resource Development Inc. (1966); (4) Diamond Staffing Services, Inc. (7952); (5) Insurance Overload Services, Inc. (9798); (6) Integrated Consulting Services, Inc. (2385); (7) The CRS Group, Inc. (1458); and (8) TS Staffing Services, Inc. (8647).

| Amount of Prior Holdback(s) Sought (All Fee Periods): | $89,681.50 |
|---|---|

This is an:    ___ monthly    ___ interim    _X_ final application.

## PRIOR APPLICATIONS [FILED]:

| NO. | FEE PERIOD | DATE FILED AND DOCKET NO. | FEES AWARDED | EXPENSES AWARDED | DATE OF ORDER AND DOCKET NO. |
|---|---|---|---|---|---|
| 1 | February 9, 2016 through March 31, 2016 | 5/24/2016 Dkt. No. 365 | $83,587.50 | $2,568.74 | 7/25/2016 Dkt. No. 424 |
| 2 | April 1, 2016 through June 30, 2016 | 08/23/2016 Dkt. No. 446 | $41,692.50 | $1,416.57 | 09/21/2016 Dkt. No. 477 |
| 3 | July 1, 2016 through September 30, 2016 | 11/29/2016 Dkt. No. 530 | $61,557.50 | $1,976.91 | 12/16/2016 Dkt. No. 548 |
| 4 | October 1, 2016 through December 31, 2016 | 2/15/2017 Dkt. No. 591 | $100,944.50 | $1,802.99 | 04/26/2017 Dkt. No. 615 |
| 5 | January 1, 2017 through March 31, 2017 | 6/29/2017 Dkt. No. 645 | $105,970.00 | $1,746.77 | 08/25/2017 Dkt. No. 676 |
| 6 | April 1, 2017 through June 30, 2017 | 11/22/2017 Dkt. No. 719 | $116,370.00 | $186.70 | 12/20/2017 Dkt. No.734 |
| 7 | July 1, 2017 through September 30, 2017 | 4/20/2018 Dkt. No. 789 | $130,190.00 | $2,357.33 | 07/09/2018 Dkt. No. 807 |
| 8 | October 1, 2017 through December 31, 2017 | 10/1/2018 Dkt. No. 854 | $190,985.00 | $4,012.13 | 11/01/2018 Dkt. No. 863 |
| 9 | July 1, 2018 through March 31, 2019 | 7/15/2019 Doc. No. 951 | $63,495.00 | $66.00 | 10/02/2019 Dkt. No. 987 |
| | | Totals: | $894,792.00 | $16,134.14 | |

**Hearing Date: November 15, 2022 at 2:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: October 18, 2022 at 4:00 p.m. (prevailing Eastern Time)**

GAFFNEY, GALLAGHER & PHILIP, LLC
P.O. Box 19467
Plantation, Florida 33318-9998

*Forensic Consultant to James S. Feltman,*
*Not Individually but Solely in His Capacity*
*as Chapter 11 Trustee of Corporate Resource*
*Services, Inc., et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                                                                   :
In re:                                                             :   Chapter 11
                                                                   :
CORPORATE RESOURCE SERVICES, INC., *et al.*,[1]                    :   Case No. 15-12329 (MG)
                                                                   :
                        Debtors.                                   :   (Jointly Administered)
------------------------------------------------------------------ x

# FINAL APPLICATION OF GAFFNEY, GALLAGHER & PHILIP, LLC AS FORENSIC CONSULTANT TO THE TRUSTEE FOR INTERIM ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM FEBRUARY 9, 2016 THROUGH MARCH 31, 2018

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

    Gaffney, Gallagher & Philip, LLC ("GGP"), as forensic consultant to James S. Feltman, not individually but solely in his capacity as Chapter 11 Trustee (the "Trustee") of Corporate Resource Services, Inc. and its affiliated debtors (the "Debtors) in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"), hereby submits this application (the "Application"), and seeks entry of an order approving GGP's compensation for professional services rendered and reimbursement for GGP's actual

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (1) Corporate Resource Services, Inc. (1965); (2) Accountabilities, Inc. (5619); (3) Corporate Resource Development Inc. (1966); (4) Diamond Staffing Services, Inc. (7952); (5) Insurance Overload Services, Inc. (9798); (6) Integrated Consulting Services, Inc. (2385); (7) The CRS Group, Inc. (1458); and (8) TS Staffing Services, Inc. (8647).

and necessary expenses, on a final basis for the period February 9, 2016 through March 31, 2018 (the "Fee Period") and respectfully represents:

## PRELIMINARY STATEMENT

The Trustee retained GGP to provide expert forensic consulting services as needed by the Trustee in connection with identifying and recovering fraudulently transferred Debtor assets for the benefit of the Debtors' estates. During the Fee Period, GGP worked closely with the Trustee to assist in his investigation of facts and circumstances relating to the Trustee's several adversary proceedings against parties from whom the Trustee sought recoveries.

GGP expended considerable effort identifying potential adversary proceeding targets having: (i) conducted background investigations and researched potential defendants; (ii) assisted with the collection of forensic evidence; and (iii) investigated the Debtors' prepetition management, former workers' compensation insurer, as well as financial institutions and individuals that did business with the Debtors. In addition, GGP also assisted the Trustee in conducting financial analysis relating to tracing certain funds.

Based on these investigations, GGP uncovered financial transactions that facilitated further investigations by the Trustee and his professionals and recoveries in adversary proceedings. The services provided by GGP assisted the Trustee's investigation and administration of the Debtors' estates.

This Court has previously entered orders approving compensation and reimbursement of expenses to GGP on interim bases. GGP's services for the Trustee have concluded. Accordingly, GGP respectfully requests that the Court approve on a final basis the fees and expenses owed to GGP during the Fee Period requested in this

Application, and authorize the Trustee to release and pay to GGP all amounts previously reserved as holdbacks pursuant to prior Court orders.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

## FEES AND EXPENSES FOR WHICH ALLOWANCE IS SOUGHT

3. This Application is made pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), Administrative Order M-447, Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses (the "UST Guidelines" and, together with the Local Guidelines, the "Guidelines"), and this Court's orders establishing interim compensation procedures [Dkt. Nos. 231, 242] (the "Compensation Orders"), for allowance of compensation for services rendered to the Trustee during the Fee Period, on a final basis, in the amount of $894,792 and for reimbursement of expenses in the amount of $16,134.14 incurred in connection with the rendition of such services.

3

4. During the Fee Period, GGP conducted investigations into numerous individuals and entities potentially connected with the fraudulent transfers prior to the commencement of these Chapter 11 Cases and consulted with the Trustee regarding the same.

5. Pursuant to the terms of the Compensation Orders, GGP served copies of its monthly invoices, supported by time and disbursement records and a summary of services rendered and expenses incurred, upon each of the Notice Parties (as defined in the Compensation Order) in the format specified by the Guidelines (the "Monthly Fee Statements"), allowing each Notice Parties an opportunity to review and object to the Monthly Fee Statements.[2]

6. During the 26 months covered by the Fee Period, GGP submitted 26 Monthly Fee Statements: (i) for the period from February 9, 2016 – February 29, 2016 [Dkt. No. 344]; (ii) for the period from March 1, 2016 – March 31, 2016 [Dkt. No. 356]; (iii) for the period from April 1, 2016 - April 30, 2016 [Dkt. No. 435]; (iv) for the period from May 1, 2016 - May 31, 2016 [Dkt. No. 441]; (v) for the period from June 1, 2016 - June 30, 2016 [Dkt. No. 442]; (vi) for the period from July 1, 2016 – July 31, 2016 [Dkt. No. 500]; (vii) for the period from August 1, 2016 - August 31, 2016 [Dkt. No. 510]; (viii) for the period from September 1, 2016 - September 30, 2016 [Dkt. No. 518]; (ix) for the period from October 1, 2016 - October 31, 2016 [Dkt. No. 567]; (x) for the period from November 1, 2016 - November 31, 2016 [Dkt. No. 583]; (xi) for the period from December 1, 2016 - December 31, 2016 [Dkt. No. 584]; (xii) for the period from January 1, 2017 - January 31, 2017 [Dkt. No. 625]; (xiii) for the period from February 1, 2017 - February 28, 2017 [Dkt. No. 630]; (xiv) for the period from March 1, 2017 - March 31,

---

[2] GGP did not receive any objections to its Monthly Fee Statements.

4

2017 [Dkt. No. 640]; (xv) for the period from April 1, 2017 - April 30, 2017 [Dkt. No. 711]; (xvi) for the period from May 1, 2017 - May 31, 2017 [Dkt. No. 712]; (xvii) for the period from June 1, 2017 - June 30, 2017 [Dkt. No. 713]; (xviii) for the period from July 1, 2017 - July 31, 2017 [Dkt. No. 780]; (xiv) for the period from August 1, 2017 - August 31, 2017 [Dkt. No. 781]; (xx) for the period from September 1, 2017 - September 30, 2017 [Dkt. No. 783]; (xxi) for the period from October 1, 2017 - October 31, 2017 [Dkt. No. 851]; (xxii) for the period from November 1, 2017 – November 30, 2017 [Dkt. No. 852]; (xxiii) for the period from December 1, 2017 – December 31, 2017 [Dkt. No. 853]; (xxiv) for the period from January 1, 2018 - January 31, 2018 [Dkt. No. 929]; (xxv) for the period from February 1, 2018 – February 28, 2018 [Dkt. No. 930]; (xxvi) for the period from March 1, 2018 - March 31, 2018 [Dkt. No. 931].

       7.     In accordance with the Compensation Order, GGP sought payment of 80% of the fees and 100% of the expenses covered by each Monthly Fee Statement. To date, GGP has received payments in the aggregate amount of $821,244.63, representing 80% of the fees earned and 100% of the expenses incurred for the Fee Period.

       8.     The forensic consulting services summarized in this Application and rendered by GGP to the Trustee during the Fee Period have benefited the Debtors' estates.

       9.     GGP also requests payment of the 20% holdback pursuant to the Compensation Orders in the amount of $89,681.51.

       10.     As set forth in the Certification of Ross Gaffney attached hereto as **Exhibit "1,"** all of the services for which interim compensation is sought herein were rendered for and on behalf of the Trustee in connection with these Chapter 11 Cases.

**BACKGROUND**

11. On July 23, 2015 (the "Petition Date"), the Debtors commenced voluntary cases under Chapter 11 of the Bankruptcy Code in the District of Delaware. [Dkt. No. 1.]

12. No official committee of unsecured creditors has been appointed in these cases.

13. On July 27, 2015, the Trustee, in his capacity as Chapter 11 trustee of TS Employment, Inc. ("TSE") in its Chapter 11 case, filed an *Application to Transfer Venue of the Debtors' Cases to the Southern District* [TSE Dkt. No. 127] (the "Transfer Application"), which was approved by an order of this Court on August 18, 2015. [TSE Dkt. No. 146].

14. On September 10, 2015, the Court entered an order directing the United States Trustee to appoint a Chapter 11 trustee. [Dkt. No. 137].

15. On September 22, 2015, the United States Trustee for the Southern District of New York (the "U.S. Trustee") filed a *Notice of Appointment of Chapter 11 Trustee*, appointing the Trustee [Dkt. No. 143], which was approved by the this Court on September 25, 2015. [Dkt. No. 148] (the "Appointment Date").

**RETENTION OF GGP**

16. Pursuant to an Order dated April 6, 2016 [Dkt. No. 302], GGP was authorized to serve as forensic consultant to the Trustee, *nunc pro tunc* to February 9, 2016 (the "GGP Retention Order").

17. In considering this Application, it should be noted GGP is a forensic consultant and investigatory services firm that offers a broad spectrum of investigative services. GGP's team of experts, which include former Federal Bureau of Investigation Special Agents focused on white-collar crimes, have assisted clients with

6

litigation support, investigations, asset tracing and other expert services.  GGP's clients include major international law firms, the pharmaceutical industry, forensic accounting firms, casinos, financial services companies, and international governments.  GGP provides customized investigative consulting services to assist clients in recovering assets and identifying potential fraudulent activity in connection with the disposition of assets.

18.     GGP has experience serving as a forensic consulting expert in bankruptcy cases on behalf of trustees, examiners, and chapter 11 debtors, including complex cases involving large frauds, such as, *In re United Information Systems, Inc.*, Case No. 98-16621 (AJC) (Bankr. S.D. Fl.); and *In re Syntax-Brillian Corporation*, Case No. 08-11407 (BLS) (Bankr. D. Del.).

19.     The services provided to the Trustee summarized in this Application were performed in such a manner as to ensure minimal duplication of services with the Trustee's other retained professionals in an effort to keep the administration expenses to the Debtors' estates to a minimum.

### SUMMARY OF FORENSIC CONSULTING SERVICES RENDERED

20.     During the Fee Period, GGP assisted the Trustee in his investigation of facts and circumstances relating to the Trustee's adversary proceedings against parties from whom the Trustee sought and obtained recoveries on account of fraudulent transfers of Debtor assets.  GGP expended time, effort and resources identifying potential adversary proceeding targets having:  (i) conducted background investigations and researched potential defendants;  (ii) assisted with the collection of forensic evidence;  and (iii) investigated the Debtors' prepetition management, former workers' compensation insurer, as well as financial institutions and individuals that did

7

business with the Debtors.   In addition, GGP also assisted the Trustee in conducting financial analysis relating to tracing certain funds and transfers made by the Debtors.

21.    Based on the foregoing services, GGP uncovered financial transactions that facilitated further investigations by the Trustee and his professionals and ultimately substantial recoveries in adversary proceedings.  The services provided by GGP assisted the Trustee's investigation and administration of the Debtors' estates.

## COMPENSATION REQUESTED

22.    There are numerous factors to be considered by the Court in determining allowances of compensation.  *See, e.g., In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), *cert. denied*, 431 U.S. 904 (1977); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974); *In re Drexel Burnham Lambert Grp. Inc.*, 133 B.R. 13 (Bankr. S.D.N.Y. 1991); *see also In re Nine Assocs., Inc.*, 76 B.R. 943 (S.D.N.Y. 1987); *In re Cuisine Magazine, Inc.*, 61 B.R. 210 (Bankr. S.D.N.Y. 1986).

23.    In awarding compensation pursuant to sections 330 of the Bankruptcy Code to professional persons employed under sections 327 of the Bankruptcy Code, the Court must take into account, among other factors, the cost of comparable non-bankruptcy services.  Section 330 of the Bankruptcy Code provides, in pertinent part, for payment of:

> (a)    reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional persons employed by such person;  and
>
> (b)    reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

24.    The professional services rendered by GGP have required an expenditure of substantial time and effort and have benefited the Debtors' estates.

8

25. GGP has advised the Trustee that had it been asked to conduct such forensic consulting services outside of the bankruptcy context, GGP would have charged hourly rates at least equal to those requested herein. Pursuant to the criteria normally examined in bankruptcy cases, and based upon the factors to be considered in accordance with section 330 of the Bankruptcy Code and the GGP Retention Order, the benefits provided by GGP support entry of an order authorizing the compensation requested by GGP on a final basis.

## DISBURSEMENTS

26. As set forth herein, GGP incurred $16,134.14 in expenses in providing professional services during the Fee Period.

27. These disbursements are not included in GGP's overhead for the purpose of setting billing rates. GGP has made every effort to minimize its disbursements in the Chapter 11 Cases. The actual expenses incurred in providing professional services were absolutely necessary, reasonable and justified under the circumstances to serve the needs of the Trustee and the Debtors' estates.

28. None of the expenses of the GGP professionals included herein were for first-class airfare, luxury accommodations, or deluxe meals. *See* annexed certification of Ross Gaffney of GGP.

## CONCLUSION

29. The forensic consulting services summarized by this Application and rendered by GGP to the Trustee during the Fee Period were substantial, professional, and beneficial to the Debtors' estates. They were reasonable and necessary to the preservation and maximization of the Debtors' estates.

30. The amounts sought by GGP consist only of services rendered on behalf of the Trustee and the Debtors' estates in the amount of $894,792 in fees and $16,134.14 in expenses.

31. In light of the contributions made and time devoted, and other factors pertinent to the allowance of compensation, the Trustee submits that the compensation sought by GGP is fair and reasonable.

32. All services for which compensation is sought by GGP were performed for the Trustee and on behalf of the Debtors' estates, and not on behalf of any other creditor or party in interest.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order: (a) approving, on a final basis, GGP's compensation and reimbursement of expenses for the Fee Period in the amounts of $894,792 and $16,134.14, respectively; (b) authorizing the Trustee to pay such amounts to the extent previously held back and/or not paid; and (c) granting such other and further relief as this Court deems just and proper.

DATED:  September 21, 2022
        Plantation, Florida

GAFFNEY, GALLAGHER & PHILIP, LLC
*Forensic Consultant to James S. Feltman, not individually but solely in his capacity as Chapter 11 Trustee*
By:

*/s/ Ross Gaffney*
ROSS GAFFNEY
P.O. Box 19467
Plantation, Florida 33318-9998
(954) 321-9011

**EXHIBIT "1"**

GAFFNEY, GALLAGHER & PHILIP, LLC  **EXHIBIT "1"**
P.O. Box 19467
Plantation, Florida 33318-9998

*Forensic Consultant to James S. Feltman,*
*Not Individually but Solely in His Capacity*
*as Chapter 11 Trustee of Corporate Resource Services,*
*Inc., et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                                                                   :
In re:                                                             : Chapter 11
                                                                   :
CORPORATE RESOURCE SERVICES, INC., *et al.*,[1]                    : Case No. 15-12329 (MG)
                                                                   :
                                     Debtors.                      : (Jointly Administered)
------------------------------------------------------------------ x

## CERTIFICATION

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Ross Gaffney, on behalf of Gaffney, Gallagher & Philip, LLC ("GGP"), as forensic consultant to James S. Feltman, not individually but solely in his capacity as Chapter 11 Trustee (the "Trustee") of the above-referenced debtors (the "Debtors") in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"), hereby certifies, pursuant to this Court's Administrative Orders ("Administrative Orders") setting forth the amended guidelines for fees and disbursements for professionals practicing before this Court (the "Amended Guidelines") and the guidelines promulgated by the Office of the United States Trustee (the "UST Guidelines"), that:

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (1) Corporate Resource Services, Inc. (1965); (2) Accountabilities, Inc. (5619); (3) Corporate Resource Development Inc. (1966); (4) Diamond Staffing Services, Inc. (7952); (5) Insurance Overload Services, Inc. (9798); (6) Integrated Consulting Services, Inc. (2385); (7) The CRS Group, Inc. (1458); and (8) TS Staffing Services, Inc. (8647).

1. I am the professional designated by GGP with the responsibility in this Chapter 11 Case for compliance with the Amended Guidelines and the UST Guidelines.

2. I have read GGP's final application (the "Application") for compensation for services rendered, and reimbursement for expenses incurred in connection with such services, for the period February 9, 2016 through March 31, 2018 (the "Fee Period").

3. To the best of my knowledge, information and belief formed after reasonable inquiry, the Application complies with the mandatory guidelines set forth in the Administrative Orders and the UST Guidelines.

4. To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the guidelines set forth in the Administrative Orders and the UST Guidelines.

5. Pursuant to Section B2 of General Order M-447, I certify that GGP has advised the Trustee on a regular basis of the fees and expenses incurred by GGP, and has provided the Trustee with a statement of GGP's fees prior to the filing of this Application.

6. Pursuant to Section B3 of General Order M-447, I certify that the Trustee has been provided with a copy of the Application.

7. The fees and disbursements sought in the Application are billed at rates and in accordance with practices customarily employed by GGP and generally accepted by GGP's clients.

8. Copies of the Application have been served upon the parties designated in the Order of the Court establishing procedures for case management [Docket No. 243].

9. To the best of my knowledge, information and belief, with respect to the services and disbursements for which reimbursement is sought: (i) GGP does not make a profit on such services or disbursements; (ii) GGP does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay; and (iii) GGP requests reimbursements only for the amount billed to GGP by the third-party vendor and paid by it to such vendor.

10. With respect to photocopying and facsimile transmission expenses, GGP's charges do not exceed the maximum rate set by the Fee Guidelines (there is no charge for incoming and local facsimile transmissions). These charges are intended to cover GGP's direct operating costs for photocopying and facsimile facilities, which costs are not incorporated into GGP's hourly billing rates. Only clients who actually use photocopying, facsimile, and other such office services are separately charged for the same. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying, facsimile, and document production facilities and services.

11. The time constraints frequently imposed by the circumstances of the Chapter 11 Cases may have required GGP's consultants and other employees at times to devote substantial amounts of time during the evenings and on weekends to the performance of consulting services on behalf of the Trustee. Consistent with firm policy, consultants and other employees of GGP who worked late into the evenings were reimbursed for their reasonable meal costs and their cost for transportation home. GGP's regular practice is not to include components for those charges in overhead when establishing billing rates and to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of services.

The reimbursement of these requested disbursements is consistent with the provisions set forth in the Amended Guidelines.

12. GGP has made every effort to minimize its disbursements in this case. The actual expenses incurred in providing professional services were necessary, reasonable and justified under the circumstances to serve the needs of the Chapter 11 Cases.

13. Mass transit has been used whenever practicable.

14. I declare under penalty of perjury that the foregoing is true and correct.

DATED: September 21, 2022
Plantation, Florida

GAFFNEY, GALLAGHER & PHILIP, LLC
Forensic Consultant to James S. Feltman, not individually but solely in his capacity as Chapter 11 Trustee
By:

*/s/ Ross Gaffney*
ROSS GAFFNEY
P.O. Box 19467
Plantation, Florida 33318-9998
(954) 321-9011