Hearing Date:  November 15, 2022 at 2:00 p.m. (prevailing Eastern Time)
Objection Deadline:  October 18, 2022 at 4:00 p.m. (prevailing Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------ x
                                                                   :
In re:                                                             :   Chapter 11
                                                                   :
CORPORATE RESOURCE SERVICES, INC., et al.,[1]  :   Case No. 15-12329 (MG)
                                                                   :
                                        Debtors.                   :   (Jointly Administered)
------------------------------------------------------------------ x
```

### TRUSTEE'S EIGHTH AND FINAL REPORT AND SEVENTH AND FINAL APPLICATION FOR (A) ALLOWANCE OF STATUTORY COMMISSIONS AND (B) AUTHORITY TO MAKE FINAL DISTRIBUTIONS AND FOR CASE DISMISSAL

TO THE HONORABLE MARTIN GLENN,
CHIEF BANKRUPTCY JUDGE:

James S. Feltman, not individually but solely in his capacity as the

Chapter 11 trustee (the "Trustee") of the estates (collectively, the "Estate") of Corporate

Resource Services, Inc. ("CRS") and its affiliated debtors (collectively, the "Debtors") in the

above-captioned Chapter 11 cases (the "Chapter 11 Cases"), respectfully submits to the

United States Bankruptcy Court for the Southern District of New York (the "Court") his

Eighth and Final Report of Administration and Seventh and Final Application for

(A) Allowance of Statutory Commissions and (B) Authority to Make Final Distributions

and for Case Dismissal (the "Application"), and respectfully states:

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  (1) Corporate Resource Services, Inc. (1965); (2) Accountabilities, Inc. (5619); (3) Corporate Resource Development Inc. (1966); (4) Diamond Staffing Services, Inc. (7952); (5) Insurance Overload Services, Inc. (9798); (6) Integrated Consulting Services, Inc. (2385); (7) The CRS Group, Inc. (1458);  and (8) TS Staffing Services, Inc. (8647).

## PRELIMINARY STATEMENT

As set forth in the *Declaration of J. Scott Victor In Support of Chapter 11 Petitions And Related Motions* (the "First Day Declaration") [Delaware Case Dkt. No. 9],[2] the commencement of the Chapter 11 Cases followed the Debtors' "discovery" of a massive fraud: TSE (defined below), which served as the Debtors' professional employer organization,[3] failed to pay fiduciary taxes totaling at least $80 million to taxing authorities:

> The Debtors' transition into wind down mode began when it was discovered, in late January 2015, that the professional employer organization (or PEO) that the Debtors used, TS Employment, Inc. ("TSE") had failed to remit a very substantial amount to taxing authorities, mostly related to employee withholding taxes, in an amount then believed to be in the range of $80 million. At that time, the Debtors were in engaged in a process to refinance their existing lender, Wells Fargo Bank, N.A. ("Wells Fargo") with a new lender, and the Debtors were likely within several weeks of closing that refinancing. Due to the foregoing discovery, however, the new lender was unwilling to refinance the Wells Fargo debt, and Wells Fargo refused to continue funding the Debtors' ordinary course operations.

The Debtors reportedly had sales approaching $1 billion during the year before the Petition Date (as defined below).[4] However, the "discovery" of the missing tax payments[5] sent the Debtors into a fire-sale wind down that immediately and negatively impacted numerous Debtor employees, approximately 30,000 temporary employees that had been "deployed" by the Debtors, and numerous clients throughout the United States. Indeed, following that discovery, the Debtors' access to third-party

---

[2]   As explained below, the Debtors' cases were originally filed in the District of Delaware and then transferred to this Court.

[3]   The majority shareholder of CRS was also the 100% shareholder of TSE.

[4]   *See* First Day Declaration, ¶ 12.

[5]   The Trustee later discovered that TSE had failed to remit fiduciary taxes of at least $100 million.

funding was severely restricted and they hired a chief restructuring officer to supervise their wind down at the behest of their prepetition lender.

The Trustee was appointed to investigate the Debtors' affairs, to try to determine whether the missing tax funds could be located and recovered, and to determine whether other recoveries could be achieved.  However, by the time these Chapter 11 Cases had been commenced and the Trustee was appointed, virtually all of the Debtors' employees had been fired and virtually all of the Debtors' valuable assets and records had been transferred to third parties.  The Trustee also discovered that that, among other things, many assets and vital records had been transferred to former insiders and employees of the Debtors, and that the Debtors did not receive fair or reasonably equivalent value in exchange for such transfers.

The Trustee's efforts to investigate the Debtors' prepetition affairs and to otherwise administer these estates were hampered and impeded throughout these Chapter 11 Cases.  The members of the Debtors' senior management, and those of TSE, were the subject of investigations by various law enforcement agencies, and those insiders were uncooperative with the Trustee.  Other former insiders and employees of the Debtors, many of whom were operating business assets that they acquired from the Debtors prior to the Petition Date, were also uncooperative and defensive.  All of that resistance impeded the Trustee's attempts to investigate the Debtors' financial affairs.

Consequently, the Trustee had to resort to Bankruptcy Rule 2004 discovery to try to understand the Debtors' prepetition financial affairs.  The Trustee, with the assistance of Togut, Segal & Segal LLP (the "Togut Firm"), prepared, served and enforced more than 50 subpoenas issued pursuant to orders of this Court. Bankruptcy Rule 2004 discovery also helped the Trustee understand how recovered

materials could lead to the discovery of property of the estates, avoidance claims and other recoverable assets.

The Trustee commenced numerous adversary proceedings to avoid and recover fraudulently conveyed assets. Discovery in those adversary proceedings was important not only to support the Trustee's avoidance claims, but also to recover books and records of the Debtors which could possibly have helped disclose the events and the means by which the Debtors and TSE failed to pay nearly $100 million of fiduciary taxes.

This Court saw first-hand how many of those subpoenaed parties and transferee defendants fought the Trustee at each turn, often in ways contrary to their financial interests, to withhold documents and information from the Trustee. Indeed, those discovery disputes and the contested adversary proceedings materially increased the duration, costs and administrative expenses of administering the Estate.

Although the Trustee continuously sought consensual resolutions of disputes and settlements of adversary proceedings, many defendants and other adverse parties demanded evidentiary and contested hearings in this Court, in the United States District Court for the Southern District of New Your (the "District Court") and in the United States Circuit Court for the Second Circuit (the "Circuit Court"). As a result, the Trustee participated in numerous evidentiary and other contested hearings in this Court, and in mediations and other proceedings that were removed to the District Court, and in multiple appeals.

The discovery that the Trustee recovered and other materials obtained by the Trustee ultimately demonstrated that there was no apparent single theft of fiduciary tax funds by TSE and/or the Debtors. Instead, TSE and the Debtors used withholding

and other taxes to fund the operating losses that they incurred over a period of years. Those losses appear to have been incurred, in large part, as a result of the Debtors having underpriced bids to attract and acquire new business accounts and contracts.[6] That conclusion was corroborated in many respects when certain prepetition transferees of the Debtors' business units ultimately demonstrated that that the terms of contracts that they acquired from the Debtors were unprofitable, and they hampered their abilities to fund fraudulent conveyance settlements with the Trustee.

The Trustee settled all of the adversary proceedings that he commenced and the other affirmative claims that he asserted, which resulted in estate recoveries of $32,359,506.75.

Since filing his seventh interim report [Dkt. No. 1191] (the "Eighth Interim Period"), the Trustee also settled claims that had been asserted by Staff Management Solutions LLC and PeopleScout MSP, LLC (together, "Staff Management") against the Debtors' estates in Adversary Proceeding No. 19-01371 (MG) pursuant to an order of this Court dated June 8, 2022. The settlement with Staff Management followed two appeals to the District Court, and an appeal to, and a mediation in, the Circuit Court, and resulted in the elimination of secured claims that each sought approximately $1 million. The Trustee also settled claims by and against Wells Fargo, N.A., which resulted in estate recoveries and the conclusion of Adversary Proceeding No. 15-01391 (MG). The Trustee, with the assistance of the Togut Firm, also prepared omnibus claims objections which reclassified claims that improperly sought secured status. He also filed numerous reports and applications for relief that advanced these Chapter 11 Cases toward conclusion.

---

[6]    Throughout his investigation, the Trustee kept law enforcement agencies apprised of his findings.

Based on the foregoing, what is described below, and the record of these Chapter 11 Cases, the Trustee respectfully requests that the Court fix and award compensation and reimbursement of expenses to the Trustee in the amounts requested below.

In addition, and as previously reported to this Court and to the United States Trustee, these Estate is administratively insolvent. All estate assets have been marshalled and administered and all applicable statutes of limitation for affirmative estate claims have been expired. As a result, confirmation of a plan is not feasible and no purpose would be served by conversion of these Chapter 11 Cases to Chapter 7 or otherwise keeping them open. Consequently, the Trustee also seeks authority to disburse the funds on hand ratably to the remaining holders of allowed administrative expense claimants, file a declaration after such distributions have been made, and then submit a proposed order dismissing the Chapter 11 Cases.

## **INTERIM REPORT**

1.       The following interim and final report is respectfully submitted pursuant to section 704(a)(9) of title 11 of the United States Code (the "Bankruptcy Code") made applicable to these Chapter 11 Cases by section 1106(a)(1) of the Bankruptcy Code.[7] As detailed on the Trustee's Form 2 and the *pro forma* estate balance sheet (the "Balance Sheet"), which are annexed hereto as Exhibits "1" and "2," respectfully, receipts and disbursements of this estate total $32,359,506.75 and $30,122,921.42 respectively, leaving a balance on hand of $2,236,585.30 (the "Balance on

---

[7]     This report supplements the Trustee's prior reports of administration, provided in prior pleadings, monthly operating reports, and reports provided during hearings in this case.

6

<u>Hand</u>"). The Balance Sheet demonstrates that the Estate is administratively insolvent, and no additional estate recoveries are possible.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

3.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (B) and (O).

## FEES AND EXPENSES FOR WHICH ALLOWANCE IS SOUGHT

4.      By this Application, pursuant to sections 326(a), 330, and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "<u>Local Rules</u>"), the Trustee respectfully requests that on account of the $32,359,507 that the Trustee has already disbursed and will disburse prior to case closure, this Court authorize the allowance of statutory commission on an interim and final bases in the amount of $994,035 to be paid to the Trustee from the Estate.

5.      Since the Seventh Interim Report [Dkt No. 1191], the Trustee expended a total of 11.7 hours for which compensation is requested. Mr. Feltman's hourly time records are attached hereto as Exhibit "3."

## BACKGROUND

6.      On February 2, 2015, TS Employment, Inc. ("<u>TSE</u>") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court (the "<u>TSE Petition</u>").

7.     In the four-page *Declaration of Robert Cassera Pursuant to Local Rule 1007-2* filed with the TSE Petition, Cassera declared that TSE was a professional employer organization and that its sole customer was CRS.  Cassera[8] also declared:

> Recently, it was discovered that the Debtor [TSE] failed to make certain payroll tax deposits to the Internal Revenue Service.  The precise amount of unpaid withholding tax deposits is still being determined, but could be as high as $100 million.

8.     On February 12, 2015, the United States Trustee for the Southern District of New York (the "U.S. Trustee") filed the *Motion of the United States Trustee for the Entry of an Order Directing the Appointment of a Chapter 11 Trustee* in the TSE Chapter 11 case [TSE Dkt. No. 21], which was granted by an order of this Court dated February 20, 2015 [TSE Dkt. No. 31].

9.     On February 27, 2015, the U.S. Trustee filed its Notice of Appointment of Chapter 11 Trustee in the TSE case [TSE Dkt. No. 33], and appointed James S. Feltman as the Chapter 11 trustee of TSE.

10.    On February 27, 2015, this Court entered the *Order Approving the Appointment of the Chapter 11 Trustee*, and approved the appointment of James S. Feltman as Chapter 11 Trustee of TSE [TSE Dkt. No. 36].

11.    Notwithstanding that CRS was TSE's sole client and that any bankruptcy case by CRS would be a case "related" to the TSE case in this Court, on July 23, 2015 (the "Petition Date"), the Debtors commenced voluntary cases under Chapter 11 of the Bankruptcy Code in the District of Delaware.  [Delaware Case Dkt. No. 1].

---

[8]    TSE was 100% owned by Cassera, and CRS was a publicly traded corporation that was 89.7% owned by Cassera.

12.     No official committee of unsecured creditors has been appointed in these Chapter 11 Cases.

13.     On July 27, 2015, the Trustee, in his capacity as Chapter 11 trustee of TS Employment, Inc. ("TSE") in its Chapter 11 case, filed an *Application to Transfer Venue of the Debtors' Cases to the Southern District* [TSE Dkt. No. 127] (the "Transfer Application").

14.     On August 18, 2015, this Court issued its *Memorandum Opinion and Order Granting Motion to Transfer Venue of Affiliate Cases from Delaware to New York* [TSE Dkt. No. 146] (the "Venue Opinion").  In the Venue Opinion, the Court held that, among other things:

> What is beyond question is that a major fraud was perpetrated in failing to pay over $100 million of withholding taxes . . .
>
> Despite the protestations to the contrary by the Delaware Debtors' counsel, filing the cases in Delaware could only have been done for one purpose – to prevent one court from overseeing these related cases . . .
>
> Nothing other than the Delaware Debtors' selection of Delaware – a choice obviously made to complicate administration of these affiliates' cases – supports leaving venue of the Delaware Debtors' cases in Delaware.

Venue Opinion, at 5, 9.

15.     On September 10, 2015, the Court entered an order directing the U.S. Trustee to appoint a Chapter 11 trustee.  [Dkt. No. 137].

16.     On September 22, 2015, the U.S. Trustee for the Southern District of New York filed a *Notice of Appointment of Chapter 11 Trustee*, appointing the Trustee

[Dkt. No. 143], which was approved by this Court on September 25, 2015.  [Dkt. No. 148].[9]

17.     On November 22, 2016, the Trustee filed the *Trustee's Interim Report and Application for Interim Allowance of Statutory Commission for James S. Feltman as Chapter 11 Trustee* [Docket No. 525],[10] which was supplemented on November 29, 2016 [Docket No. 532] (the "First Report").

18.     On November 22, 2017, the Trustee filed the *Trustee's Second Interim Report and Application for Interim Allowance of Statutory Commission for James S. Feltman as Chapter 11 Trustee* [Docket No. 722] (the "Second Report").

19.     On November 29, 2018, the Trustee filed the *Trustee's Third Interim Report and Application for Interim Allowance of Statutory Commission for James S. Feltman as Chapter 11 Trustee* [Docket No. 871] (the "Third Report").

20.     On December 9, 2019, the Trustee filed the *Trustee's Fourth Interim Report and Application for Interim Allowance of Statutory Commission for James S. Feltman as Chapter 11 Trustee* [Docket No. 1013] (the "Fourth Report").

21.     On October 5, 2020, the Trustee filed the *Trustee's Fifth Interim Report and Application for Interim Allowance of Statutory Commission for James S. Feltman as Chapter 11 Trustee* [Docket No. 1098] (the "Fifth Report").

22.     On April 15, 2021, the Trustee filed the *Trustee's Sixth Interim Report and Application for Interim Allowance of Statutory Commission for James S. Feltman as Chapter 11 Trustee* [Docket No. 1152] (the "Sixth Report").

---

[9]    The interim compensation sought herein is based upon services provided to the CRS estates, and does not seek compensation for services provided to the TSE estate.

[10]   A summary of the Trustee's experience and the events leading to the appointment of the Trustee are provided in the First Report.

23.     On September 1, 2021, the Trustee filed the *Trustee's Seventh Interim Report and Sixth Application for Interim Allowance of Statutory Commission for James S. Feltman, as Chapter 11 Trustee* [Docket No. 1191] (the "<u>Seventh Report</u>").[11]

24.     This Court entered orders approving all of the Trustee's prior interim reports and fixing and allowing interim compensation to the Trustee on interim bases [Dkt. Nos. 548, 737, 1036, 1114, 1199].

25.     In addition to filing all of his prior reports, the Trustee also provided oral reports to this Court.  The Trustee respectfully incorporates herein all of the information contained in his prior reports to the Court.

<u>SUMMARY OF SERVICES RENDERED</u>

26.     Since the filing of the Seventh Report, the Trustee encountered and resolved numerous legal and logistical challenges.  Whenever possible, potential disputes were resolved without resort to the Court.  The Trustee devoted the majority of his time since filing his Seventh Report working to advance these Chapter 11 Cases toward a conclusion.  The summary that follows describes the Trustee's efforts since the filing of the Seventh Report and throughout the Chapter 11 Cases.

A.     **Investigating the Debtors' Prepetition Affairs and Assisting Governmental Entities**

     i.     *Assisting Governmental Entities with Tax Fraud Investigation*

27.     The Trustee dedicated a considerable amount of time and resources investigating the tax fraud that precipitated the Debtors' Chapter 11 filings.  The Trustee's investigation involved reviewing multiple terabytes of records and data, much of which were produced in unreadable format.  The Trustee, with the assistance

---

[11]  Capitalized terms not defined herein shall have the same meaning ascribed to them as in the Trustee's First, Second, Third, Fourth, Fifth, Sixth and Seventh Interim Reports, where applicable.

of the Togut Firm and Kroll LLC ("Kroll"), reconstructed many of the events that led to

the filing of these Chapter 11 Cases.

28.     The Trustee's findings concerning the Debtors' prepetition tax

fraud were made available in reports, presentations, and other privileged work-product

to governmental entities, such as the United States Attorney's Office, the Securities and

Exchange Commission, and the Internal Revenue Service.  The Trustee often

investigated aspects of the Debtors' prepetition financial affairs at the specific request of

such governmental entities because those steps helped to advance the Trustee's

investigation and administration of the Estate.  While the Trustee at all times focused

primarily on the locating property of the Estate and identifying potential causes of

action (both of which he did), the time spent by the Trustee communicating with law

enforcement increased the administrative costs of the Chapter 11 Cases.

### ii.     *Rule 2004 Discovery*

29.     The Trustee recovered vast amounts of information following his

appointment regarding the circumstances surrounding the Chapter 11 Cases.  The

Trustee, with the assistance of Kroll and the Togut Firm, processed this information and

devised investigative strategies to reconstruct the Debtors' financial history and to

uncover and recover Debtor assets.  The Trustee soon learned that the Debtors' books

and records would not provide complete, and in some instances any meaningful,

information concerning the tax fraud that precipitated the Chapter 11 Cases, fraudulent

transfers of the Debtors' assets, and substantial outstanding accounts receivable.

30.     Consequently, the Trustee filed the *Chapter 11 Trustee's Ex Parte*

*Application for an Order Authorizing the Issuance of Subpoenas for the Production of*

*Documents and Deposition Testimony Pursuant to Rule 2004 of the Federal Rules of*

*Bankruptcy Procedure and Related Relief* [Dkt. No. 169] (the "Rule 2004 Motion"). The Court entered an order on November 12, 2015 granting the relief sought in the Rule 2004 [Dkt. No. 171] (the "Rule 2004 Order").

31.    Pursuant to the Rule 2004 Order, the Trustee issued and enforced dozens of subpoenas to assist him as he investigated the Debtors' prepetition financial affairs. Throughout that process the Trustee conferred regularly with the Togut Firm as it negotiated extensively with subpoenaed parties. The Trustee obtained records that filled in certain gaps in the Debtors' books and records and that disclosed numerous prepetition asset transfers effectuated by certain of the Debtors' senior management that appeared to advance a fully coordinated scheme to "loot" the Debtors' assets in exchange for which the Debtors did not receive reasonably equivalent value. This scheme resulted in tens of millions of dollars of Debtor assets being transferred prepetition for negligible or no consideration. Moreover, important books and records of the Debtors were transferred with those assets.

32.    Because multiple parties failed to comply with subpoenas for information, the Trustee filed the *Chapter 11 Trustee's Omnibus Motion for an Order Compelling Compliance With Court's Order Issued Pursuant to Bankruptcy Rule 2004 and Related Subpoenas* [Dkt. No. 374] (the "Motion to Compel"). The Motion to Compel demonstrated the Trustee's thorough pursuit of the information needed for him to recover assets and to collect property of the Debtors' estates, as did the filing of status reports concerning the Motion to Compel [Dkt. Nos. 387, 413].

**B.    Marshalling of Assets**

33.    The Trustee worked diligently and efficiently to marshal the Debtors' assets, including pursuing collection on account of substantial outstanding

accounts receivable owed to the Debtors.  The Trustee worked with the Togut Firm and

Kroll to devise efficient and effective strategies for marshalling the Debtors' assets.

Implementation of such strategies by the Trustee facilitated the recovery of millions of

dollars of outstanding accounts receivable and other monies belonging to the Debtors'

estates.

### i.    *Wells Fargo Turnover*

34.    The Trustee identified funds that belonged to the Estate that were

held by Wells Fargo Bank, N.A. ("Wells Fargo") in connection with its prepetition

financing agreements with the Debtors.  Consistent with the Trustee's instructions, the

Togut Firm first demanded Wells Fargo remit monies it held that belonged to the Estate.

Wells Fargo refused to comply with the Trustee's demand leaving the Trustee no

alternative but to commence an adversary proceeding against Wells Fargo (the "Wells

Fargo Adversary Proceeding").  *See Feltman v. Wells Fargo Bank, N.A.*, Adv. Pro. No. 15-

01391 (MG).  Following a preliminary hearing and extensive negotiations, the Trustee

negotiated a stipulation with Wells Fargo that resolved many of the issues in the Wells

Fargo Adversary Proceeding (the "Wells Fargo Stipulation").  Under the Wells Fargo

Stipulation, which the Court so ordered on November 24, 2015, the Trustee recovered

more than $9 million of estate funds [Wells Fargo Adv. Pro. Dkt. No. 21].

35.    Following extensive negotiations, the Trustee entered into a further

stipulation with Wells Fargo, approved by an order of this Court on April 1, 2021 [Wells

Fargo Adv. Pro. Dkt. No. 31], pursuant to which, among other things, the Trustee

recovered $143,074.73, and the Wells Fargo Adversary Proceeding was fully resolved

and closed.

*ii.*    ***Collection of Accounts Receivable***

36.    The Trustee investigated and resolved the Debtors' claims to outstanding accounts receivable without incurring unnecessary expense or clogging the Court's docket with multiple Bankruptcy Rule 9019 settlement motions. The Trustee filed the *Chapter 11 Trustee's Application for Entry of an Order Establishing Procedures for Settling Certain Claims Pursuant to Section 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(b) Nunc Pro Tunc to November 24, 2015* [Dkt. No. 215] (the "AR Settlement Procedures Motion"). On January 27, 2016, the Court entered an order approving the AR Settlement Procedures Motion [Dkt. No. 232] (the "AR Settlement Procedures Order"). The Trustee filed quarterly reports on behalf of the Trustee concerning the status of settlements and collections under the AR Settlement Procedures Order. *See* Dkt. Nos. 343, 430, 492, 574, 616, 709, 744, 796, 956, 1039, 1060, 1087, 1118, 1186, 1244.

37.    For outstanding accounts receivable in excess of the $500,000 limit set forth in the AR Settlement Procedures Order, the Trustee commenced collection actions and negotiated settlements resolving outstanding accounts receivable (the "9019 AR Settlements"). The Trustee filed applications pursuant to Bankruptcy Rule 9019 to approve the 9019 AR Settlements, which were all approved by the Court. *See* Dkt. Nos. 244, 453, 551.

38.    In addition, the Trustee, with the assistance of the Togut Firm, mailed demand letters to the Debtors' former customers with outstanding accounts receivable (the "AR Demand Letters"). The AR Demand Letters resulted in payment in full of over 100 unpaid accounts due to the Debtors.

39.     The Trustee's efforts in the collection of the Debtors' outstanding accounts receivable and to obtain the recoveries achieved in various adversary proceedings helped the Trustee recover trade receivables totaling approximately $8.764 million and eliminated claims asserted against the Estate which sought more than $1 million in the aggregate.  This substantial aggregate recovery demonstrates the Trustee's diligence and commercial approach to recovering estate assets during the Chapter 11 Cases.  The Trustee consistently swam upstream to achieve these results given the Debtors' disorganized prepetition operations and the insiders' failure to cooperate with the Trustee postpetition.

**C.      Fraudulent Transfer Adversary Proceedings**

40.     The Trustee conducted extensive factual diligence and conferred with the Togut Firm concerning extensive legal research regarding the Trustee's rights to seek to avoid and recover certain prepetition transfers by the Debtors.  The Trustee filed 11 complaints to recover millions of dollars of fraudulently transferred Debtor assets (the "Adversary Proceedings").

41.     The Adversary Proceedings were hard fought and labor intensive. With no cooperation from the Debtors' prepetition management, the Trustee had to rely on the investigative efforts of the Togut Firm, Kroll and his other retained professionals. The Trustee worked closely with his retained professionals to formulate and present the basis for each Adversary Proceeding, none of which were dismissed on the pleadings or for failure to state a claim.

42.     The Trustee conducted extensive formal and informal discovery with the defendants to the Adversary Proceedings pursuant to numerous discovery demands and case management orders that the Trustee negotiated.  The discovery

sought by the Trustee in the Adversary Proceedings, with assistance from the Togut Firm, was important because the Trustee discovered that many of the Debtors' important documents and files were transferred to Adversary Proceeding defendants along with other assets that were fraudulently conveyed, and those records could possibly have uncovered the means by which the Debtors perpetrated their prepetition tax fraud, and the ability, if any, of the Trustee to recover the proceeds of such fraud.

43.    Discovery in the Adversary Proceedings included extensive document review, numerous depositions and expert reports concerning the Debtors' insolvency and the reasonably equivalent value that was asserted by transferees to have been given in exchange for the Debtors' assets.

44.    Discovery was made more cumbersome (and expensive) by (i) the lack of complete books and records of the Debtors, and (ii) the consistent and deliberate failure of defendants, including Debtor insiders and senior management, to fully comply with prior Rule 2004 subpoenas and otherwise cooperate with the Trustee's discovery requests.

45.    Certain defendants in the Adversary Proceedings filed motions to dismiss complaints, and the Trustee spent considerable time and resources in connection with those motions including, without limitation, conferring with the Togut Firm regarding the extensive legal and factual research conducted by the Togut Firm, filing responses to those motions to dismiss, preparing arguments in opposition to them for hearings before this Court, and filing orders which were entered by the Court denying all of such motions to dismiss.

46.    The Trustee regularly conferred with the Togut Firm regarding appearances before this Court, the District Court and the Circuit Court in connection

with the Adversary Proceedings, including pretrial conferences, status conferences, hearings on motions, and multiple mediations.

47.     The Trustee spent considerable time working with the Togut Firm to develop effective litigation strategies. As part of those efforts, the Trustee, with the assistance of the Togut Firm, negotiated settlements of the Adversary Proceedings (the "Adversary Proceeding Settlements"), which in some instances required preparing for and participating in extensive and heavily negotiated formal and informal mediation sessions. In many instances, defendants in the Adversary Proceedings asserted and demonstrated that the terms of contracts that they obtained from the Debtors prior to the Petition Date were onerous and hampered their efforts to operate profitably. Consequently, those parties ultimately demonstrated a limited financial capacity to fund settlements with the Trustee.

48.     The Trustee filed applications to approve the Adversary Proceeding Settlements pursuant to Bankruptcy Rule 9019 with corresponding settlement agreements. The Adversary Proceeding Settlements obviated the need for costly and protracted litigation resulting in considerable savings for the Debtors' estates. The Court approved each Adversary Proceeding Settlement pursuant to Bankruptcy Rule 9019.

49.     In addition, the Trustee, with the assistance of the Togut Firm, prepared his defense in *Staff Management Solutions, LLC and PeopleScout MSP, LLC v. James S. Feltman*, Adv. Pro. No. 19-10371 (MG) (the "Staff Management Adversary Proceeding"). The Trustee obtained orders of this Court: (i) denying two applications by Staff Management for a preliminary injunction to enjoin the Trustee's ability to use and manage estate funds; and (ii) staying the Staff Management Adversary Proceeding

in this Court while Staff Management sought to resolve an action against it by Noor

Staffing Group, LLC ("Noor") in the United States District Court for the Northern

District of Illinois (the "Illinois District Court").

50.    On May 5, 2020, this Court issued its opinion and order [Staff

Management Adv. Pro. Dkt. No. 46] and, among other things, stayed the Staff

Management Adversary Proceeding until the Illinois District Court resolved the issue of

Staff Management's liability to Noor, if any.

51.    The Trustee monitored Noor's action against Staff Management in

the Illinois District Court.  After the Illinois District Court held that Staff Management

was "entitled to at least a set-off for" the funds that Noor seeks from it and which Staff

Management sought from the Debtors' estates, the Trustee asked Staff Management to

(a) discontinue the Staff Management Adversary Proceeding and (b) withdraw its

secured proofs of claim in the Chapter 11 Cases.

52.    Staff Management declined to discontinue the Staff Management

Adversary Proceeding and withdraw its secured proofs of claim.  Consequently, during

the Eighth Interim Period, the Trustee filed: (i) *Chapter 11 Trustee's (I) Objection to Claim

Nos. 7 and 89 Filed by Staff Management Solutions, LLC and PeopleScout or (II) In the

Alternative, Motion to Reclassify and Estimate Claims Nos. 7 and 89* [Dkt. No. 1225], and (ii)

*Chapter 11 Trustee's Motion for Entry of an Order (I) Lifting Stay of Adversary Proceeding and

(II) Granting Chapter 11 Trustee's Motion to Dismiss* [Staff Management Adv. Pro. Dkt.

No. 57] (the "Motions").

53.    In response to those Motions, Staff Management re-engaged in

settlement negotiations with the Trustee.  The Trustee negotiated a settlement with Staff

Management pursuant to which, among other things, Staff Management's proofs of

claim, each of which sought recovery of $1,082,447.29, were reduced to $5,000, and the

Staff Management Adversary Proceeding was terminated.  The Trustee filed the *Chapter*

*11 Trustee's Application for Entry of an Order Approving Settlement Agreement Among*

*Chapter 11 Trustee, Staff Management Solutions LLC and PeopleScout MSP, LLC* [Staff

Management Adv. Pro. Dkt. No. 60], which was approved by an order of this Court

dated June 8, 2022 [Dkt. No. 65] (the "Staff Management Settlement").

54.     The Staff Management Settlement has been fully consummated and

has: ended years of active litigation involving the Trustee;  reduced secured claims from

approximately $1.1 million to $5,000 (which has been paid);  and terminated the last

open Adversary Proceeding in the Chapter 11 Cases.

**D.    Claims**

      *i.     Settlement of Administrative Expense Claims*

55.     The Trustee achieved consensual resolutions of administrative

expense claims asserted by:  University Management & Consultants Corp. ("UMAC");

Forensic Risk Alliance, Inc. ("FRA");  and Stroz Friedberg ("Stroz"), in the respective

amounts of $83,355.01, $283,637.88, and $417,000 (collectively, the "Administrative

Expense Claims").  The Trustee negotiated settlement agreements to resolve the

Administrative Expense Claims (the "Administrative Claim Settlements") and filed

motions for approval of them, *see* [Dkt. Nos. 257, 837, 969].  The Court entered orders

that approved each Administrative Claim Settlement, *see* [Dkt. Nos. 292, 857, 983], and

approved the payment and satisfaction of the Administrative Expense Claims for

amounts that represented claim reductions of more than 50%.  The Administrative

Claims Settlements obviated the need for the Trustee to engage in litigation concerning

the Administrative Expense Claims.

### ii.    Other Claim Objections

56.    On February 23, 2021, the Court entered the *Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* [Dkt. No. 1133], which set an April 5, 2021 bar date (the "Bar Date"). After the Bar Date passed, the Trustee, assisted by the Togut Firm, reviewed more than 470 timely filed proofs of claim.

57.    The Trustee identified as objectionable 31 proofs of claim filed by certain taxing authorities, prepetition equipment lessors and other claimants that improperly sought secured status for claims aggregating 3$648,558.88 (the "Secured Claims"). Trustee considered and devised strategies to address such claims while easing the administrative burden on the Estate.

58.    Rather than having the Estate incur the expense associated with individual objections to each of the Secured Claims, on May 3, 2021, the Trustee filed the his *Application for an Order Authorizing the Chapter 11 Trustee to File Omnibus Claims Objections on Grounds Other than as Set Forth in Bankruptcy Rule 3007(d)* [Dkt. No. 1156] (the "Omnibus Objection Motion"). This Court entered an order approving the Omnibus Objection Motion on May 13, 2021 [Dkt. No. 1161] (the "Omnibus Objection Order").

59.    Pursuant to the Omnibus Objection Order, the Trustee filed the *Trustee's First Omnibus Objection to Claims (Disputed Secured Tax Claims)* [Dkt. No. 1163] (the "First Omnibus Objection") and the *Trustee's Second Omnibus Objection to Claims (Disputed Equipment Lessor Claims)* [Dkt. No. 1164] (the "Second Omnibus Objection").

60.    In connection with the First Omnibus Objection, the Trustee resolved an informal objection asserted by the Pennsylvania Department of Revenue.

The Togut Firm prepared and filed certificates of no objection, dispensing the need for a costly hearing to consider the Trustee's claim objections.  *See* Dkt. Nos. 1172, 1173.  On July 13, 2021, the Court entered orders granting the First Omnibus Objection and Second Omnibus Objection which disallowed, expunged or reclassified as general unsecured claims each of the Secured Claims.  *See* Dkt. Nos. 1174, 1175.

### E.    Additional Matters Addressed by the Togut Firm

#### i.    *Staff Management Appeals*

61.    The Trustee expended significant effort during the Eighth Interim Period with motion practice in this Court and subsequent appeals to the United States District Court[12] and the Circuit Court[13] concerning *Staff Management's Motion to Enforce Settlement* Agreement [Dkt. No. 965] (the "Staff Management Motion").  The Trustee filed a response to the Staff Management Motion [Dkt. No. 977], which the Court denied [Dkt. No. 991], as well as the Trustee's briefs in the District Court and Circuit Court appeals.  The Trustee obtained orders from both the District Court and Circuit Court affirming this Court's denial of the Staff Management Motion.  The Trustee regularly conferred with the Togut Firm concerning all matters before this Court, the District Court and the Circuit Court related to litigating the Staff Management Motion, including, among other proceedings, the oral arguments.

#### ii.    *Retention of Professionals*

62.    While the Togut Firm served as the Trustee's primary bankruptcy counsel, the unique nature of these Chapter 11 Cases caused the Trustee to seek the assistance of additional professionals to address discreet matters.  During the Chapter

---

[12]    Case No. 19-cv-10931 (ER) (S.D.N.Y. 2019).
[13]    Case No. 20-3069 (2d Cir. 2020).

11 Cases, the Trustee filed retention applications seeking retention of: Duff & Phelps (now known a Kroll), as financial advisor [Dkt. No. 183]; Goldin Associates LLC, as valuation service provider [Dkt. No. 256]; Gaffney, Gallagher & Phillip, as forensic consultant [Dkt. No. 272]; Greenberg Traurig, LLP, as special litigation counsel [Dkt. No. 454]; Jeffer Mangels Butler & Mitchell LLP, as special litigation counsel [Dkt. No. 738]; Hemming Morse, LLP, as special accounting expert [Dkt. No. 763]; and Plotzker & Agarwal, CPAS, LLC, as accountants[14] [Dkt. No. 1159]. The Trustee reviewed each of those retentions with the U.S. Trustee before filing them with this Court. The Court entered orders approving each of these retention applications. *See* Dkt. Nos. 206, 297, 302, 486, 746, 774, 1162.

63.    In addition to the foregoing retention applications, the Trustee filed the *Chapter 11 Trustee's Motion for an Order Pursuant to 11 U.S.C. §§ 105(a), 327, and 330 and Bankruptcy Rule 2014 for the Trustee's Employment and Payment of Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to July 23, 2015* [Dkt. No. 317], which the Court approved by order entered on May 10, 2016 [Dkt. No. 350]. The Trustee maintained consistent communications with all of his retained professionals and ordinary course professionals during their retentions to facilitate synergies and avoid duplication of services to minimize the administrative expenses of the Estate. The Trustee filed numerous reports of payments to ordinary course professionals.

### iii.    *Rejection of Office Leases and Abandonment of Assets of Inconsequential Value to the Estates*

64.    The Trustee reviewed the Debtors' books and records concerning prepetition office leases that housed the Debtors nationwide business operations

---

[14]    Plotzker & Agarwal, CPAS, LLC was retained for the limited purpose of preparing federal income tax returns for the Debtors' estates.

(the "Office Leases").[15]   The Trustee obtained and reviewed document productions

concerning the Office Leases.  The Debtors no longer operated their businesses

postpetition, so the Office Leases served no continuing benefit to the Estate.

Accordingly, the Trustee filed the *Chapter 11 Trustee's Application for Entry of (I)*

*Scheduling Order and (II) Order Pursuant to 11 U.S.C. §§ 365(a) and 554(a) Authorizing (A)*

*Rejection of Certain Non-Residential Real Property Leases Nunc Pro Tunc to the Petition Date*

*and (B) Abandonment of Certain Property* [Dkt. No. 167] (the "Lease Rejection Motion").

The Court entered an order authorizing the Debtors to reject the Office Leases as set

forth in the Lease Rejection Motion [Dkt. No. 205].

65.    As part of the Trustee's continued efforts to alleviate the Estate of

burdensome obligations, he conducted diligence and worked with the Togut Firm to

identify Debtor assets of inconsequential value.  Because the cost to the Debtors' estates

of administering certain assets outweighed the benefits, the Trustee sought, *see* [Dkt.

Nos. 836, 896], and obtained on June 8, 2022 authority from this Court, *see* [Dkt. Nos.

906, 915], to abandon such assets.  Finally, the Trustee sought, *see* [Dkt. No. 1222], and

obtained authority from this Court, *see* [Dkt. No. 1243], to abandon and dispose of all

remaining books and records of the Debtors, including electronic records, all of which

were made available to law enforcement throughout these Chapter 11 Cases for

inspection or preservation, and which no longer served any purpose in the Chapter 11

Cases.

---

[15]    The Trustee discovered that the Debtors were potentially parties, at one time or another, to more than
300 leases for office space throughout the United States.

### iv.    Remnant Asset Sale

66.    During the Eighth Interim Period, the Trustee conducted diligence concerning known or unknown assets of the Estate which had not been previously sold, assigned, or transferred prepetition or during the Chapter 11 Cases (collectively, the "Remnant Assets"). The Trustee did not learn of the existence any Remnant Assets, and none that could return value to the Estate greater than the purchase price for them offered by Oak Point Partners, LLC ("Oak Point").

67.    After soliciting and considering offers from other potential purchasers, the Trustee advised interested parties that Oak Point's offer represented the best and highest bid for the purchase of the Remnant Assets. Accordingly, the Trustee negotiated for an agreement with Oak Point for the sale of the Remnant Assets. The Trustee filed the *Chapter 11 Trustee's Motion for an Order Approving the Sale of Remnant Assets of the Debtors' Estates Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363 and Related Relief* [Dkt. No. 1197] seeking approval of the sale. The Court entered an order approving the sale of Remnant Assets to Oak Point on November 11, 2021 [Dkt. No. 1203].

### v.    Trustee Matters (Reports and MORs)

68.    The Trustee participated in numerous status update calls with the Togut Firm and his other professionals, as needed, to discuss, among other things, the progress of the Chapter 11 Cases and strategy for the numerous matters addressed by the Trustee. The Trustee also worked with the Togut Firm, Kroll and his other professionals to prepare and file the Debtors' Monthly Operating Reports and other periodic reports in these Chapter 11 Cases. The Trustee regularly appeared at hearings conducted in the Chapter 11 Cases and responded to inquiries made by the Court.

69.     The Trustee filed seven (7) interim Trustee reports (the "Trustee Interim Reports") [Dkt. Nos. 525, 722, 871, 1013, 1098, 1152, 1191], and he also provided numerous oral reports on the recording during hearings conducted by this Court.  The Trustee Interim Reports provided this Court with updates regarding, among other matters, the status of the Trustee's investigation, the numerous resulting adversary proceeding settlements and liquidity of the Estate.

*vi.*     ***Creditor Communication***

70.     The Trustee communicated regularly with the Debtors' creditors, including several governmental agencies to keep them up to date on the progress of the Chapter 11 Cases and the Trustee's investigation into the prepetition fraud that led to the filing of these Chapter 11 Cases.  The Trustee maintained a consistent and open dialogue with creditors during these Chapter 11 Cases, including numerous formal and informal presentations concerning the Trustee's investigation and his findings.

## COMPENSATION REQUESTED

71.     Since filing his Seventh Interim Report, the Trustee has expended 11.7 hours in performing the services described above.  By this Application, for the Eighth Interim Period the Trustee seeks total statutory commissions of $79,495, which is based on the formula contained in section 326(a) of the Bankruptcy Code and is more than what Mr. Feltman would be entitled to if he charged the estates his customary $950 hourly rate.  However, The Trustee respectfully submits that the total amount of compensation that he seeks for all of the services that he has performed in this case falls below, and easily satisfies the *Lodestar* factors that are addressed below.

A.    **Statutory Basis For The Commission Sought**

72.    A Chapter 11 bankruptcy trustee is entitled to receive "reasonable compensation" according to section 330 of the Bankruptcy Code, subject to the maximum percentage ceiling set by section 326(a) of the Bankruptcy Code.  Section 326(a) of the Bankruptcy Code provides that a trustee is entitled to a commission, calculated on a sliding scale up to 3%, based upon "all moneys disbursed or turned over."  It states:

> In a case under Chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a).

73.    Section 330(a)(3) provides:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under Chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors….

11 U.S.C. § 330(a)(3).

74.    As noted above, under section 326(a) of the Bankruptcy Code, the Trustee may receive $25% of the first $5,000 he disburses, 10% of the next $45,000, 5% of any greater sum up to $1 million and 3% of all sums above $1 million.

75.    In these Chapter 11 Cases, the Trustee will have disbursed a total

of $32,359,506.75 and accordingly, his commission should be $79,495, calculated as

follows:

| TOTAL DISBURSEMENTS: | $32,359,507[16] |
|---|---|
| 25% of the first $5,000 | $1,250 |
| 10% of the next $45,000 | $4,500 |
| 5% of the next $950,000 | $47,500 |
| 3% of the balance | $940,785 |
| Total Gross Commission: | $994,035 |
| First Interim Commission Payment: | $214,427 |
| Second Interim Commission Payment: | $181,763 |
| Third Interim Commission Payment | $224,054 |
| Fourth Interim Commission Payment | $154,112 |
| Fifth Interim Commission Payment | $64,687 |
| Sixth Interim Commission Payment | $75,497 |
| Eighth Interim Period Commission Sought: | $79,495 |

76.    The Trustee is seeking a commission based on the section 326(a)

calculation.  In light of the facts of these Chapter 11 Cases and in consideration of the

"lodestar" factors discussed below, Mr. Feltman seeks $79,495 on account of

disbursements made during the Eighth Interim Period and to be made pursuant to the

Proposed Order based on a section 326(a) calculation, which results in a total request for

compensation of $994,035.20.  In light of the complexity of the matters encountered and

addressed by the Trustee during the period covered by this Report and Application, the

Trustee respectfully requests that he be awarded a commission of $994,035.20, which is

less that he would be entitled to based on a "lodestar" calculation applying the total

hours that he has recorded for his services in these Chapter 11 Cases.

**B.    The Trustee's Request for Commission Based on Section 326(a) is More Than Reasonable**

   *i.    The "Lodestar" Analysis*

---

[16] Includes $2,235,585 to be disbursed pursuant to the Proposed Order (defined below)

77.    Courts use a "lodestar" analysis to calculate "reasonable compensation" for Chapter 11 trustees and other professionals under that statute. Because the Trustee's requested compensation is based on a section 326(a) calculation and results in an effective hourly rate considerably below his customary hourly rate, there can be no legitimate dispute that the commission sought is reasonable and a "lodestar" analysis should be unnecessary (or redundant) here. Nevertheless, the Trustee understands that the lodestar metric provides a window into the Trustee's performance that may be useful to the Court.

78.    A "lodestar" analysis requires two steps. *See* 3 Collier on Bankruptcy ¶ 330.04[3][c] (Alan N. Resnick & Henry J. Sommer, eds. 15th rev. ed. 2007) (discussing the application of a lodestar analysis under section 330 of the Bankruptcy Code). First, the court calculates a "lodestar" by multiplying a reasonable hourly rate for the trustee by the number of hours the trustee expended on the case. *See, e.g., Connolly v. Harris Trust Co. of Am. (In re Miniscribe Corp.),* 309 F.3d 1234, 1243-44 (10th Cir. 2002); *In re Molten Metal Tech., Inc.,* 345 B.R. 26, 28 (Bankr. D. Mass. 2006) (using a lodestar analysis to assess a bankruptcy trustee's fees); *In re Moss,* 320 B.R. 143, 156 (Bankr. E.D. Mich. 2005) (same); *In re Southeast Banking Corp.,* 314 B.R. 250, 269 (Bankr. S.D. Fla. 2004) (same); *see also Goldberger v. Integrated Res., Inc.,* 209 F.3d 43, 47 (2d Cir. 2000) (explaining that, in a lodestar analysis, the court "scrutinizes the fee petition to ascertain the number of hours reasonably billed … and then multiplies that figure by an appropriate hourly rate"). In determining the reasonable hourly rate, the court compares the rate proposed by the applicant with "the prevailing market rates in the relevant community." *In re Computer Learning Ctrs., Inc.,* 285 B.R. 191, 227 (Bankr. E.D. Va. 2002) (quoting *Blum v. Stenson,* 465 U.S. 886, 895 (1984)).

79.    Second, after the "lodestar" has been calculated, courts typically
consider additional factors, to the extent that they were not been already taken into
account in computing the hourly rate, and adjust the award upward or downward by a
"multiplier" to achieve a reasonable result in light of the circumstances of the case.
*See Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (citing *Hensley v. Eckerhart*,
461 U.S. 424, 434 (1983)); *Miniscribe*, 309 F.3d at 1245; *In re Buckridge*, 367 B.R. 191, 207
(Bankr. C.D. Cal. 2007); *Southeast Banking*, 314 B.R. at 269; *In re Merry-Go-Round Enters.,
Inc.*, Case No. 94-50161 (Bankr. D. Md. Feb. 10, 2006) (oral opinion, transcript available);
*In re Bennett Funding Grp., Inc.*, Case No. 96-61376, slip op. (Bankr. N.D.N.Y. Feb. 20,
2003) (unpublished memorandum and order, available from electronic docket).

80.    Typically, bankruptcy courts have looked to the twelve "*Johnson*"
factors – first articulated by the U.S. Court of Appeals for the Fifth Circuit in *Johnson v.
Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) – to assist in determining an
appropriate multiplier.  Many of these factors have been incorporated into
section 330(a)(3) of the Bankruptcy Code.  They are:  (i) the time and labor required by
the case;  (ii) the novelty and difficulty of the issues presented;  (iii) the skill requisite to
perform the legal services properly;  (iv) the preclusion of other employment by the
attorney due to acceptance of the case;  (v) the customary fee;  (vi) whether the fee is
fixed or contingent;  (vii) time limitations imposed by the client or the circumstances;
(viii) the amount involved and the results obtained;  (ix) the experience, reputation and
ability of the attorney;  (x) the "undesirability" of the case;  (xi) the nature and length of
the professional relationship with the client;  and (xii) awards in similar cases.  *See
Johnson*, 488 F.2d at 717-19.

81.     Here, the Trustee has expended a total of 2,043.8 hours rendering services in these Chapter 11 Cases since his appointment.  He will also have to expend time and resources to, among other things, attend the hearing to consider this Application, disburse funds pursuant to the Proposed Order, and to take such steps as the Court permits to close this case.  None of time to preform those services is captured in the time records annexed to this Application, but which the Trustee requests that teh Court consider in its *Lodestar* analysis.  If the Trustee's compensation were measured using his standard hourly rate of $950, he would be entitled to seek a lodestar award of $1,941,610.  That amount far exceeds the total commissions he has requested during the past six years pursuant the section 326(a) calculation, totaling $994,035.20, which equates to an effective hourly rate of $486.37 and approximately one-half of the amount recoverable under the *Lodestar* analysis, before considering the additional time that the Trustee will expend to seek approval of this Application, to disburse funds on hand, and to obtain an order dismissing these Cases.

### ii.     *Application of the Johnson Factors*

82.     Based on a "lodestar" analysis the Trustee respectfully submits that the total requested commission of $994,035.20 is more than reasonable by any measure. Based on the requested commission divided by the number of hours expended by the Trustee on these Chapter 11 Cases, the Trustee's effective hourly rate is $486.37 per hour, which is considerably lower than his customary hourly rate or the going rate for managing directors with his experience and expertise in New York City.

83.     The requested commission is appropriate under the "lodestar" and easily meets the standard of reasonableness set forth in the *Johnson* factors, each of which is discussed below:

31

a. **Time and labor required by the case.** As described throughout this Application and in the Trustee's prior reports, the Trustee had to expend considerable time and effort during the Eighth Interim Period to advance these Chapter 11 Cases to their conclusion.

b. **Novelty and difficulty of the issues presented.** The Trustee has been consistently confronted with novel and difficult issues from the moment he was appointed and continued to be confronted with such issues since the Sixth Report.

c. **Skill required to perform the services properly.** The Trustee is an experienced accountant who has led multiple forensic and investigative efforts on behalf of government agencies. Additionally, the Trustee is an expert in the areas of money laundering, asset tracing and recover, and accounting and financial statement reporting issues. He also has extensive experience liquidating PEO's. The Trustee's wealth of experience was crucial here because the problems facing the Debtors' estates stemmed from complex financial disclosure and accounting issues. His experience has allowed the Trustee to uncover the transfers of the Debtors' assets prepetition and develop causes of action based on the prepetition actions of several third parties that led to additional estate recoveries.

d. **Preclusion of other employment due to acceptance of the case.** Administering the Debtors' estates has been very time-consuming, and has often required almost constant attention.

e. **Customary fee.** The commission the Trustee seeks is based on the statutory commission and equates to an hourly rate considerably below what the Trustee would be able to earn on other engagements.

f. **Whether the fee is fixed or contingent.** The commission here was truly contingent. When the Trustee was appointed, these estates – formerly a billion-dollar enterprise – had limited cash on hand, all of which were subject to secured claims that were asserted by Wells Fargo.

g. **Time limitations imposed by the circumstances.** As a consequence of the lack of cooperation from former management the Trustee had to spend significant time learning about the circumstances that led to the filing of these Chapter 11 Cases through Bankruptcy Rule 2004 and other discovery. As a result, the Trustee had to form the factual basis of each of his adversary proceedings

without the benefit of the support of the Debtors' pre-petition management.

h. **Amount involved and result obtained.**  The amount recovered through the Trustee's efforts in these Chapter 11 Cases has been remarkable considering what the Trustee had to work with on and after his appointment in terms of available Estate assets and the condition of the Debtors' records.  The Trustee was appointed to investigate the Debtors' affairs, to try to determine whether missing tax funds could be located and recovered, and to determine whether those recoveries could be made.  The Trustee fully investigated the Debtors' affairs and recovered amounts that funded that investigation.  That available and recoverable assets were not sufficient to fund a distribution to the holders of prepetition claims is the result of the extent, nature and challenges of the Estate, and not the services provided herein.

i. **Experience, reputation and ability of the Trustee.**  The Trustee's stellar reputation, extensive experience, and track-record is discussed in detail in section IV of the First Report.

j. **The "undesirability" of the case.**  Mr. Feltman is a Managing Director at Kroll and these Chapter 11 Cases have required a substantial amount of his time since his appointment limiting, at times, his ability to take on other engagements.  Yet the Trustee has dedicated a significant portion of his time to these estates and uncovering the fraud that led to the filing of these Chapter 11 Cases.

k. **Nature and length of the professional relationship.**  The Trustee has been the Trustee since September 25, 2015 and as a result of the length of the engagement has become intimate with the facts that led to the filing of these Chapter 11 Cases, and he gained expertise on the inner workings of the professional staffing industry.  Accordingly, no matter how they are measured, the *Johnson* factors support the commission.

l. **Awards in similar cases.**  Because this award is well within the limits set by section 326(a) of the Bankruptcy Code (and is substantially below the Trustee's customary rate) there can be no doubt it is consistent with awards in similar cases.

84.     The Trustee respectfully submits that the *Johnson* factors provide ample support for allowing the Trustee the commission sought herein.

## FINAL DISBTRIBUTIONS AND CASE DISMISSAL

85.     The Trustee has monetized all of the Debtors' property and no further administration of these Estate could benefit the Debtors' creditors.  The Trustee respectfully submits that the most appropriate and efficient resolution of these Chapter 11 Cases is dismissal pursuant to which the remaining funds in the Estate are distributed ratably to the remaining administrative claimants (the "<u>Administrative Claimants</u>") on account of their claims as fixed and allowed by this Court.  Any other path to conclude these Chapter 11 Cases would unnecessarily deplete the remaining Estate.

86.     A Chapter 11 plan would be expensive, unnecessary, and unconfirmable because there are not sufficient funds to fully satisfy allowed administrative expense priority claims or to address priority tax claims.  Moreover, all of the Debtors' assets have already been monetized, and a Chapter 7 trustee would have nothing to administer, and he or she would only add additional expense without any corresponding benefit.

87.     Subject to Court approval, the Trustee will utilize the remaining Balance on Hand in the Estate to pay allowed Administrative Claimants on a *pro rata* basis.  There are no funds available for a distribution to holders of pre-petition unsecured claims.

88.     The U.S. Trustee has advised that he does not object to the dismissal of the Chapter 11 Cases.

89.    The Trustee requests that upon filing a declaration he has distributed all funds on hand pursuant to the Preposed Order approving this Application, the Court enter an order dismissing the Chapter 11 Cases and authorizing the Clerk of the Court to issue a Final Decree closing the cases and discharging the Trustee.

**BASIS FOR RELIEF**

90.    Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

91.    Bankruptcy Code Section 1112(b) provides, "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause…" 11 U.S.C. § 1112(b).

92.    Bankruptcy Courts have wide discretion in determining whether cause exists to dismiss or convert a case. *In re FRGR Managing Member LLC,* 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009).

93.    Section 1112(b)(4) contains a non-exhaustive list of sixteen bases that may constitute "cause" to dismiss, but courts are free to consider other factors. 11 U.S.C. §1112(b)(4)(A)-(P); *FRGR,* 419 B.R. at 580 (stating that the list is "not exhaustive"); *In re AdBrite Corp.,* 290 B.R. 209, 217 (Bankr. S.D.N.Y. 2003) (stating that the list of grounds under §1112(b) "is illustrative, not exhaustive").  Section 1112(b)(4)(A) provides that cause includes "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. 1112(b)(4)(A).

94.     Cause exists to dismiss the Chapter 11 Cases and to avoid diminution of the Estate now that the Trustee has marshalled and reduced to cash all of the property of the Estate.  Consequently, the Trustee cannot demonstrate a reasonable likelihood of rehabilitation of the Debtors because there is no business to rehabilitate. *See In re Gonic Realty Trust,* 909 F.2d 624, 627 (1st Cir. 1990) ("Thus, with no business left to reorganize, Chapter 11 proceedings were not serving the purpose of rehabilitating the Debtors' business.").

95.     The dismissal of a Chapter 11 bankruptcy case is also in the best interests of creditors where a debtor has nothing to reorganize and the debtor has no remaining assets.  *See In re Brogdon Inv. Co.,* 22 B.R. 546, 549 (Bankr. N.D. Ga. 1982) (dismissing a chapter 11 bankruptcy case in part where there was "simply nothing to reorganize, no creditors to benefit from the administration of the estate in court, and no reason to continue the reorganization").

96.     There is no hope of confirming a plan in these Chapter 11 Cases.  A condition to plan confirmation is the satisfaction in full of allowed administrative expense claims, which here is not possible.  11 U.S.C. § 1129(a)(9)(A).  Another condition to the confirmation of a plan is the satisfaction in full of all allowed priority tax claims.  11 U.S.C § 1129(a)(9)(C).  Here, priority tax claims total millions of dollars as a result of the Debtors' prepetition fraud.  Based upon the Trustee's projected *pro rata* payment of allowed administrative expenses, no plan could satisfy this requirement.

97.     After a Court determines that cause exists to dismiss a Chapter 11 case, it must also evaluate whether dismissal or conversion to a Chapter 7 is in the best interests of the creditors and the estate.  *See FRGR,* 419 B.R. at 580;  *In re Hampton Hotel Investors, L.P.* 270 B.R. 346, 359 (Bankr. S.D.N.Y. 2001).  The facts present in the Chapter

11 Cases demonstrate that dismissal, rather than conversion, is appropriate and in the best interests of the Estate and creditors.

98.     The Trustee issued numerous subpoenas and conducted a thorough investigation of the Debtors' financial affairs and believes he has uncovered and monetized all non-exempt assets of the Estate.  Further, the applicable statute of limitations for Estate avoidance actions contained in Bankruptcy Code section 546 have expired.  Accordingly, a Chapter 7 trustee would have nothing to administer – he or she would only distribute the Balance on Hand.  Consequently, converting these Chapter 11 Cases to Chapter 7 cases would not benefit creditors, and Chapter 7 administrative expenses would only further diminish the proceeds available for distribution to the holders of allowed administrative expense claims.

99.     Accordingly, based on the foregoing and the facts set forth herein, the Trustee respectfully submits that sufficient cause exists under Bankruptcy Code section 1112(b)(4) for dismissal of the Chapter 11 Cases, rather than conversion to a Chapter 7 case, and for the remaining Balance on Hand to be distributed as described herein and as provided on Exhibit "A" to the Proposed Order.  The Trustee further requests that upon his filing a Declaration confirming that the Balance on Hand has been fully disbursed, that his bond be cancelled, he be discharged, and that the Clerk of the Court issue a Final Decree closing these Chapter 11 Cases.

## NO PRIOR REQUEST

100.     No agreement or understanding exists between the Trustee and any other person for the sharing of compensation to be received for services rendered in

connection with these Chapter 11 Cases and, since the First, Second, Third, Fourth, Fifth

Sixth and Seventh Report, no request has been made by the Trustee for compensation.

101.    All services for which compensation is sought were performed by

the Trustee on behalf of the Debtors' estates, and not on behalf of any individual

creditor or party in interest.  The Trustee has not entered into any agreement, express or

implied, with any other party in interest for the purpose of fixing or sharing fees or

other compensation to be paid for professional services rendered in the Chapter 11

Cases.

## **CONCLUSION**

102.    The Trustee has served the Estate since his appointment in

September 2015.  He stepped into a case in complete disarray facing an enormous

financial hole and the potential for contentious litigation at every turn, and he has

aggressively pursued recoveries from uncooperative parties.  The Trustee has achieved

significant recoveries of Estate assets, resolved the last Adversary Proceedings since the

Seventh Report, and he fully investigated the Debtors' affairs and provided reports of

his investigation to this Court and to governmental agencies that were investigating the

Debtors' affairs.

**WHEREFORE**, the Trustee respectfully requests that this Court grant the relief requested in this Application by: (a) awarding him commissions on an interim and final bases in the amount of $994,035.20 for services rendered as the Trustee; (b) authorizing the Trustee to distribute the balance on hand ratably to the remaining holders of administrative expense claims, as fixed and allowed by this Court; (c) closing the Chapter 11 Cases following final distributions by the Trustee; and (d) such other and further relief as this Court deems just and proper.

DATED:  New York, New York
        September 21, 2022

                                        /s/James S. Feltman
                                        James S. Feltman, Trustee

## Exhibit 1

**Trustee's Form 2 – Receipts and Disbursements**

**Form 2**
**Estate Cash Receipts and Disbursements Record**

Case No: 15-12329
Case Name  Corporate Resource Services, Inc. et al

Taxpayer ID No:
For Period Ending: 7/31/2021

Trustee Name:      James Feltman, Chapter 11 Trustee
Bank Name:         TD Bank / Wells Fargo
Account Number / CD #[1]:    xxx-xxx4708 TD Bank Checking Account
                   xxx-xxx4587 TD Bank Checking Account
                   xxx-xxx4656 TD Bank Checking Account
                   xxx-xxx8219 WF Account

Blanket Bond (per case limit):        $     4,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Posting Date | Check or Reference | Paid To / Received From | Description Of Transaction | Bank Account | Deposit ($) | Disbursements ($) | Account / CD Balance ($) |
| 9/30/2015 | | | Credit, Endorsement Issue | ****4708 | 345,326.35 | - | 809,270.09 |
| 10/8/2015 | | | Deposit | ****4708 | 2,000.00 | - | 709,631.10 |
| 10/9/2015 | | Sea Breeze Packaging, LLC | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 21,808.99 | - | 719,725.39 |
| 10/9/2015 | | Kencraft Confections LLC | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 14,777.78 | - | 734,503.17 |
| 10/9/2015 | | Qwest Diagnostics | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 130.00 | - | 734,633.17 |
| 10/9/2015 | | Qwest Diagnostics | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 70.00 | - | 734,703.17 |
| 10/9/2015 | | Qwest Diagnostics | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 70.00 | - | 734,773.17 |
| 10/9/2015 | | Qwest Diagnostics | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 60.00 | - | 734,833.17 |
| 10/9/2015 | | Qwest Diagnostics | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 110.00 | - | 734,943.17 |
| 10/9/2015 | | Qwest Diagnostics | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 110.00 | - | 735,053.17 |
| 10/20/2015 | 3130369 | Health & Hospitals Corporation | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 6,204.75 | - | 726,008.26 |
| 10/20/2015 | 3118729 | Health & Hospitals Corporation | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 887.50 | - | 726,895.76 |
| 10/20/2015 | 3117524 | Health & Hospitals Corporation | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 9,821.50 | - | 736,717.26 |
| 10/28/2015 | | TD Bank | Deposit Return Chargeback | ****4708 | 41,187.86 | - | 711,702.05 |
| 10/29/2015 | | Flex Employee Services, LLC | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 41,187.86 | - | 746,783.99 |
| 11/5/2015 | 3132892 | Health & Hospitals Corporation | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 19,205.00 | - | 753,138.81 |
| 11/5/2015 | 14597740 | Qwest Diagnostics | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 120.00 | - | 753,258.81 |
| 11/5/2015 | 28484836 | Ceva Logistics US Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 356.44 | - | 753,615.25 |
| 11/11/2015 | 10076864 | jcpSSC, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 2,203.25 | - | 755,818.50 |
| 11/11/2015 | 8769660 | Ohio Bureau of Workers' Compensation | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 299.50 | - | 756,118.00 |
| 11/11/2015 | 1361897 | Southern Wine & Spirits of America, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 1,229.29 | - | 757,347.29 |
| 11/16/2015 | 16042803 | Verizon Wireless | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 45 | - | 751,340.00 |
| 11/16/2015 | 16042595 | Verizon Wireless | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 30 | - | 751,370.00 |
| 11/16/2015 | 14611393 | Qwest Diagnostics | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 60 | - | 751,430.00 |
| 11/16/2015 | 16247797 | Comcast Financial Agency Corporation | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 110 | - | 751,540.00 |
| 12/4/2015 | 1323 | Massachusetts Iolta Trusta Accounts Dunbar Law PC | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 4,000.00 | - | 2,998,760.86 |
| 12/4/2015 | 2215 | Abigail Miller Levy | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 6,864.00 | - | 3,005,624.86 |
| 1/4/2016 | 15452 | SMART | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 78,762.22 | - | 3,053,540.21 |
| 1/4/2016 | 15451 | SMART | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 2,996.45 | - | 3,056,536.66 |
| 1/4/2016 | 15450 | SMART | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 43.30 | - | 3,056,579.96 |
| 1/4/2016 | 15453 | SMART | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 32.04 | - | 3,056,612.00 |
| 1/4/2016 | 15454 | SMART | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 10,017.71 | - | 3,066,629.71 |
| 1/4/2016 | 14731593 | Quest Diagnostics | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 150.00 | - | 3,066,779.71 |
| 1/4/2016 | 14696539 | Quest Diagnostics | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 50.00 | - | 3,066,829.71 |
| 1/4/2016 | 14680594 | Quest Diagnostics | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 50.00 | - | 3,066,879.71 |
| 1/4/2016 | 720939 | eScreen, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 200.00 | - | 3,067,079.71 |
| 1/4/2016 | 14717490 | Quest Diagnostics | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 70.00 | - | 3,067,149.71 |
| 1/4/2016 | 1001073 | KIMCO Realty | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 259.48 | - | 3,067,409.19 |
| 1/4/2016 | 1363117 | Southern Wine & Spirits of America, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 371.53 | - | 3,067,780.72 |
| 1/4/2016 | 2445 | Impremedia Operating Company LLC` | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 46.30 | - | 3,067,827.02 |
| 1/4/2016 | 16040713 | Verizon Wireless | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 15.00 | - | 3,067,842.02 |
| 1/12/2016 | | Kencraft Confections LLC | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 3,129.79 | - | 2,994,428.73 |
| 2/1/2016 | 2736 | Tactical Logistic Solutions Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 5,000.00 | - | 3,196,921.01 |
| 2/1/2016 | 3006374 | Matheson Flight Extenders, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 1,708.80 | - | 3,198,629.81 |
| 2/4/2016 | | O'Neill Logistic | Payments Wired Relating to Outstanding Accounts Receivables | ****4708 | 1.00 | - | 3,207,577.71 |
| 2/5/2016 | | O'Neill Logistic | Payments Wired Relating to Outstanding Accounts Receivables | ****4708 | 100,000.00 | - | 3,257,577.71 |
| 2/8/2016 | 60000733 | Hyatt Shared Service Center | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 16,409.87 | - | 3,324,579.43 |
| 2/8/2016 | 90304 | Salsbury Industries | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 251.70 | - | 3,324,831.13 |
| 2/8/2016 | 16506 | K&K Thermoforming, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 504.00 | - | 3,325,335.13 |
| 2/8/2016 | 744922 | Volusia County Florida | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 181.32 | - | 3,325,516.45 |
| 2/8/2016 | 11868 | C&L Custom Varsity Jackets, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 1,445.32 | - | 3,326,961.77 |
| 2/8/2016 | 20525 | MODA Express USA, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 2,923.50 | - | 3,329,885.27 |

**Form 2**
**Estate Cash Receipts and Disbursements Record**

Case No:    15-12329
Case Name  Corporate Resource Services, Inc. et al

Taxpayer ID No:
For Period Ending: 7/31/2021

Trustee Name:          James Feltman, Chapter 11 Trustee
Bank Name:             TD Bank / Wells Fargo
Account Number / CD #[1]:  xxx-xxx4708 TD Bank Checking Account
                       xxx-xxx4587 TD Bank Checking Account
                       xxx-xxx4656 TD Bank Checking Account
                       xxx-xxx8219 WF Account

Blanket Bond (per case limit):    $    4,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Posting Date | Check or Reference | Paid To / Received From | Description Of Transaction | Bank Account | Deposit ($) | Disbursements ($) | Account / CD Balance ($) |
| 2/8/2016 | 5222517 | Premier Transportation | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 83.98 | - | 3,329,969.25 |
| 2/8/2016 | 4041 | Western Case, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 169.67 | - | 3,330,138.92 |
| 2/8/2016 | 609670 | Sugar Foods Corporation | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 17.18 | - | 3,330,156.10 |
| 2/8/2016 | 80994 | GSC Logistics, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 304.48 | - | 3,330,460.58 |
| 2/8/2016 | 190849 | North Iowa Community Action Organization | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 207.00 | - | 3,330,667.58 |
| 2/8/2016 | 52563 | Corrugated Supplies Company, LLC | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 1,250.08 | - | 3,331,917.66 |
| 2/8/2016 | 1090 | MA Brands Worldwide Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 383.30 | - | 3,332,300.96 |
| 2/9/2016 | | O'Neill Logistic | Payments Wired Relating to Outstanding Accounts Receivables | ****4708 | 100,000.00 | - | 3,424,729.03 |
| 2/26/2016 | 503236 | Modular Container Systems | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 10,595.30 | - | 3,630,326.03 |
| 2/26/2016 | 191620 | Service Steel Aerospace Corp. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 2,988.00 | - | 3,633,314.03 |
| 2/26/2016 | 46949 | Sterling Vault Company | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 1,784.12 | - | 3,635,098.15 |
| 2/26/2016 | 29031 | Bon-Aire Motel | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 58.55 | - | 3,635,156.70 |
| 2/26/2016 | 31477 | Conoley Citrus Packers, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 58.59 | - | 3,635,215.29 |
| 2/26/2016 | 14447 | General Tool Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 88.06 | - | 3,635,303.35 |
| 2/26/2016 | 526670 | Basic Fibres, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 242.71 | - | 3,635,546.06 |
| 2/26/2016 | 3833 | S2 Engineering, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 339.82 | - | 3,635,885.88 |
| 2/26/2016 | 1006.2 | Infinite Herbs | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 1,006.20 | - | 3,636,892.08 |
| 2/26/2016 | 67289 | Citizens of Humanity, LLC | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 4,036.53 | - | 3,640,928.61 |
| 2/26/2016 | 936032 | AON | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 900.00 | - | 3,641,828.61 |
| 2/26/2016 | 2148 | Hord Services, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 1,526.37 | - | 3,643,354.98 |
| 2/26/2016 | 8975 | United Maintenance Company, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 10.96 | - | 3,643,365.94 |
| 2/26/2016 | 44960 | AON | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 6,668.06 | - | 3,650,034.00 |
| 3/15/2016 | 169822 | Dart International | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 56.80 | - | 2,890,997.57 |
| 3/15/2016 | 4625 | Topmost World, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 60.30 | - | 2,891,057.87 |
| 3/15/2016 | 1712 | United Employment Solutions & Payroll | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 175.01 | - | 2,891,232.88 |
| 3/15/2016 | 15564 | Gulf Coast Floor Maintenance Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 2,101.63 | - | 2,893,334.51 |
| 3/15/2016 | 2125 | Trek Bicycle Corp. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 50.40 | - | 2,893,384.91 |
| 3/15/2016 | 5000074 | AMA Plastics | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 165.06 | - | 2,893,549.97 |
| 3/15/2016 | 65608 | Distribution Alternatives | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 106,718.38 | - | 3,000,268.35 |
| 3/15/2016 | 11866342 | Pioneer Hi-Bred International, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 1,011.61 | - | 3,001,279.96 |
| 3/15/2016 | 160838 | Williamson Automotive | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 79.75 | - | 3,001,359.71 |
| 3/15/2016 | 7277900 | Gulfeagle Supply, Corporate | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 48.00 | - | 3,001,407.71 |
| 3/15/2016 | 19422 | Direct Pack, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 21,517.08 | - | 3,022,924.79 |
| 3/15/2016 | 1321 | Premier MOP & Broom | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 4,025.88 | - | 3,026,950.67 |
| 3/15/2016 | 39325 | A & Z Produce | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 908.71 | - | 3,027,859.38 |
| 3/15/2016 | 44047 | Madison Resource Funding Corp. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 6,254.71 | - | 3,034,114.09 |
| 3/15/2016 | 27946 | OW Lee Co. Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 51,758.67 | - | 3,085,872.76 |
| 3/15/2016 | 17214 | Plenus Group, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 35,000.00 | - | 3,120,872.76 |
| 3/18/2016 | | American Logistics | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 100,000.00 | - | 3,204,235.40 |
| 3/24/2016 | 2830 | Tactical Logistic Solutions Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 2,000.00 | - | 3,316,144.83 |
| 3/24/2016 | 56218 | CDA - Optical Expert | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 41,666.67 | - | 3,357,811.50 |
| 3/24/2016 | 329867 | Gelmart Industries, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 13,822.40 | - | 3,371,633.90 |
| 3/24/2016 | 38371 | La Ronga Bakery, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 15,000.00 | - | 3,386,633.90 |
| 3/24/2016 | 38370 | La Ronga Bakery, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 5,000.00 | - | 3,391,633.90 |
| 3/28/2016 | 17302 | Plenus Group, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 11,306.12 | - | 3,396,893.35 |
| 3/28/2016 | 39317 | North Bay Distribution | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 80,000.00 | - | 3,476,893.35 |
| 4/5/2016 | | Avalon Cold Storage, LLC | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 10,000.00 | - | 3,622,210.50 |
| 4/7/2016 | | La Ronga Bakery, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 5,000.00 | - | 3,602,037.40 |
| 4/13/2016 | 62204 | Port Logistics Group, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 51,195.53 | - | 3,663,843.06 |
| 4/13/2016 | 16401 | Pinto Express, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 16,484.55 | - | 3,680,327.61 |
| 4/13/2016 | 716670 | City of St. Petersburg | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 10,475.11 | - | 3,690,802.72 |
| 4/13/2016 | 20489 | Rainbow Sign & Design | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 301.35 | - | 3,691,104.07 |

**Form 2**
**Estate Cash Receipts and Disbursements Record**

Case No:    15-12329
Case Name  Corporate Resource Services, Inc. et al

Taxpayer ID No:
For Period Ending: 7/31/2021

Trustee Name:         James Feltman, Chapter 11 Trustee
Bank Name:            TD Bank / Wells Fargo
Account Number / CD #[1]:   xxx-xxx4708 TD Bank Checking Account
                      xxx-xxx4587 TD Bank Checking Account
                      xxx-xxx4656 TD Bank Checking Account
                      xxx-xxx8219 WF Account

Blanket Bond (per case limit):    $    4,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Posting Date | Check or Reference | Paid To / Received From | Description Of Transaction | Bank Account | Deposit ($) | Disbursements ($) | Account / CD Balance ($) |
| 4/13/2016 | 23011 | Hillcrest Development, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 140.40 | - | 3,691,244.47 |
| 4/14/2016 | | TD Bank | Deposit Correction | ****4708 | 1,834.56 | - | 3,693,079.03 |
| 4/15/2016 | | Special Dispatch of California, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 50,000.00 | - | 3,738,081.22 |
| 4/18/2016 | 17517 | Plenus Group, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 12,862.99 | - | 3,758,663.09 |
| 4/18/2016 | 10824 | FDNY Foundation, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 4,122.44 | - | 3,762,785.53 |
| 4/18/2016 | 1054 | DC logistics Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 17,723.80 | - | 3,780,509.33 |
| 4/20/2016 | 2265 | Candid Research, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 5,019.24 | - | 3,785,528.57 |
| 4/20/2016 | 56471 | CDA - Optical Expert | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 41,666.67 | - | 3,827,195.24 |
| 4/20/2016 | 35110 | Scope | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 5,772.16 | - | 3,832,967.40 |
| 4/20/2016 | | Capacity | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 750,000.00 | - | 4,582,967.40 |
| 5/2/2016 | | Avalon Cold Storage, LLC | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 10,000.00 | - | 4,428,293.75 |
| 5/5/2016 | 38548 | La Ronga Bakery, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 5,000.00 | - | 4,432,519.56 |
| 5/5/2016 | 44165 | Summit | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 5,000.00 | - | 4,437,519.56 |
| 5/5/2016 | 105204 | UMAC | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 80.72 | - | 4,437,600.28 |
| 5/5/2016 | 11428 | American Aerogel Corporation | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 10,550.68 | - | 4,448,150.96 |
| 5/5/2016 | 17570 | Plenus Group, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 12,635.58 | - | 4,460,786.54 |
| 5/5/2016 | 17588 | Plenus Group, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 12,684.53 | - | 4,473,471.07 |
| 5/5/2016 | 20083891 | Angelica | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 28,247.35 | - | 4,501,718.42 |
| 5/5/2016 | 11267 | American Nonwovens, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 50,878.90 | - | 4,552,597.32 |
| 5/13/2016 | | Special Dispatch of California, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 12,500.00 | - | 4,559,290.61 |
| 5/26/2016 | 39697 | North Bay Distribution, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 80,000.00 | - | 4,676,599.50 |
| 5/26/2016 | 2893 | Tactical Logistic Solutions Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 2,500.00 | - | 4,679,099.50 |
| 5/26/2016 | 225 | Calpack Foods, LLC. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 13,384.64 | - | 4,692,484.14 |
| 5/31/2016 | | Pohl Inc. of America | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 3,000.00 | - | 4,656,539.36 |
| 6/2/2016 | | Avalon Cold Storage, LLC | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 10,000.00 | - | 4,673,325.56 |
| 6/6/2016 | | Flex Employee Services, LLC | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 257,475.00 | - | 4,492,342.73 |
| 6/9/2016 | 171509 | Community Development Commission - LA | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 5,049.00 | - | 4,484,995.48 |
| 6/9/2016 | 56802 | CDA - Optical Expert | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 41,666.67 | - | 4,526,662.15 |
| 6/9/2016 | 38796 | La Ronga Bakery, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 2,500.00 | - | 4,529,162.15 |
| 6/9/2016 | 2926 | Tactical Logistic Solutions Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 2,500.00 | - | 4,531,662.15 |
| 6/9/2016 | 6853 | The Lyndon Group, LLC | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 7,000.00 | - | 4,538,662.15 |
| 6/9/2016 | 32 6001369904 | SS Electrical Services LLC | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 11,268.00 | - | 4,549,930.15 |
| 6/13/2016 | | G&N Construction, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 2,000.00 | - | 4,547,805.39 |
| 6/17/2016 | | Special Dispatch of California, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 50,000.00 | - | 4,605,654.92 |
| 6/21/2016 | 37703 | LRB Trucking | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 22,269.37 | - | 4,627,924.29 |
| 6/21/2016 | 66-156/531 | JCPssc, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 87,418.64 | - | 4,715,342.93 |
| 6/21/2016 | 66-156/531 | JCPssc, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 8,882.37 | - | 4,724,225.30 |
| 6/21/2016 | 25333 | Performance Freight Systems, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 3,000.00 | - | 4,727,225.30 |
| 6/21/2016 | 38883 | La Ronga Bakery, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 3,000.00 | - | 4,730,225.30 |
| 6/21/2016 | E1000625028 | Burlington Coat Factory | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 12,625.44 | - | 4,742,850.74 |
| 6/21/2016 | 57061 | CDA - Optical Expert | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 41,666.67 | - | 4,784,517.41 |
| 7/1/2016 | | Avalon Cold Storage, LLC | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 10,000.00 | - | 4,786,176.57 |
| 7/8/2016 | 44523 | Madison Resource Funding Corp. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 1,859.76 | - | 4,786,722.67 |
| 7/8/2016 | 1038 | Always Express | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 6,238.85 | - | 4,792,961.52 |
| 7/8/2016 | 78634435 | ET Publishing International Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 10,269.91 | - | 4,803,231.43 |
| 7/8/2016 | 282509 | Worldmark The Club | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 4,240.16 | - | 4,807,471.59 |
| 7/8/2016 | 3101 | Final Balance, CRS Disbursements | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 306.25 | - | 4,807,777.84 |
| 7/8/2016 | 6864 | The Lyndon Group, LLC | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 7,500.00 | - | 4,818,852.84 |
| 7/8/2016 | 12261 | Essentials | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 15,898.05 | - | 4,834,750.89 |
| 7/8/2016 | 1554 | Premier Packaging, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 21,869.15 | - | 4,856,620.04 |
| 7/8/2016 | 326441 | Sybron Dental | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 68,829.36 | - | 4,925,449.40 |
| 7/14/2016 | | G&N Construction, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 8,383.02 | - | 4,934,287.84 |

**Form 2**
**Estate Cash Receipts and Disbursements Record**

| | | |
|---|---|---|
| Case No: | 15-12329 | |
| Case Name | Corporate Resource Services, Inc. et al | |
| | | |
| Taxpayer ID No: | | |
| For Period Ending: 7/31/2021 | | |

| | |
|---|---|
| Trustee Name: | James Feltman, Chapter 11 Trustee |
| Bank Name: | TD Bank / Wells Fargo |
| Account Number / CD #[1]: | xxx-xxx4708 TD Bank Checking Account |
| | xxx-xxx4587 TD Bank Checking Account |
| | xxx-xxx4656 TD Bank Checking Account |
| | xxx-xxx8219 WF Account |
| | |
| Blanket Bond (per case limit): | $    4,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Posting Date | Check or Reference | Paid To / Received From | Description Of Transaction | Bank Account | Deposit ($) | Disbursements ($) | Account / CD Balance ($) |
| 7/14/2016 | 2962 | Tactical Logistic Solutions Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 3,000.00 | - | 4,933,202.96 |
| 7/14/2016 | 38952 | La Ronga Bakery, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 3,000.00 | - | 4,936,202.96 |
| 7/14/2016 | 618010622 | Sullivanston Factory Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 10,000.00 | - | 4,946,202.96 |
| 7/14/2016 | 618010621 | Sully Green Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 10,000.00 | - | 4,956,202.96 |
| 7/14/2016 | | BM Rebate | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 600.00 | - | 4,956,802.96 |
| 7/15/2016 | | Orion Distribution Corp | Settlement Payment | ****4708 | 50,000.00 | - | 5,006,802.96 |
| 7/15/2016 | | Special Dispatch of California, Inc. | Settlement Payment | ****4708 | 12,500.00 | - | 5,019,302.96 |
| 7/25/2016 | 3181401 | NYC Health & Hospital | Settlement Payment | ****4708 | 351,777.00 | - | 3,112,007.18 |
| 7/29/2016 | 25427 | Performance Freight Systems, Inc. | Payment for Outstanding Professional Fees Incurred | ****4708 | 3,000.00 | - | 3,043,874.41 |
| 7/29/2016 | 1639 | Lemark Holdings, LLC | Settlement Payment | ****4708 | 19,000.00 | - | 3,062,874.41 |
| 7/29/2016 | 39073 | La Ronga Bakery, Inc. | Payment for Outstanding Professional Fees Incurred | ****4708 | 3,000.00 | - | 3,065,874.41 |
| 7/29/2016 | 57327 | CDA - Optical Expert | Payment for Outstanding Professional Fees Incurred | ****4708 | 41,666.67 | - | 3,107,541.08 |
| 7/29/2016 | 38549 | Kettle Cuisine | Settlement Payment | ****4708 | 137,500.00 | - | 3,245,041.08 |
| 7/29/2016 | 12289 | Essentials | Settlement Payment | ****4708 | 15,898.05 | - | 3,260,939.13 |
| 7/29/2016 | 1555 | Premier Packaging, Inc. | Settlement Payment | ****4708 | 21,869.15 | - | 3,282,808.28 |
| 8/1/2016 | | Sterling National Bank | Settlement Payment | ****4708 | 294,462.83 | - | 3,573,431.39 |
| 8/1/2016 | | Incipio, LLC | Settlement Payment | ****4708 | 50,000.00 | - | 3,623,431.39 |
| 8/1/2016 | | Avalon Cold Storage, LLC | Settlement Payment | ****4708 | 10,000.00 | - | 3,633,431.39 |
| 8/10/2016 | 39141 | La Ronga Bakery, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 3,000.00 | - | 3,630,547.40 |
| 8/10/2016 | 150863 | Evy of California | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 50,000.00 | - | 3,680,547.40 |
| 8/10/2016 | 3000 | Tactical Logistic Solutions Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 2,500.00 | - | 3,683,047.40 |
| 8/10/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 595.20 | - | 3,686,277.07 |
| 8/10/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 372.00 | - | 3,686,649.07 |
| 8/10/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 372.00 | - | 3,687,021.07 |
| 8/10/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 372.00 | - | 3,687,393.07 |
| 8/10/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 372.00 | - | 3,687,765.07 |
| 8/10/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 372.00 | - | 3,688,137.07 |
| 8/10/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 334.80 | - | 3,688,471.87 |
| 8/10/2016 | | EEOC | CCD Deposit, TCS Treas 449 Misc Pay | ****4708 | 76.54 | - | 3,688,548.41 |
| 8/10/2016 | | EEOC | CCD Deposit, TCS Treas 449 Misc Pay | ****4708 | 1.00 | - | 3,688,549.41 |
| 8/10/2016 | | EEOC | CCD Deposit, TCS Treas 449 Misc Pay | ****4708 | 1.00 | - | 3,688,550.41 |
| 8/15/2016 | | Special Dispatch of California, Inc. | Settlement Payment | ****4708 | 12,500.00 | - | 3,695,112.44 |
| 8/19/2016 | 3187030 | NYC Health & Hospital | Settlement Payment | ****4708 | 679,554.79 | - | 3,896,446.81 |
| 8/19/2016 | 3187718 | NYC Health & Hospital | Settlement Payment | ****4708 | 270,446.00 | - | 4,166,892.81 |
| 9/1/2016 | | Avalon Cold Storage, LLC | Settlement Payment | ****4708 | 10,000.00 | - | 4,135,196.57 |
| 9/7/2016 | | Orion Distribution Corp | Settlement Payment | ****4708 | 50,000.00 | - | 4,185,196.57 |
| 9/12/2016 | 9514998 | Walmart | Settlement Payment | ****4708 | 18,479.30 | - | 4,177,083.97 |
| 9/12/2016 | 3189300 | NYC Health & Hospital | Settlement Payment | ****4708 | 5,146.92 | - | 4,182,230.89 |
| 9/12/2016 | | Miscellaneous | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 338.50 | - | 4,182,569.39 |
| 9/15/2016 | | Special Dispatch of California, Inc. | Settlement Payment | ****4708 | 12,500.00 | - | 4,191,064.72 |
| 9/30/2016 | | Orion Distribution Corp | Settlement Payment | ****4708 | 50,000.00 | - | 3,691,793.64 |
| 10/3/2016 | | Avalon Cold Storage, LLC | Settlement Payment | ****4708 | 10,000.00 | - | 3,717,300.97 |
| 10/7/2016 | 3045 | Tactical Logistic Solutions Inc. | Settlement Payment | ****4708 | 2,500.00 | - | 3,700,491.01 |
| 10/7/2016 | 39230 | La Ronga Bakery, Inc. | Settlement Payment | ****4708 | 3,000.00 | - | 3,703,491.01 |
| 10/7/2016 | 39303 | La Ronga Bakery, Inc. | Settlement Payment | ****4708 | 3,000.00 | - | 3,706,491.01 |
| 10/7/2016 | 3095 | Tactical Logistic Solutions Inc. | Settlement Payment | ****4708 | 2,500.00 | - | 3,708,991.01 |
| 10/13/2016 | | Performance Freight Systems, Inc. | Settlement Payment | ****4708 | 3,204.33 | - | 3,714,317.92 |
| 10/14/2016 | | Special Dispatch of California, Inc. | Settlement Payment | ****4708 | 12,500.00 | - | 3,726,817.92 |
| 10/14/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 1,058.40 | - | 3,727,876.32 |
| 10/14/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 1,058.40 | - | 3,728,934.72 |
| 10/14/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 1,058.40 | - | 3,729,993.12 |
| 10/14/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 1,058.40 | - | 3,731,051.52 |

**Form 2**
**Estate Cash Receipts and Disbursements Record**

Case No:   15-12329
Case Name   Corporate Resource Services, Inc. et al

Taxpayer ID No:
For Period Ending: 7/31/2021

Trustee Name:   James Feltman, Chapter 11 Trustee
Bank Name:   TD Bank / Wells Fargo
Account Number / CD #[1]:   xxx-xxx4708 TD Bank Checking Account
xxx-xxx4587 TD Bank Checking Account
xxx-xxx4656 TD Bank Checking Account
xxx-xxx8219 WF Account

Blanket Bond (per case limit):   $    4,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Posting Date | Check or Reference | Paid To / Received From | Description Of Transaction | Bank Account | Deposit ($) | Disbursements ($) | Account / CD Balance ($) |
| 10/14/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 1,058.40 | - | 3,732,109.92 |
| 10/14/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 1,058.40 | - | 3,733,168.32 |
| 10/14/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 1,058.40 | - | 3,734,226.72 |
| 10/14/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 1,058.40 | - | 3,735,285.12 |
| 10/14/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 793.80 | - | 3,736,078.92 |
| 10/14/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 599.76 | - | 3,736,678.68 |
| 10/14/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 370.44 | - | 3,737,049.12 |
| 10/14/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 335.16 | - | 3,737,384.28 |
| 10/14/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 1,058.40 | - | 3,738,442.68 |
| 10/14/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 1,058.40 | - | 3,739,501.08 |
| 10/14/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 1,058.40 | - | 3,740,559.48 |
| 10/14/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 1,058.40 | - | 3,741,617.88 |
| 10/14/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 1,058.40 | - | 3,742,676.28 |
| 10/17/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 1,058.40 | - | 3,743,734.68 |
| 10/17/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 1,058.40 | - | 3,744,793.08 |
| 10/17/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 1,058.40 | - | 3,745,851.48 |
| 10/17/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 1,058.40 | - | 3,746,909.88 |
| 10/17/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 1,058.40 | - | 3,747,968.28 |
| 10/17/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 1,058.40 | - | 3,749,026.68 |
| 10/17/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 1,058.40 | - | 3,750,085.08 |
| 10/17/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 1,058.40 | - | 3,751,143.48 |
| 10/17/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 1,058.40 | - | 3,752,201.88 |
| 10/17/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 1,058.40 | - | 3,753,260.28 |
| 10/17/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 1,058.40 | - | 3,754,318.68 |
| 10/17/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 846.72 | - | 3,755,165.40 |
| 10/17/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 846.72 | - | 3,756,012.12 |
| 10/17/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 846.72 | - | 3,756,858.84 |
| 10/17/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 846.72 | - | 3,757,705.56 |
| 10/17/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 829.08 | - | 3,758,534.64 |
| 10/17/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 776.16 | - | 3,759,310.80 |
| 10/17/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 776.16 | - | 3,760,086.96 |
| 10/17/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 776.16 | - | 3,760,863.12 |
| 10/17/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 564.48 | - | 3,761,427.60 |
| 10/17/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 564.48 | - | 3,761,992.08 |
| 10/17/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 405.72 | - | 3,762,397.80 |
| 10/27/2016 | | Sodexo | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 18,548.38 | - | 3,779,043.08 |
| 10/27/2016 | | NYHRA | Settlement Payment | ****4708 | 526,176.72 | - | 4,305,219.80 |
| 10/27/2016 | | NYHRA | Settlement Payment | ****4708 | 5,605.98 | - | 4,310,825.78 |
| 11/1/2016 | | Orion Distribution Corp | Settlement Payment | ****4708 | 50,000.00 | - | 4,373,149.43 |
| 11/1/2016 | | Avalon Cold Storage, LLC | Settlement Payment | ****4708 | 10,000.00 | - | 4,383,149.43 |
| 11/15/2016 | | Special Dispatch of California, Inc. | Wire Transfer - Settlement Installment Payment | ****4708 | 12,500.00 | - | 3,828,209.16 |
| 11/18/2016 | | Tactical Logistic Solutions, Inc. | Settlement Payment | ****4708 | 2,500.00 | - | 3,749,169.94 |
| 11/28/2016 | | EEOC | CCD Deposit, ID Treas 310 Misc Pay | ****4708 | 2,116.80 | - | 3,746,795.03 |
| 12/1/2016 | | Avalon Cold Storage, LLC | Settlement Installment Payment | ****4708 | 10,000.00 | - | 3,741,696.04 |
| 12/1/2016 | | Orion Distribution Corp | Settlement Installment Payment | ****4708 | 103,910.65 | - | 3,845,606.69 |
| 12/15/2016 | | TNT Plastic Molding, Inc. | Wire Transfer - Settlement Installment Payment | ****4708 | 30,000.00 | - | 3,401,716.63 |
| 12/15/2016 | | Special Dispatch of California, Inc. | Wire Transfer - Settlement Installment Payment | ****4708 | 12,500.00 | - | 3,414,216.63 |
| 1/3/2017 | | Avalon Cold Storage, LLC | Wire Transfer - Settlement Installment Payment | ****4708 | 10,000.00 | - | 3,183,383.63 |
| 1/13/2017 | | Special Dispatch of California, Inc. | Wire Transfer - Settlement Installment Payment | ****4708 | 12,500.00 | - | 3,187,453.75 |
| 1/17/2017 | | CDA - Optical Expert | Settlement Installment Payment | ****4708 | 20,833.34 | - | 3,207,676.41 |
| 1/27/2017 | | Papa Johns | Settlement Installment Payment | ****4708 | 60,000.00 | - | 3,015,086.57 |
| 1/27/2017 | | TNT Plastic Molding, Inc. | Wire Transfer - Settlement Installment Payment | ****4708 | 100,000.00 | - | 3,115,086.57 |

**Form 2**
**Estate Cash Receipts and Disbursements Record**

Case No:   15-12329
Case Name  Corporate Resource Services, Inc. et al

Taxpayer ID No:
For Period Ending: 7/31/2021

Trustee Name:          James Feltman, Chapter 11 Trustee
Bank Name:             TD Bank / Wells Fargo
Account Number / CD #[1]:   xxx-xxx4708 TD Bank Checking Account
                       xxx-xxx4587 TD Bank Checking Account
                       xxx-xxx4656 TD Bank Checking Account
                       xxx-xxx8219 WF Account

Blanket Bond (per case limit):     $    4,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Posting Date | Check or Reference | Paid To / Received From | Description Of Transaction | Bank Account | Deposit ($) | Disbursements ($) | Account / CD Balance ($) |
| 2/15/2017 | | Special Dispatch of California, Inc. | Wire Transfer - Settlement Installment Payment | ****4708 | 12,500.00 | - | 2,596,269.16 |
| 2/16/2017 | | CDA - Optical Expert | Settlement Installment Payment | ****4708 | 20,833.33 | - | 2,612,931.36 |
| 2/16/2017 | | UNFCU Financial Services, LLC | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 188.49 | - | 2,613,119.85 |
| 2/16/2017 | | Pitney Bowes | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 156.00 | - | 2,613,275.85 |
| 2/16/2017 | | Escreen, Inc. | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 30.00 | - | 2,613,305.85 |
| 2/16/2017 | | Qwest Diagnostics | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 10.00 | - | 2,613,315.85 |
| 2/16/2017 | | County of Los Angeles | Payments Received Relating to Outstanding Accounts Receivables | ****4708 | 30.00 | - | 2,613,345.85 |
| 2/23/2017 | | TNT Plastic Molding, Inc. | Wire Transfer - Settlement Installment Payment | ****4708 | 5,555.55 | - | 2,615,756.22 |
| 2/24/2017 | | Taylored Services, LLC | Wire Transfer - Settlement Installment Payment | ****4708 | 100,000.00 | - | 2,715,756.22 |
| 3/7/2017 | | Internal Transfer | Release of Flex Amounts in Escrow | ****4708 | 500,793.32 | - | 3,175,048.70 |
| 3/15/2017 | | Special Dispatch of California, Inc. | Wire Transfer - Settlement Installment Payment | ****4708 | 12,500.00 | - | 4,682,153.91 |
| 3/23/2017 | | TNT Plastic Molding, Inc. | Wire Transfer - Settlement Installment Payment | ****4708 | 5,555.55 | - | 4,132,971.89 |
| 4/4/2017 | | Taylored Services, LLC | Wire Transfer - Settlement Installment Payment | ****4708 | 20,000.00 | - | 3,850,313.70 |
| 4/7/2017 | | JAMS, Inc. | Refund | ****4708 | 716.33 | - | 3,929,598.90 |
| 4/21/2017 | | TNT Plastic Molding, Inc. | Wire Transfer - Settlement Installment Payment | ****4708 | 5,555.55 | - | 3,917,221.41 |
| 5/2/2017 | | Taylored Services, LLC | Wire Transfer - Settlement Installment Payment | ****4708 | 20,000.00 | - | 3,888,108.94 |
| 5/4/2017 | | MTV Network | Wire Transfer - Viacom Payment for Outstanding Accounts Receivable | ****4708 | 118,477.17 | - | 3,937,539.89 |
| 5/23/2017 | | TNT Plastic Molding, Inc. | Wire Transfer - Settlement Installment Payment | ****4708 | 5,555.55 | - | 5,213,053.15 |
| 5/30/2017 | | Avalon Cold Storage, LLC | Wire Transfer - Mistakenly Transferred to the Estate | ****4708 | 17,480.94 | - | 5,221,344.60 |
| 6/2/2017 | | Taylored Services, LLC | Wire Transfer - Settlement Installment Payment | ****4708 | 20,000.00 | - | 5,234,504.99 |
| 6/21/2017 | | JAMS, Inc. | Refund | ****4708 | 683.77 | - | 4,646,690.58 |
| 6/23/2017 | | TNT Plastic Molding, Inc. | Wire Transfer - Settlement Installment Payment | ****4708 | 5,555.55 | - | 4,648,241.46 |
| 7/5/2017 | | Taylored Services, LLC | Wire Transfer - Settlement Installment Payment | ****4708 | 20,000.00 | - | 4,664,457.88 |
| 7/14/2017 | | Griffin Hamersky LLP | Wire Transfer - Viacom Payment for Outstanding Accounts Receivable | ****4708 | 139,716.04 | - | 4,662,883.00 |
| 7/24/2017 | | TNT Plastic Molding, Inc. | Wire Transfer - Settlement Installment Payment | ****4708 | 5,555.55 | - | 5,906,215.66 |
| 8/2/2017 | | Taylored Services, LLC | Wire Transfer - Settlement Installment Payment | ****4708 | 20,000.00 | - | 5,921,338.75 |
| 8/21/2017 | | Simply Natural Foods, LLC | Wire Transfer - Settlement Payment | ****4708 | 44,000.00 | - | 5,346,576.91 |
| 8/23/2017 | | TNT Plastic Molding, Inc. | Wire Transfer - Settlement Installment Payment | ****4708 | 5,555.55 | - | 5,352,132.46 |
| 9/5/2017 | | Taylored Services, LLC | Wire Transfer - Settlement Installment Payment | ****4708 | 20,000.00 | - | 5,330,798.45 |
| 9/25/2017 | | TNT Plastic Molding, Inc. | Wire Transfer - Settlement Installment Payment | ****4708 | 5,555.55 | - | 4,885,153.28 |
| 10/3/2017 | | Taylored Services, LLC | Wire Transfer - Settlement Installment Payment | ****4708 | 20,000.00 | - | 4,845,073.49 |
| 10/23/2017 | | TNT Plastic Molding, Inc. | Wire Transfer - Settlement Installment Payment | ****4708 | 5,555.55 | - | 4,766,339.71 |
| 10/24/2017 | | Jaemar, Inc. | Settlement Installment Payment | ****4708 | 5,000.00 | - | 4,771,339.71 |
| 11/1/2017 | | Duff & Phelps, LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 217,562.01 | 4,550,737.92 |
| 11/1/2017 | | Togut, Seagal & Segal | Payment for Outstanding Professional Fees Incurred | ****4587 | | 191,562.01 | 4,359,175.91 |
| 11/1/2017 | | Con Edison | Accounts Payable - Con Edison Online PMT CKF****87470POS | ****4587 | | 910.72 | 4,349,490.19 |
| 11/1/2017 | | Verizon | Accounts Payable - Verizon Online PMT CKF****87470POS | ****4587 | | 667.68 | 4,348,822.51 |
| 11/1/2017 | 995255 | My Self Storage - West Covina | Accounts Payable - Storage | ****4587 | | 319.00 | 4,348,503.51 |
| 11/1/2017 | | TD Bank | Wire Transfer Fee | ****4587 | | 25.00 | 4,348,478.51 |
| 11/1/2017 | | TD Bank | Wire Transfer Fee | ****4587 | | 25.00 | 4,348,453.51 |
| 11/1/2017 | | Jaemar, Inc. | Settlement Installment Payment | ****4708 | 5,000.00 | | 4,369,930.32 |
| 11/2/2017 | 995257 | Daror Associates, Inc. | Accounts Payable - Rent | ****4587 | | 20,787.76 | 4,349,142.56 |
| 11/2/2017 | | Idilus, LLC | Payroll - Invoice H020685 | ****4587 | | 5,803.76 | 4,337,173.53 |
| 11/2/2017 | | Taylored Services, LLC | Wire Transfer - Settlement Installment Payment | ****4708 | 20,000.00 | | 4,357,173.53 |
| 11/9/2017 | | Idilus, LLC | Payroll - Invoice H020735 | ****4587 | | 4,004.69 | 4,339,377.22 |
| 11/14/2017 | 995264 | The Gordon Law Firm | Payment for Outstanding Professional Fees Incurred | ****4587 | | 1,613.55 | 4,324,534.44 |
| 11/16/2017 | | Idilus, LLC | Payroll - Invoice H020942 | ****4587 | | 4,006.67 | 4,320,527.77 |
| 11/21/2017 | | Idilus, LLC | Payroll - Invoice H021045 | ****4587 | | 4,006.67 | 4,341,521.10 |
| 11/24/2017 | | TNT Plastic Molding, Inc. | Wire Transfer - Settlement Installment Payment | ****4708 | 5,555.55 | | 4,347,076.65 |
| 11/27/2017 | 995267 | Daror Associates, Inc. | Accounts Payable - Rent | ****4587 | | 20,787.76 | 4,326,288.89 |
| 11/28/2017 | | Con Edison | Accounts Payable - Con Edison Online PMT CKF****87470POS | ****4587 | | 852.47 | 4,325,436.42 |
| 11/28/2017 | | Verizon | Accounts Payable - Verizon Online PMT CKF****87470POS | ****4587 | | 670.38 | 4,324,766.04 |

**Form 2**
**Estate Cash Receipts and Disbursements Record**

Case No:   15-12329
Case Name  Corporate Resource Services, Inc. et al

Taxpayer ID No:
For Period Ending: 7/31/2021

Trustee Name:         James Feltman, Chapter 11 Trustee
Bank Name:            TD Bank / Wells Fargo
Account Number / CD #[1]:  xxx-xxx4708 TD Bank Checking Account
                      xxx-xxx4587 TD Bank Checking Account
                      xxx-xxx4656 TD Bank Checking Account
                      xxx-xxx8219 WF Account

Blanket Bond (per case limit):   $    4,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Posting Date | Check or Reference | Paid To / Received From | Description Of Transaction | Bank Account | Deposit ($) | Disbursements ($) | Account / CD Balance ($) |
| 11/28/2017 | | Chubb Group of Insurance Company - D&O Settlement | Settlement Payment | ****4708 | 2,200,000.00 | | 6,524,129.12 |
| 11/29/2017 | | Jaemar, Inc. | Settlement Installment Payment | ****4708 | 5,000.00 | | 6,529,129.12 |
| 11/30/2017 | | Idilus, LLC | Payroll - Invoice H021544 | ****4587 | | 5,803.79 | 6,523,325.33 |
| 12/1/2017 | 995265 | My Self Storage - West Covina | Accounts Payable - Storage | ****4587 | | 319.00 | 6,523,006.33 |
| 12/1/2017 | | PAFCO | Settlement Payment | ****4708 | 140,000.00 | | 6,663,006.33 |
| 12/4/2017 | 995271 | The Gordon Law Firm | Payment for Outstanding Professional Fees Incurred | ****4587 | | 1,201.30 | 6,654,864.54 |
| 12/4/2017 | | Taylored Services, LLC | Wire Transfer - Settlement Installment Payment | ****4708 | 20,000.00 | | 6,674,864.54 |
| 12/7/2017 | | Idilus, LLC | Payroll - Invoice H021608 | ****4587 | | 4,004.69 | 6,670,859.85 |
| 12/14/2017 | | Debit | | ****4587 | | 5,000.00 | 6,665,347.85 |
| 12/14/2017 | | Idilus, LLC | Payroll - Invoice H021811 | ****4587 | | 4,004.67 | 6,661,343.18 |
| 12/19/2017 | | Jenner & Block | Payment for Outstanding Professional Fees Incurred | ****4587 | | 1,531,971.79 | 5,129,371.39 |
| 12/19/2017 | | Duff & Phelps, LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 209,020.26 | 4,920,351.13 |
| 12/19/2017 | | CH11T Fee App Payment | CH11T 2nd Fee App Payment | ****4587 | | 181,763.00 | 4,738,588.13 |
| 12/19/2017 | | TD Bank | Wire Transfer Fee | ****4587 | | 25.00 | 4,694,523.19 |
| 12/19/2017 | | TD Bank | Wire Transfer Fee | ****4587 | | 25.00 | 4,694,498.19 |
| 12/21/2017 | | Idilus, LLC | Payroll - Invoice H021891 | ****4587 | | 4,004.67 | 4,727,993.52 |
| 12/26/2017 | | TNT Plastic Molding, Inc. | Wire Transfer - Settlement Installment Payment | ****4708 | 5,555.55 | | 4,733,549.07 |
| 12/27/2017 | 995274 | My Self Storage - West Covina | Accounts Payable - Storage | ****4587 | | 319.00 | 4,733,230.07 |
| 12/28/2017 | | Idilus, LLC | Payroll - Invoice H022119 | ****4587 | | 4,004.66 | 4,729,225.41 |
| 1/2/2018 | | Verizon | Accounts Payable - Verizon Online PMT CKF****87470POS | ****4587 | | 670.49 | 4,728,554.92 |
| 1/2/2018 | | Con Edison | Accounts Payable - Con Edison Online PMT CKF****87470POS | ****4587 | | 500.67 | 4,727,417.33 |
| 1/3/2018 | 995270 | Gaffney, Gallagher & Philip, LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 93,282.70 | 4,634,134.63 |
| 1/3/2018 | | Taylored Services, LLC | Wire Transfer - Settlement Installment Payment | ****4708 | 20,000.00 | | 4,654,134.63 |
| 1/5/2018 | | Idilus, LLC | Payroll - Invoice H022232 | ****4587 | | 6,022.16 | 4,650,084.35 |
| 1/10/2018 | 995276 | Daror Associates, Inc. | Accounts Payable - Rent | ****4587 | | 20,787.76 | 4,629,296.59 |
| 1/11/2018 | | Idilus, LLC | Payroll - Invoice H022427 | ****4587 | | 4,190.52 | 4,625,106.07 |
| 1/17/2018 | | Jaemar, Inc. | Settlement Installment Payment | ****4708 | 5,000.00 | | 4,630,106.07 |
| 1/18/2018 | | Idilus, LLC | Payroll - Invoice H022592 | ****4587 | | 4,150.39 | 4,663,455.68 |
| 1/23/2018 | | TNT Plastic Molding, Inc. | Wire Transfer - Settlement Installment Payment | ****4708 | 5,555.55 | | 4,669,011.23 |
| 1/24/2018 | | American Industrial | Settlement Payment | ****4708 | 77,500.00 | | 4,746,511.23 |
| 1/25/2018 | | Togut, Seagal & Segal | Payment for Outstanding Professional Fees Incurred | ****4587 | | 404,599.05 | 4,341,912.18 |
| 1/25/2018 | | Duff & Phelps, LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 299,702.22 | 4,042,209.96 |
| 1/25/2018 | | Idilus, LLC | Payroll - Invoice H022583 | ****4587 | | 4,070.22 | 4,038,139.74 |
| 1/25/2018 | | TD Bank | Wire Transfer Fee | ****4587 | | 25.00 | 4,038,114.74 |
| 1/25/2018 | | TD Bank | Wire Transfer Fee | ****4587 | | 25.00 | 4,038,089.74 |
| 1/29/2018 | 995281 | Daror Associates, Inc. | Accounts Payable - Rent | ****4587 | | 20,787.76 | 4,017,301.98 |
| 1/29/2018 | 995279 | My Self Storage - West Covina | Accounts Payable - Storage | ****4587 | | 319.00 | 4,016,982.98 |
| 1/30/2018 | 995284 | The Gordon Law Firm | Payment for Outstanding Professional Fees Incurred | ****4587 | | 2,000.78 | 4,014,982.20 |
| 1/30/2018 | | Verizon | Accounts Payable - Verizon Online PMT CKF****87470POS | ****4587 | | 672.06 | 4,014,310.14 |
| 1/30/2018 | | Con Edison | Accounts Payable - Con Edison Online PMT CKF****87470POS | ****4587 | | 575.85 | 4,013,734.29 |
| 1/31/2018 | 995289 | Foster Pepper LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 15,028.25 | 3,998,706.04 |
| 1/31/2018 | 995285 | International Sureties LTD | Accounts Payable | ****4587 | | 4,500.00 | 3,985,692.99 |
| 1/31/2018 | | Jaemar, Inc. | Settlement Installment Payment | ****4708 | 5,000.00 | | 3,989,156.57 |
| 2/1/2018 | | Idilus, LLC | Payroll - Invoice H022583J | ****4587 | | 6,062.24 | 3,983,094.33 |
| 2/2/2018 | | Taylored Services, LLC | Wire Transfer - Settlement Installment Payment | ****4708 | 20,000.00 | | 4,003,094.33 |
| 2/8/2018 | | Idilus, LLC | Payroll - Invoice H022890 | ****4587 | | 4,149.62 | 3,998,944.71 |
| 2/15/2018 | | Idilus, LLC | Payroll - Invoice H023093 | ****4587 | | 4,214.14 | 3,994,730.57 |
| 2/22/2018 | | Idilus, LLC | Payroll - Invoice H023142 | ****4587 | | 4,129.73 | 4,028,100.84 |
| 2/23/2018 | | TNT Plastic Molding, Inc. | Wire Transfer - Settlement Installment Payment | ****4708 | 5,555.55 | | 4,021,456.39 |
| 3/1/2018 | | Idilus, LLC | Payroll - Invoice H023388 | ****4587 | | 6,042.28 | 4,018,791.93 |
| 3/2/2018 | | Verizon | Accounts Payable - Verizon Online PMT CKF****87470POS | ****4587 | | 671.61 | 4,018,120.32 |
| 3/2/2018 | | Con Edison | Accounts Payable - Con Edison Online PMT CKF****87470POS | ****4587 | | 554.10 | 4,017,566.22 |

**Form 2**
**Estate Cash Receipts and Disbursements Record**

Case No:   15-12329
Case Name  Corporate Resource Services, Inc. et al

Taxpayer ID No:
For Period Ending: 7/31/2021

Trustee Name:         James Feltman, Chapter 11 Trustee
Bank Name:            TD Bank / Wells Fargo
Account Number / CD #[1]:  xxx-xxx4708 TD Bank Checking Account
                       xxx-xxx4587 TD Bank Checking Account
                       xxx-xxx4656 TD Bank Checking Account
                       xxx-xxx8219 WF Account

Blanket Bond (per case limit):    $    4,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Posting Date | Check or Reference | Paid To / Received From | Description Of Transaction | Bank Account | Deposit ($) | Disbursements ($) | Account / CD Balance ($) |
| 3/2/2018 | | Taylored Services, LLC | Wire Transfer - Settlement Installment Payment | ****4708 | 20,000.00 | | 4,037,566.22 |
| 3/2/2018 | | Jaemar, Inc. | Settlement Installment Payment | ****4708 | 5,000.00 | | 4,042,566.22 |
| 3/5/2018 | | Rapid Trucking & Logistics Corp. | Settlement Payment | ****4708 | | 2,348.00 | 4,040,218.22 |
| 3/5/2018 | 995291 | Daror Associates, Inc. | Accounts Payable - Rent | ****4587 | | 20,787.76 | 4,019,430.46 |
| 3/5/2018 | 995294 | My Self Storage - West Covina | Accounts Payable - Storage | ****4587 | | 319.00 | 4,019,111.46 |
| 3/8/2018 | | Idilus, LLC | Payroll - Invoice H023471 | ****4587 | | 4,099.79 | 4,014,374.75 |
| 3/13/2018 | | Duff & Phelps, LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 205,757.14 | 3,808,617.61 |
| 3/13/2018 | | Togut, Seagal & Segal | Payment for Outstanding Professional Fees Incurred | ****4587 | | 370,381.46 | 3,438,236.15 |
| 3/13/2018 | | TD Bank | Wire Transfer Fee | ****4587 | | 25.00 | 3,438,211.15 |
| 3/13/2018 | | TD Bank | Wire Transfer Fee | ****4587 | | 25.00 | 3,438,186.15 |
| 3/15/2018 | | Idilus, LLC | Payroll - Invoice H023661 | ****4587 | | 4,004.37 | 3,434,181.78 |
| 3/22/2018 | | Idilus, LLC | Payroll - Invoice H023750 | ****4587 | | 4,004.38 | 3,467,677.40 |
| 3/23/2018 | | TNT Plastic Molding, Inc. | Wire Transfer - Settlement Installment Payment | ****4708 | 5,555.55 | | 3,473,232.95 |
| 3/26/2018 | 995296 | JAMS, Inc. | Mediation Fee | ****4587 | | 12,300.00 | 3,460,932.95 |
| 3/28/2018 | | Verizon | Accounts Payable - Verizon Online PMT CKF****87470POS | ****4587 | | 671.61 | 3,460,261.34 |
| 3/28/2018 | | Con Edison | Accounts Payable - Con Edison Online PMT CKF****87470POS | ****4587 | | 556.22 | 3,459,705.12 |
| 3/29/2018 | 995295 | JMBM LLP | Payment for Outstanding Professional Fees Incurred | ****4587 | | 69,502.30 | 3,390,202.82 |
| 3/29/2018 | 995298 | Daror Associates, Inc. | Accounts Payable - Rent | ****4587 | | 20,787.76 | 3,369,415.06 |
| 3/29/2018 | | Idilus, LLC | Payroll - Invoice H023958 | ****4587 | | 4,004.37 | 3,365,410.69 |
| 3/29/2018 | | Jaemar, Inc. | Settlement Installment Payment | ****4708 | 16,666.66 | | 5,482,077.35 |
| 4/2/2018 | | Rapid Trucking & Logistics Corp. | Settlement Payment | ****4708 | | 2,348.00 | 5,479,729.35 |
| 4/2/2018 | 995301 | My Self Storage - West Covina | Accounts Payable - Storage | ****4587 | | 319.00 | 5,478,773.43 |
| 4/4/2018 | | Duff & Phelps, LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 153,940.54 | 5,324,832.89 |
| 4/4/2018 | | Togut, Seagal & Segal | Payment for Outstanding Professional Fees Incurred | ****4587 | | 406,594.23 | 4,918,238.66 |
| 4/4/2018 | | TD Bank | Wire Transfer Fee | ****4587 | | 25.00 | 4,918,213.66 |
| 4/4/2018 | | TD Bank | Wire Transfer Fee | ****4587 | | 25.00 | 4,918,188.66 |
| 4/5/2018 | | Idilus, LLC | Payroll - Invoice H024035 | ****4587 | | 5,836.67 | 4,912,351.99 |
| 4/6/2018 | | Taylored Services, LLC | Wire Transfer - Settlement Installment Payment | ****4708 | 20,000.00 | | 4,932,351.99 |
| 4/12/2018 | | Idilus, LLC | Payroll - Invoice H024205 | ****4587 | | 4,004.36 | 4,902,519.72 |
| 4/16/2018 | 995303 | JMBM LLP | Payment for Outstanding Professional Fees Incurred | ****4587 | | 3,926.50 | 4,898,593.22 |
| 4/19/2018 | | Idilus, LLC | Payroll - Invoice H024306 | ****4587 | | 4,004.38 | 4,932,088.84 |
| 4/23/2018 | | TNT Plastic Molding, Inc. | Wire Transfer - Settlement Installment Payment | ****4708 | 5,555.55 | | 4,937,644.39 |
| 4/25/2018 | | TBG International LLC | | ****4708 | 25,000.00 | | 4,962,644.39 |
| 4/26/2018 | | Idilus, LLC | Payroll - Invoice H024416 | ****4587 | | 4,004.36 | 4,958,640.03 |
| 4/30/2018 | 995306 | Daror Associates, Inc. | Accounts Payable - Rent | ****4587 | | 20,787.76 | 4,937,852.27 |
| 5/1/2018 | | Verizon | Accounts Payable - Verizon Online PMT CKF****87470POS | ****4587 | | 669.69 | 4,937,182.58 |
| 5/1/2018 | | Con Edison | Accounts Payable - Con Edison Online PMT CKF****87470POS | ****4587 | | 449.13 | 4,936,733.45 |
| 5/2/2018 | | Jaemar, Inc. | Settlement Installment Payment | ****4708 | 16,666.66 | | 5,102,763.19 |
| 5/2/2018 | | Taylored Services, LLC | Wire Transfer - Settlement Installment Payment | ****4708 | 20,000.00 | | 5,122,763.19 |
| 5/3/2018 | | Idilus, LLC | Payroll - Invoice H024643 | ****4587 | | 5,876.62 | 5,116,886.57 |
| 5/3/2018 | | Rapid Trucking & Logistics Corp. | Settlement Payment | ****4587 | | 2,348.00 | 5,114,538.57 |
| 5/4/2018 | 995304 | My Self Storage - West Covina | Accounts Payable - Storage | ****4587 | | 319.00 | 5,114,219.57 |
| 5/10/2018 | 995309 | JAMS, Inc. | Mediation Fee | ****4587 | | 12,300.00 | 5,101,919.57 |
| 5/10/2018 | | Idilus, LLC | Payroll - Invoice H024715 | ****4587 | | 4,004.38 | 5,097,915.19 |
| 5/17/2018 | | Idilus, LLC | Payroll - Invoice H024908 | ****4587 | | 4,004.37 | 5,093,910.82 |
| 5/17/2018 | 995310 | JMBM LLP | Payment for Outstanding Professional Fees Incurred | ****4587 | | 950.70 | 5,092,960.12 |
| 5/23/2018 | | TNT Plastic Molding, Inc. | Wire Transfer - Settlement Installment Payment | ****4708 | 5,555.55 | | 5,136,015.67 |
| 5/24/2018 | | Idilus, LLC | Payroll - Invoice H025017 | ****4587 | | 4,004.38 | 5,132,011.29 |
| 5/25/2018 | 995312 | JMBM LLP | Payment for Outstanding Professional Fees Incurred | ****4587 | | 950.70 | 5,131,060.59 |
| 5/31/2018 | | Idilus, LLC | Payroll - Invoice H025239 | ****4587 | | 5,956.55 | 5,106,320.73 |
| 6/1/2018 | | Verizon | Accounts Payable - Verizon Online PMT CKF****87470POS | ****4587 | | 670.24 | 5,105,650.49 |
| 6/1/2018 | | Con Edison | Accounts Payable - Con Edison Online PMT CKF****87470POS | ****4587 | | 50.75 | 5,105,599.74 |

**Form 2**
**Estate Cash Receipts and Disbursements Record**

Case No:    15-12329
Case Name  Corporate Resource Services, Inc. et al

Taxpayer ID No:
For Period Ending: 7/31/2021

Trustee Name:              James Feltman, Chapter 11 Trustee
Bank Name:                 TD Bank / Wells Fargo
Account Number / CD #[1]:  xxx-xxx4708 TD Bank Checking Account
                           xxx-xxx4587 TD Bank Checking Account
                           xxx-xxx4656 TD Bank Checking Account
                           xxx-xxx8219 WF Account

Blanket Bond (per case limit):    $    4,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Posting Date | Check or Reference | Paid To / Received From | Description Of Transaction | Bank Account | Deposit ($) | Disbursements ($) | Account / CD Balance ($) |
| 6/4/2018 | | Taylored Services, LLC | Wire Transfer - Settlement Installment Payment | ****4708 | 20,000.00 | | 5,125,599.74 |
| 6/5/2018 | 995314 | Daror Associates, Inc. | Accounts Payable - Rent | ****4587 | | 20,787.76 | 5,104,811.98 |
| 6/6/2018 | | Duff & Phelps, LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 248,626.73 | 4,855,548.33 |
| 6/6/2018 | | Togut, Seagal & Segal | Payment for Outstanding Professional Fees Incurred | ****4587 | | 420,157.68 | 4,435,390.65 |
| 6/6/2018 | | TD Bank | Wire Transfer Fee | ****4587 | | 25.00 | 4,435,365.65 |
| 6/6/2018 | | TD Bank | Wire Transfer Fee | ****4587 | | 25.00 | 4,435,340.65 |
| 6/6/2018 | | Jaemar, Inc. | Settlement Installment Payment | ****4708 | 16,666.66 | | 4,502,007.31 |
| 6/7/2018 | | Idilus, LLC | Payroll - Invoice H025316 | ****4587 | | 4,004.35 | 4,498,002.96 |
| 6/11/2018 | 995318 | The Gordon Law Firm | Payment for Outstanding Professional Fees Incurred | ****4587 | | 3,177.50 | 4,494,825.46 |
| 6/12/2018 | | Rapid Trucking & Logistics Corp. | Settlement Payment | ****4587 | | 2,348.00 | 4,492,477.46 |
| 6/14/2018 | | Idilus, LLC | Payroll - Invoice H025490 | ****4587 | | 4,004.37 | 4,488,473.09 |
| 6/18/2018 | 995319 | JMBM LLP | Payment for Outstanding Professional Fees Incurred | ****4587 | | 8,394.90 | 4,480,078.19 |
| 6/21/2018 | | Idilus, LLC | Payroll - Invoice H025601 | ****4587 | | 4,004.37 | 4,476,073.82 |
| 6/25/2018 | | TNT Plastic Molding, Inc. | Wire Transfer - Settlement Installment Payment | ****4708 | 5,555.55 | | 4,531,629.37 |
| 6/26/2018 | 995317 | My Self Storage - West Covina | Accounts Payable - Storage | ****4587 | | 319.00 | 4,531,310.37 |
| 6/28/2018 | | Idilus, LLC | Payroll - Invoice H025816 | ****4587 | | 4,004.38 | 4,484,738.43 |
| 6/28/2018 | | Con Edison | Accounts Payable - Con Edison Online PMT CKF****87470POS | ****4587 | | 1,346.96 | 4,483,391.47 |
| 6/29/2018 | | Verizon | Accounts Payable - Verizon Online PMT CKF****87470POS | ****4587 | | 670.24 | 4,482,721.23 |
| 7/2/2018 | 995326 | Daror Associates, Inc. | Accounts Payable - Rent | ****4587 | | 20,787.76 | 4,461,933.47 |
| 7/3/2018 | 995322 | Gaffney, Gallagher & Philip, LLC | Payment for Outstanding Professional Fees Incurred: Payment 1 of 2 | ****4587 | | 100,000.00 | 4,361,296.55 |
| 7/3/2018 | 995323 | Gaffney, Gallagher & Philip, LLC | Payment for Outstanding Professional Fees Incurred: Payment 2 of 2 | ****4587 | | 6,741.33 | 4,354,555.22 |
| 7/5/2018 | | Idilus, LLC | Payroll - Invoice H025894 | ****4587 | | 5,836.67 | 4,311,047.00 |
| 7/5/2018 | | Taylored Services, LLC | Wire Transfer - Settlement Installment Payment | ****4708 | 20,000.00 | | 4,331,047.00 |

**Form 2**
**Estate Cash Receipts and Disbursements Record**

Case No:   15-12329
Case Name   Corporate Resource Services, Inc. et al

Taxpayer ID No:
For Period Ending: 7/31/2021

Trustee Name:          James Feltman, Chapter 11 Trustee
Bank Name:             TD Bank / Wells Fargo
Account Number / CD #[1]:   xxx-xxx4708 TD Bank Checking Account
                       xxx-xxx4587 TD Bank Checking Account
                       xxx-xxx4656 TD Bank Checking Account
                       xxx-xxx8219 WF Account

Blanket Bond (per case limit):     $     4,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Posting Date | Check or Reference | Paid To / Received From | Description Of Transaction | Bank Account | Deposit ($) | Account / CD Balance ($) |
| | | | | | Disbursements ($) | |
| 7/10/2018 | | Rapid Trucking & Logistics Corp. | Settlement Payment | ****4587 | | 2,348.00 | 4,328,699.00 |
| 7/12/2018 | | Idilus, LLC | Payroll - Invoice H026105 | ****4587 | | 4,004.37 | 4,324,694.63 |
| 7/12/2018 | | Jaemar, Inc. | Settlement Installment Payment | ****4708 | 16,666.66 | | 4,391,361.29 |
| 7/13/2018 | 995329 | My Self Storage - West Covina | Accounts Payable - Storage | ****4587 | | 363.00 | 4,390,998.29 |
| 7/19/2018 | | Idilus, LLC | Payroll - Invoice H026193 | ****4587 | | 4,004.37 | 4,386,993.92 |
| 7/23/2018 | | TNT Plastic Molding, Inc. | Wire Transfer - Settlement Installment Payment | ****4708 | 5,555.55 | | 4,442,549.47 |
| 7/25/2018 | 995330 | International Sureties LTD | Accounts Payable - Insurance | ****4587 | | 16,000.00 | 4,426,549.47 |
| 7/26/2018 | | Idilus, LLC | Payroll - Invoice H026258 | ****4587 | | 4,004.38 | 4,422,545.09 |
| 8/2/2018 | | Idilus, LLC | Payroll - Invoice H026490 | ****4587 | | 5,836.66 | 4,416,708.43 |
| 8/2/2018 | | Taylored Services, LLC | Wire Transfer - Settlement Installment Payment | ****4708 | 20,000.00 | | 4,436,708.43 |
| 8/3/2018 | | Con Edison | Accounts Payable - Con Edison Online PMT CKF****87470POS | ****4587 | | 1,153.98 | 4,485,554.45 |
| 8/3/2018 | | Verizon | Accounts Payable - Verizon Online PMT CKF****87470POS | ****4587 | | 665.73 | 4,484,888.72 |
| 8/7/2018 | | List Logistics LCC | Settlement Installement Payment | ****4708 | 12,500.00 | | 4,496,751.80 |
| 8/8/2018 | 995334 | My Self Storage - West Covina | Accounts Payable - Storage | ****4587 | | 341.00 | 4,496,410.80 |
| 8/9/2018 | 995335 | Daror Associates, Inc. | Accounts Payable - Rent | ****4587 | | 34,243.73 | 4,462,167.07 |
| 8/9/2018 | | Idilus, LLC | Payroll - Invoice H026579 | ****4587 | | 4,004.36 | 4,458,162.71 |
| 8/13/2018 | 995336 | JAMS, Inc. | Mediation Fee | ****4587 | | 1,611.50 | 4,456,551.21 |
| 8/14/2018 | | Jenner & Block | Payment for Outstanding Professional Fees Incurred | ****4587 | | 724,154.45 | 3,732,396.76 |
| 8/14/2018 | | Duff & Phelps, LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 204,605.43 | 3,527,791.33 |
| 8/14/2018 | | Togut, Seagal & Segal | Payment for Outstanding Professional Fees Incurred | ****4587 | | 139,967.30 | 3,387,824.03 |
| 8/14/2018 | | TD Bank | Wire Transfer Fee | ****4587 | | 25.00 | 3,387,799.03 |
| 8/14/2018 | | TD Bank | Wire Transfer Fee | ****4587 | | 25.00 | 3,387,774.03 |
| 8/14/2018 | | Rapid Trucking & Logistics Corp. | Settlement Payment | ****4587 | | 2,356.00 | 3,385,418.03 |
| 8/14/2018 | | Jaemar, Inc. | Settlement Installment Payment | ****4708 | 16,666.66 | | 3,402,084.69 |
| 8/16/2018 | | Idilus, LLC | Payroll - Invoice H026778 | ****4587 | | 4,004.37 | 3,398,080.32 |
| 8/23/2018 | | Idilus, LLC | Payroll - Invoice H026847 | ****4587 | | 4,004.38 | 3,419,075.94 |
| 8/27/2018 | 995340 | Daror Associates, Inc. | Accounts Payable - Rent | ****4587 | | 20,787.76 | 3,398,288.18 |
| 8/28/2018 | | Con Edison | Accounts Payable - Con Edison Online PMT CKF****87470POS | ****4587 | | 1,189.55 | 3,397,098.63 |
| 8/28/2018 | | Verizon | Accounts Payable - Verizon Online PMT CKF****87470POS | ****4587 | | 667.01 | 3,396,431.62 |
| 8/29/2018 | | List Logistics LCC | Settlement Installement Payment | ****4708 | 12,500.00 | | 3,391,426.13 |
| 8/30/2018 | | Idilus, LLC | Payroll - Invoice H027064 | ****4587 | | 4,004.38 | 3,387,421.75 |
| 8/30/2018 | 995343 | My Self Storage - West Covina | Accounts Payable - Storage | ****4587 | | 341.00 | 3,387,080.75 |
| 8/31/2018 | 995338 | JMBM LLP | Payment for Outstanding Professional Fees Incurred | ****4587 | | 17,614.20 | 3,369,466.55 |
| 9/5/2018 | | Taylored Services, LLC | Wire Transfer - Settlement Installment Payment | ****4708 | 20,000.00 | | 3,438,476.79 |
| 9/6/2018 | | Idilus, LLC | Payroll - Invoice H027173 | ****4587 | | 5,756.74 | 3,432,720.05 |
| 9/13/2018 | | Idilus, LLC | Payroll - Invoice H027381 | ****4587 | | 4,124.25 | 3,428,590.80 |
| 9/14/2018 | | Rapid Trucking & Logistics Corp. | Settlement Payment | ****4587 | | 2,348.00 | 3,426,247.80 |
| 9/17/2018 | | Jaemar, Inc. | Settlement Installment Payment | ****4708 | 16,666.66 | | 3,442,914.46 |
| 9/20/2018 | | Idilus, LLC | Payroll - Invoice H027450 | ****4587 | | 4,004.37 | 3,438,910.09 |

**Form 2**
**Estate Cash Receipts and Disbursements Record**

Case No:   15-12329
Case Name   Corporate Resource Services, Inc. et al

Taxpayer ID No:
For Period Ending: 7/31/2021

Trustee Name:   James Feltman, Chapter 11 Trustee
Bank Name:   TD Bank / Wells Fargo
Account Number / CD #[1]:   xxx-xxx4708 TD Bank Checking Account
xxx-xxx4587 TD Bank Checking Account
xxx-xxx4656 TD Bank Checking Account
xxx-xxx8219 WF Account

Blanket Bond (per case limit):   $   4,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Posting Date | Check or Reference | Paid To / Received From | Description Of Transaction | Bank Account | Deposit ($) | Disbursements ($) | Account / CD Balance ($) |
| 9/27/2018 | | Idilus, LLC | Payroll - Invoice H027660 | ****4708 | | 4,004.38 | 3,426,157.11 |
| 10/2/2018 | | Taylored Services, LLC | Wire Transfer - Settlement Installment Payment | ****4708 | 20,000.00 | | 3,446,157.11 |
| 10/3/2018 | | UNFCU Financial Services, LLC | Payments Received Relating to Outstanding Accounts Receivables | ****4587 | | 20,280.93 | 3,450,876.18 |
| 10/4/2018 | | Idilus, LLC | Payroll - Invoice H027775 | ****4587 | | 5,916.57 | 3,444,959.61 |
| 10/5/2018 | | Con Edison | Accounts Payable - Con Edison Online PMT CKF****87470POS | ****4587 | | 999.03 | 3,443,960.58 |
| 10/5/2018 | | Verizon | Accounts Payable - Verizon Online PMT CKF****87470POS | ****4587 | | 667.01 | 3,443,293.57 |
| 10/9/2018 | 995347 | Daror Associates, Inc. | Accounts Payable - Rent | ****4587 | | 20,787.76 | 3,422,505.81 |
| 10/11/2018 | | Idilus, LLC | Payroll - Invoice H027857 | ****4587 | | 4,084.30 | 3,414,505.03 |
| 10/11/2018 | 995350 | My Self Storage - West Covina | Accounts Payable - Storage | ****4587 | | 341.00 | 3,414,164.03 |
| 10/12/2018 | | Jaemar, Inc. | Settlement Installment Payment | ****4708 | 10,000.04 | | 3,424,164.07 |
| 10/15/2018 | 995355 | JMBM LLP | Payment for Outstanding Professional Fees Incurred | ****4587 | | 3,645.85 | 3,407,887.62 |
| 10/16/2018 | | Forensic Risk Alliance, Inc. | Accounts Payable - Vendor | ****4587 | | 140,000.00 | 3,267,887.62 |
| 10/18/2018 | | Idilus, LLC | Payroll - Invoice H028071 | ****4587 | | 4,004.36 | 3,263,883.26 |
| 10/22/2018 | 995353 | Togut, Seagal & Segal | Payment for Outstanding Professional Fees Incurred | ****4587 | | 92,419.74 | 3,154,967.08 |
| 10/22/2018 | 995352 | Togut, Seagal & Segal | Payment for Outstanding Professional Fees Incurred | ****4587 | | 45,436.45 | 3,109,530.63 |
| 10/25/2018 | | Idilus, LLC | Payroll - Invoice H028121 | ****4587 | | 4,044.34 | 3,130,486.29 |
| 10/29/2018 | 995359 | Daror Associates, Inc. | Accounts Payable - Rent | ****4587 | | 20,787.76 | 3,109,698.53 |
| 10/29/2018 | | List Logistics LCC | Settlement Installment Payment | ****4708 | 12,500.00 | | 3,121,561.61 |
| 10/30/2018 | | Con Edison | Accounts Payable - Con Edison Online PMT CKF****87470POS | ****4587 | | 2,105.07 | 3,119,456.54 |
| 10/30/2018 | | Verizon | Accounts Payable - Verizon Online PMT CKF****87470POS | ****4587 | | 670.59 | 3,118,785.95 |
| 10/30/2018 | 995363 | My Self Storage - West Covina | Accounts Payable - Storage | ****4587 | | 341.00 | 3,118,444.95 |
| 10/31/2018 | | Duff & Phelps, LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 16,563.06 | 3,101,881.89 |
| 11/1/2018 | | Idilus, LLC | Payroll | ****4587 | | 5,836.65 | 3,096,045.24 |
| 11/5/2018 | | Gaffney, Gallagher & Philip, LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 100,000.00 | 2,996,045.24 |
| 11/5/2018 | | Gaffney, Gallagher & Philip, LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 56,800.13 | 2,939,245.11 |
| 11/8/2018 | | Idilus, LLC | Payroll | ****4587 | | 4,084.31 | 2,935,160.80 |
| 11/9/2018 | | Togut, Segal & Segal | Payment for Outstanding Professional Fees Incurred | ****4587 | | 100,000.00 | 2,835,160.80 |
| 11/9/2018 | | Togut, Segal & Segal | Payment for Outstanding Professional Fees Incurred | ****4587 | | 28,172.99 | 2,806,987.81 |
| 11/13/2018 | | Lowenstein Sandler | Payment for Outstanding Professional Fees Incurred | ****4587 | | 258.00 | 2,806,729.81 |
| 11/14/2018 | | JMBM LLP | Payment for Outstanding Professional Fees Incurred | ****4587 | | 3,220.80 | 2,803,509.01 |
| 11/14/2018 | | Chubb Group of Insurance Companies | Focus Management - Settlement | ****4587 | | 400,000.00 | 2,403,509.01 |
| 11/15/2018 | | Idilus, LLC | Payroll | ****4587 | | 4,084.28 | 2,399,424.73 |
| 11/21/2018 | | Idilus, LLC | Payroll | ****4587 | | 4,084.29 | 2,395,340.44 |
| 11/29/2018 | | Idilus, LLC | Payroll | ****4587 | | 4,004.36 | 2,391,336.08 |
| 11/30/2018 | | Verizon | Accounts Payable - Cable / Telephone | ****4587 | | 669.56 | 2,390,666.52 |
| 11/30/2018 | | Con Edison | Accounts Payable - Electricity | ****4587 | | 537.90 | 2,390,128.62 |
| 11/30/2018 | | TD Bank | Interest | ****4656 | 58.74 | | 2,390,187.36 |
| 11/30/2018 | | TD Bank | Fee | ****4656 | | 12.86 | 2,390,174.50 |
| 11/21/2018 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 25,000.00 | | 2,415,174.50 |
| 11/2/2018 | | Taylored Service | Settlement Installment Payment | ****4708 | 20,000.00 | | 2,435,174.50 |
| 12/3/2018 | | Microsoft Corporation | Accounts Payable - Microsoft | ****4587 | | 636.92 | 2,434,537.58 |
| 12/4/2018 | | Daror Associates, Inc. | Accounts Payable - Rent | ****4587 | | 20,787.76 | 2,413,749.82 |
| 12/4/2018 | | My Self Storage - West Covina | Accounts Payable - Storage | ****4587 | | 341.00 | 2,413,408.82 |
| 12/6/2018 | | Idilus, LLC | Payroll | ****4587 | | 5,997.70 | 2,407,411.12 |
| 12/7/2018 | | Goldin Associates | Payment for Outstanding Professional Fees Incurred | ****4587 | | 26,192.61 | 2,381,218.51 |
| 12/7/2018 | | Duff & Phelps, LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 20,193.38 | 2,361,025.13 |
| 12/13/2018 | | Idilus, LLC | Payroll | ****4587 | | 4,204.14 | 2,356,820.99 |
| 12/20/2018 | | Idilus, LLC | Payroll | ****4587 | | 4,164.21 | 2,352,656.78 |
| 12/27/2018 | | Idilus, LLC | Payroll | ****4587 | | 4,084.28 | 2,348,572.50 |
| 12/31/2018 | | Verizon | Accounts Payable - Cable / Telephone | ****4587 | | 669.56 | 2,347,902.94 |
| 12/31/2018 | | Microsoft Corporation | Accounts Payable - Microsoft | ****4587 | | 636.92 | 2,347,266.02 |
| 12/31/2018 | | TD Bank | Fee | ****4656 | | 13.29 | 2,347,252.73 |

**Form 2**
**Estate Cash Receipts and Disbursements Record**

Case No:    15-12329
Case Name   Corporate Resource Services, Inc. et al

Taxpayer ID No:
For Period Ending: 7/31/2021

Trustee Name:           James Feltman, Chapter 11 Trustee
Bank Name:              TD Bank / Wells Fargo
Account Number / CD #[1]:   xxx-xxx4708 TD Bank Checking Account
                        xxx-xxx4587 TD Bank Checking Account
                        xxx-xxx4656 TD Bank Checking Account
                        xxx-xxx8219 WF Account

Blanket Bond (per case limit):    $    4,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Posting Date | Check or Reference | Paid To / Received From | Description Of Transaction | Bank Account | Deposit ($) | Disbursements ($) | Account / CD Balance ($) |

| Posting Date | Check or Reference | Paid To / Received From | Description Of Transaction | Bank Account | Deposit ($) | Disbursements ($) | Account / CD Balance ($) |
|---|---|---|---|---|---|---|---|
| 12/31/2018 | | TD Bank | Interest | ****4656 | 61.02 | | 2,347,313.75 |
| 12/19/2018 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 25,000.00 | | 2,372,313.75 |
| 12/4/2018 | | Taylored Service | Settlement Installment Payment | ****4708 | 20,000.00 | | 2,392,313.75 |
| 12/7/2018 | | Focus Management Group, USA | Settlement | ****4708 | 435,000.00 | | 2,827,313.75 |
| 12/20/2018 | | Salem Preferred Partners LLC | Settlement Installment Payment | ****4708 | 12,609.51 | | 2,839,923.26 |
| 1/2/2019 | | My Self Storage - West Covina | Accounts Payable - Storage | ****4587 | | 341.00 | 2,839,582.26 |
| 1/3/2019 | | Goldin Associates | Payment for Outstanding Professional Fees Incurred | ****4587 | | 65,083.50 | 2,774,498.76 |
| 1/3/2019 | | Kurtzman Carson Consultants LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 24,646.95 | 2,749,851.81 |
| 1/3/2019 | | Daror Associates, Inc. | Accounts Payable - Rent | ****4587 | | 20,787.76 | 2,729,064.05 |
| 1/3/2019 | | Idilus, LLC | Payroll | ****4587 | | 6,310.35 | 2,722,753.70 |
| 1/7/2019 | | Duff & Phelps, LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 50,973.08 | 2,671,780.62 |
| 1/8/2019 | | Chapter 11 Trustee | Payment for Outstanding Professional Fees Incurred | ****4587 | | 224,054.00 | 2,447,726.62 |
| 1/8/2019 | | Rapid Trucking & Logistics Corp. | Accounts Payable - Storage | ****4587 | | 4,696.00 | 2,443,030.62 |
| 1/10/2019 | | Togut, Segal & Segal | Payment for Outstanding Professional Fees Incurred | ****4587 | | 67,079.61 | 2,375,951.01 |
| 1/10/2019 | | Idilus, LLC | Payroll | ****4587 | | 4,175.17 | 2,371,775.84 |
| 1/17/2019 | | Togut, Segal & Segal | Payment for Outstanding Professional Fees Incurred | ****4587 | | 75,536.34 | 2,296,239.50 |
| 1/17/2019 | | Togut, Segal & Segal | Payment for Outstanding Professional Fees Incurred | ****4587 | | 75,000.00 | 2,221,239.50 |
| 1/17/2019 | | Idilus, LLC | Payroll | ****4587 | | 4,171.64 | 2,217,067.86 |
| 1/24/2019 | | U.S. Trustee Payment Center | US Trustee Fee Payment | ****4587 | | 14,439.63 | 2,202,628.23 |
| 1/24/2019 | | Idilus, LLC | Payroll | ****4587 | | 4,131.71 | 2,198,496.52 |
| 1/28/2019 | | Kurtzman Carson Consultants LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 3,443.06 | 2,195,053.46 |
| 1/30/2019 | | Verizon | Accounts Payable - Cable / Telephone | ****4587 | | 668.64 | 2,194,384.82 |
| 1/31/2019 | | Daror Associates, Inc. | Accounts Payable - Rent | ****4587 | | 20,787.76 | 2,173,597.06 |
| 1/31/2019 | | Idilus, LLC | Payroll | ****4587 | | 6,266.87 | 2,167,330.19 |
| 1/31/2019 | | TD Bank | Interest | ****4656 | 59.19 | | 2,167,389.38 |
| 1/31/2019 | | TD Bank | Fee | ****4656 | | 13.29 | 2,167,376.09 |
| 1/29/2019 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 25,000.00 | | 2,192,376.09 |
| 1/3/2019 | | Taylored Service | Settlement Installment Payment | ****4708 | 20,000.00 | | 2,212,376.09 |
| 1/3/2019 | | Wilmer Cuther Hale LLP | Refund | ****4708 | 27,561.72 | | 2,239,937.81 |
| 2/1/2019 | | Microsoft Corporation | Accounts Payable - Microsoft | ****4587 | | 636.92 | 2,239,300.89 |
| 2/7/2019 | | Idilus, LLC | Payroll | ****4587 | | 4,130.44 | 2,235,170.45 |
| 2/14/2019 | | Idilus, LLC | Payroll | ****4587 | | 4,135.44 | 2,231,035.01 |
| 2/21/2019 | | Idilus, LLC | Payroll | ****4587 | | 4,132.10 | 2,226,902.91 |
| 2/28/2019 | | Idilus, LLC | Payroll | ****4587 | | 6,267.31 | 2,220,635.60 |
| 2/28/2019 | | TD Bank | Interest | ****4656 | 38.02 | | 2,220,673.62 |
| 2/4/2019 | | Taylored Service | Settlement Installment Payment | ****4708 | 20,000.00 | | 2,240,673.62 |
| 3/7/2019 | | Idilus, LLC | Payroll | ****4587 | | 4,269.72 | 2,236,403.90 |
| 3/14/2019 | | Idilus, LLC | Payroll | ****4587 | | 4,099.26 | 2,232,304.64 |
| 3/21/2019 | | Idilus, LLC | Payroll | ****4587 | | 4,084.99 | 2,228,219.65 |
| 3/28/2019 | | Idilus, LLC | Payroll | ****4587 | | 4,084.98 | 2,224,134.67 |
| 3/4/2019 | | Daror Associates, Inc. | Accounts Payable - Rent | ****4587 | | 20,787.76 | 2,203,346.91 |
| 3/4/2019 | | Microsoft Corporation | Accounts Payable - Microsoft | ****4587 | | 636.92 | 2,202,709.99 |
| 3/4/2019 | | Con Edison | Accounts Payable - Electricity | ****4587 | | 245.75 | 2,202,464.24 |
| 3/4/2019 | | Verizon | Accounts Payable - Cable / Telephone | ****4587 | | 669.09 | 2,201,795.15 |
| 3/14/2019 | | Duff & Phelps, LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 140,749.44 | 2,061,045.71 |
| 3/14/2019 | | Goldin Associates | Payment for Outstanding Professional Fees Incurred | ****4587 | | 5,006.11 | 2,056,039.60 |
| 3/21/2019 | | Rapid Trucking & Logistics Corp. | Accounts Payable - Storage | ****4587 | | 7,044.00 | 2,048,995.60 |
| 3/27/2019 | | Daror Associates, Inc. | Accounts Payable - Rent | ****4587 | | 20,787.76 | 2,028,207.84 |
| 3/27/2019 | | Microsoft Corporation | Accounts Payable - Microsoft | ****4587 | | 636.92 | 2,027,570.92 |
| 3/27/2019 | | Con Edison | Accounts Payable - Electricity | ****4587 | | 493.68 | 2,027,077.24 |
| 3/27/2019 | | Verizon | Accounts Payable - Cable / Telephone | ****4587 | | 669.22 | 2,026,408.02 |
| 3/27/2019 | | Duff & Phelps, LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 236,590.21 | 1,789,817.81 |

**Form 2**
**Estate Cash Receipts and Disbursements Record**

Case No:   15-12329
Case Name   Corporate Resource Services, Inc. et al

Taxpayer ID No:
For Period Ending: 7/31/2021

Trustee Name:                James Feltman, Chapter 11 Trustee
Bank Name:                   TD Bank / Wells Fargo
Account Number / CD #[1]:    xxx-xxx4708 TD Bank Checking Account
                             xxx-xxx4587 TD Bank Checking Account
                             xxx-xxx4656 TD Bank Checking Account
                             xxx-xxx8219 WF Account

Blanket Bond (per case limit):     $     4,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Posting Date | Check or Reference | Paid To / Received From | Description Of Transaction | Bank Account | Deposit ($) | Disbursements ($) | Account / CD Balance ($) |
| 3/27/2019 | | Junkluggers | Accounts Payable - Movers | ****4587 | | 19,869.69 | 1,769,948.12 |
| 3/27/2019 | | Kurtzman Carson Consultants LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 1,169.64 | 1,768,778.48 |
| 3/29/2019 | | TD Bank | Interest | ****4656 | 42.09 | | 1,768,820.57 |
| 3/11/2019 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 25,000.00 | | 1,793,820.57 |
| 3/20/2019 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 25,000.00 | | 1,818,820.57 |
| 4/4/2019 | | Idilus, LLC | Payroll | ****4587 | | 11,540.14 | 1,807,280.43 |
| 4/4/2019 | | Daror Associates, Inc. | Accounts Payable - Freight Elevator Expense | ****4587 | | 1,500.00 | 1,805,780.43 |
| 4/4/2019 | | Kurtzman Carson Consultants LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 4,397.85 | 1,801,382.58 |
| 4/4/2019 | | Togut, Seagal & Segal | Payment for Outstanding Professional Fees Incurred | ****4587 | | 362,014.29 | 1,439,368.29 |
| 4/17/2019 | | Microsoft Corporation | Accounts Payable - Microsoft | ****4587 | | 636.92 | 1,438,731.37 |
| 4/17/2019 | | U.S. Trustee Payment Center | US Trustee Fee Payment | ****4587 | | 13,913.03 | 1,424,818.34 |
| 4/22/2019 | | Rapid Trucking & Logistics Corp. | Accounts Payable - Storage | ****4587 | | 6,000.00 | 1,418,818.34 |
| 4/22/2019 | | IDS Autoshred | Accounts Payable - Destruction of Documents | ****4587 | | 3,198.75 | 1,415,619.59 |
| 4/30/2019 | | TD Bank | Interest | ****4656 | 40.74 | | 1,415,660.33 |
| 4/4/2019 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 25,000.00 | | 1,440,660.33 |
| 4/22/2019 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 25,000.00 | | 1,465,660.33 |
| 4/1/2019 | | Taylored Service | Settlement Installment Payment | ****4708 | 20,000.00 | | 1,485,660.33 |
| 5/1/2019 | | Microsoft Corporation | Accounts Payable - Microsoft | ****4587 | | 636.92 | 1,485,023.41 |
| 5/13/2019 | | List Logistics LCC | Settlement Installment Payment | ****4708 | 12,500.00 | | 1,497,523.41 |
| 5/31/2019 | | TD Bank | Interest | ****4656 | 42.09 | | 1,497,565.50 |
| 6/7/2019 | | Kurtzman Carson Consultants LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 19,117.74 | 1,478,447.76 |
| 6/12/2019 | | Gaffney, Gallagher & Philip, LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 50,862.00 | 1,427,585.76 |
| 6/12/2019 | | Goldin Associates | Payment for Outstanding Professional Fees Incurred | ****4587 | | 32,971.09 | 1,394,614.67 |
| 6/12/2019 | | Microsoft Corporation | Accounts Payable - Microsoft | ****4587 | | 636.92 | 1,393,977.75 |
| 6/28/2019 | | TD Bank | Interest | ****4656 | 40.74 | | 1,394,018.49 |
| 6/4/2019 | | Con Edison | Refund | ****4708 | 365.00 | | 1,394,383.49 |

**Form 2**
**Estate Cash Receipts and Disbursements Record**

| | |
|---|---|
| Case No: 15-12329 | |
| Case Name Corporate Resource Services, Inc. et al | |
| | |
| Taxpayer ID No: | |
| For Period Ending: 7/31/2021 | |

| | |
|---|---|
| Trustee Name: | James Feltman, Chapter 11 Trustee |
| Bank Name: | TD Bank / Wells Fargo |
| Account Number / CD #[1]: | xxx-xxx4708 TD Bank Checking Account |
| | xxx-xxx4587 TD Bank Checking Account |
| | xxx-xxx4656 TD Bank Checking Account |
| | xxx-xxx8219 WF Account |
| | |
| Blanket Bond (per case limit): | $    4,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Posting Date | Check or Reference | Paid To / Received From | Description Of Transaction | Bank Account | Deposit ($) | Disbursements ($) | Account / CD Balance ($) |
| 6/4/2019 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 25,000.00 | | 1,419,383.49 |
| 6/4/2019 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 25,000.00 | | 1,444,383.49 |
| 6/18/2019 | | Wells Fargo | Wells Fargo Settlement | ****4708 | 3,950,000.00 | | 5,394,383.49 |
| 6/24/2019 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 25,000.00 | | 5,419,383.49 |
| 7/9/2019 | | Duff & Phelps, LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 54,044.77 | 5,365,338.72 |
| 7/9/2019 | | Togut, Segal & Segal | Payment for Outstanding Professional Fees Incurred | ****4587 | | 219,293.65 | 5,146,045.07 |
| 7/9/2019 | | Kurtzman Carson Consultants LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 2,295.39 | 5,143,749.68 |
| 7/9/2019 | | International Sureties LTD | Accounts Payable | ****4587 | | 16,000.00 | 5,127,749.68 |
| 7/9/2019 | | List Logistics LCC | Settlement Installement Payment | ****4708 | 12,500.00 | | 5,140,249.68 |
| 7/24/2019 | | Jenner & Block | Payment for Outstanding Professional Fees Incurred | ****4587 | | 1,390,095.22 | 3,750,154.46 |
| 7/24/2019 | | Microsoft Corporation | Accounts Payable - Microsoft | ****4587 | | 636.92 | 3,749,517.54 |
| 7/31/2019 | | Kurtzman Carson Consultants LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 1,155.38 | 3,748,362.16 |
| 7/31/2019 | | U.S. Trustee Payment Center | US Trustee Fee Payment | ****4587 | | 7,150.00 | 3,741,212.16 |
| 7/31/2019 | | TD Bank | Interest | ****4656 | 13.58 | | 3,741,225.74 |
| 8/15/2019 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 25,000.00 | | 3,766,225.74 |
| 8/15/2019 | | Togut, Seagal & Segal | Payment for Outstanding Professional Fees Incurred | ****4587 | | 244,017.56 | 3,522,208.18 |
| 8/15/2019 | | Duff & Phelps, LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 90,179.47 | 3,432,028.71 |
| 8/15/2019 | | Microsoft Corporation | Accounts Payable - Microsoft | ****4587 | | 636.92 | 3,431,391.79 |
| 8/21/2019 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 25,000.00 | | 3,456,391.79 |
| 8/21/2019 | | UNFCU Financial Services LLC | Refund - Cancellation of Policy | ****4708 | 5,714.62 | | 3,462,106.41 |
| 9/10/2019 | | Microsoft Corporation | Accounts Payable - Microsoft | ****4587 | | 637.42 | 3,461,468.99 |
| 9/10/2019 | | Kurtzman Carson Consultants LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 2,326.53 | 3,459,142.46 |
| 9/17/2019 | | List Logistics LCC | Settlement Installment Payment | ****4708 | 12,500.00 | | 3,471,642.46 |
| 9/17/2019 | | Togut, Seagal & Segal | Payment for Outstanding Professional Fees Incurred | ****4587 | | 254,352.64 | 3,217,289.82 |
| 9/17/2019 | | Goldin Associates | Payment for Outstanding Professional Fees Incurred | ****4587 | | 179,965.42 | 3,037,324.40 |
| 9/23/2019 | | Stroz Friedberg | Settlement | ****4587 | | 200,000.00 | 2,837,324.40 |
| 9/23/2019 | | Kurtzman Carson Consultants LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 1,590.02 | 2,835,734.38 |
| 9/23/2019 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 25,000.00 | | 2,860,734.38 |
| 10/15/2019 | | Microsoft Corporation | Accounts Payable - Microsoft | ****4587 | | 636.92 | 2,860,097.46 |
| 10/15/2019 | | Triad Professional Services | Accounts Payable | ****4587 | | 821.46 | 2,859,276.00 |
| 11/4/2019 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 25,000.00 | | 2,884,276.00 |
| 11/4/2019 | | My Self Storage - West Covina | Accounts Payable - Storage | ****4587 | | 3,539.00 | 2,880,737.00 |
| 11/4/2019 | | Lowenstein Sandler LLP | Expense Reimbursement | ****4587 | | 135.00 | 2,880,602.00 |
| 11/4/2019 | | Kurtzman Carson Consultants LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 3,877.94 | 2,876,724.06 |
| 11/12/2019 | | My Self Storage - West Covina | Accounts Payable - Storage | ****4587 | | 371.00 | 2,876,353.06 |
| 11/12/2019 | | Microsoft Corporation | Accounts Payable - Microsoft | ****4587 | | 636.92 | 2,875,716.14 |
| 11/12/2019 | | U.S. Trustee Payment Center | US Trustee Fee Payment | ****4587 | | 28,918.77 | 2,846,797.37 |
| 11/15/2019 | | Goldin Associates | Payment for Outstanding Professional Fees Incurred | ****4587 | | 79,305.77 | 2,767,491.60 |
| 11/15/2019 | | Duff & Phelps, LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 181,737.92 | 2,585,753.68 |
| 11/25/2019 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 25,000.00 | | 2,610,753.68 |
| 12/13/2019 | | List Logistics LCC | Settlement Installment Payment | ****4708 | 15,509.82 | | 2,626,263.50 |
| 12/13/2019 | | Flex Employee Services, LLC | Settlement Installment Payment | ****4708 | 7,049.18 | | 2,633,312.68 |
| 12/13/2019 | | My Self Storage - West Covina | Accounts Payable - Storage | ****4587 | | 792.00 | 2,632,520.68 |
| 12/13/2019 | | Microsoft Corporation | Accounts Payable - Microsoft | ****4587 | | 636.92 | 2,631,883.76 |
| 12/13/2019 | | Kurtzman Carson Consultants LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 3,882.55 | 2,628,001.21 |
| 12/13/2019 | | Goldin Associates | Payment for Outstanding Professional Fees Incurred | ****4587 | | 98,468.12 | 2,529,533.09 |
| 1/6/2020 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 25,000.00 | | 2,554,533.09 |
| 1/6/2020 | | Flex Employee Services, LLC | Settlement Installment Payment | ****4708 | 7,049.18 | | 2,561,582.27 |
| 1/7/2020 | | My Self Storage - West Covina | Accounts Payable - Storage | ****4587 | | 792.00 | 2,560,790.27 |
| 1/7/2020 | | Microsoft Corporation | Accounts Payable - Microsoft | ****4587 | | 636.92 | 2,560,153.35 |
| 1/7/2020 | | Kurtzman Carson Consultants LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 2,922.08 | 2,557,231.27 |
| 1/7/2020 | | Togut, Segal & Segal | Payment for Outstanding Professional Fees Incurred | ****4587 | | 643,377.45 | 1,913,853.82 |

**Form 2**
**Estate Cash Receipts and Disbursements Record**

Case No:   15-12329
Case Name  Corporate Resource Services, Inc. et al

Taxpayer ID No:
For Period Ending: 7/31/2021

Trustee Name:              James Feltman, Chapter 11 Trustee
Bank Name:                 TD Bank / Wells Fargo
Account Number / CD #[1]:  xxx-xxx4708 TD Bank Checking Account
                           xxx-xxx4587 TD Bank Checking Account
                           xxx-xxx4656 TD Bank Checking Account
                           xxx-xxx8219 WF Account

Blanket Bond (per case limit):      $      4,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Posting Date | Check or Reference | Paid To / Received From | Description Of Transaction | Bank Account | Deposit ($) | Disbursements ($) | Account / CD Balance ($) |
| 1/7/2020 | | Duff & Phelps, LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 75,929.18 | 1,837,924.64 |
| 1/13/2020 | | U.S. Trustee Payment Center | US Trustee Fee Payment | ****4587 | | 7,150.00 | 1,830,774.64 |
| 1/23/2020 | | Kurtzman Carson Consultants LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 1,536.42 | 1,829,238.22 |
| 8/9/2021 | | MY Self Storage Space - West Covina | Accounts Payable | ****4587 | | 4,872.20 | 1,825,771.09 |
| 1/23/2020 | | Goldin Associates | Payment for Outstanding Professional Fees Incurred | ****4587 | | 157,078.47 | 1,672,159.75 |
| 1/23/2020 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 25,000.00 | | 1,697,159.75 |
| 1/30/2020 | | Chapter 11 Trustee | Payment for Outstanding Professional Fees Incurred | ****4587 | | 154,112.00 | 1,543,047.75 |
| 2/13/2020 | | Flex Employee Services, LLC | Settlement Installment Payment | ****4708 | 7,049.18 | | 1,550,096.93 |
| 2/13/2020 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 15,000.00 | | 1,565,096.93 |
| 2/13/2020 | | My Self Storage - West Covina | Accounts Payable - Storage | ****4587 | | 792.00 | 1,564,304.93 |
| 2/13/2020 | | Microsoft Corporation | Accounts Payable - Microsoft | ****4587 | | 636.92 | 1,563,668.01 |
| 3/2/2020 | | Kurtzman Carson Consultants LLC | Accounts Payable | ****4587 | | 1,030.16 | 1,562,637.85 |
| 3/2/2020 | | Goldin Associates | Payment for Outstanding Professional Fees Incurred | ****4587 | | 22,949.84 | 1,539,688.01 |
| 3/30/2020 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 15,000.00 | | 1,554,688.01 |
| 4/8/2020 | | Focus Management Group USA Inc. | Escrow Release | ****4708 | 25,077.49 | | 1,579,765.50 |
| 4/14/2020 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 20,000.00 | | 1,599,765.50 |
| 4/20/2020 | | Duff & Phelps, LLC | Reimbursement | ****4708 | 4,000.00 | | 1,603,765.50 |
| 4/30/2020 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 15,000.00 | | 1,618,765.50 |
| 5/6/2020 | | Flex Employee Services, LLC | Settlement Installment Payment | ****4708 | 7,049.18 | | 1,625,814.68 |
| 5/6/2020 | | Culmin Staffing | Settlement Installment Payment | ****4708 | 4,000.00 | | 1,629,814.68 |
| 5/19/2020 | | List Logistics LCC | Settlement Installement Payment | ****4708 | 12,500.00 | | 1,642,314.68 |
| 5/19/2020 | | Flex Employee Services, LLC | Settlement Installment Payment | ****4708 | 7,049.18 | | 1,649,363.86 |
| 6/8/2020 | | Culmin Staffing | Settlement Installment Payment | ****4708 | 4,000.00 | | 1,653,363.86 |
| 6/12/2020 | | Flex Employee Services, LLC | Settlement Installment Payment | ****4708 | 7,049.18 | | 1,660,413.04 |
| 6/25/2020 | | Goldin Associates | Payment for Outstanding Professional Fees Incurred | ****4587 | | 16,042.60 | 1,644,370.44 |
| 6/25/2020 | | Togut, Segal & Segal | Payment for Outstanding Professional Fees Incurred | ****4587 | | 302,195.88 | 1,342,174.56 |
| 6/25/2020 | | Duff & Phelps, LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 91,857.43 | 1,250,317.13 |
| 6/25/2020 | | Microsoft Corporation | Accounts Payable - Microsoft | ****4587 | | 3,821.52 | 1,246,495.61 |
| 6/25/2020 | | Jenner & Block LLP | Payment for Outstanding Professional Fees Incurred | ****4587 | | 4,076.42 | 1,242,419.19 |
| 6/25/2020 | | U.S. Trustee Payment Center | US Trustee Fee Payment | ****4587 | | 12,964.44 | 1,229,454.75 |
| 6/25/2020 | | My Self Storage - West Covina | Accounts Payable - Storage | ****4587 | | 1,980.00 | 1,227,474.75 |
| 6/25/2020 | | Kurtzman Carson Consultants LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 2,657.66 | 1,224,817.09 |
| 7/9/2020 | | List Logistics LCC | Settlement Installement Payment | ****4708 | 12,500.00 | | 1,237,317.09 |
| 7/10/2020 | | Flex Employee Services, LLC | Settlement Installment Payment | ****4708 | 14,098.36 | | 1,251,415.45 |
| 7/17/2020 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 45,000.00 | | 1,296,415.45 |
| 7/20/2020 | | List Logistics LCC | Settlement Installement Payment | ****4708 | 12,500.00 | | 1,308,915.45 |
| 7/20/2020 | | Culmin Staffing | Settlement Installment Payment | ****4708 | 4,000.00 | | 1,312,915.45 |
| 8/18/2020 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 20,000.00 | | 1,332,915.45 |
| 8/21/2020 | | My Self Storage - West Covina | Accounts Payable - Storage | ****4587 | | 1,980.00 | 1,330,935.45 |
| 8/21/2020 | | Goldin Associates | Payment for Outstanding Professional Fees Incurred | ****4587 | | 3,720.00 | 1,327,215.45 |
| 8/21/2020 | | Togut, Segal & Segal | Payment for Outstanding Professional Fees Incurred | ****4587 | | 194,341.16 | 1,132,874.29 |
| 8/21/2020 | | Duff & Phelps, LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 15,125.61 | 1,117,748.68 |
| 8/21/2020 | | Microsoft Corporation | Accounts Payable - Microsoft | ****4587 | | 3,821.52 | 1,113,927.16 |
| 8/21/2020 | | U.S. Trustee Payment Center | US Trustee Fee Payment | ****4587 | | 7,150.00 | 1,106,777.16 |
| 8/21/2020 | | Kurtzman Carson Consultants LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 16,629.85 | 1,090,147.31 |
| 8/21/2020 | | International Sureties, Ltd. | Accounts Payable | ****4587 | | 6,600.00 | 1,083,547.31 |

**Form 2**
**Estate Cash Receipts and Disbursements Record**

Case No:   15-12329
Case Name   Corporate Resource Services, Inc. et al

Taxpayer ID No:
For Period Ending: 7/31/2021

Trustee Name:   James Feltman, Chapter 11 Trustee
Bank Name:   TD Bank / Wells Fargo
Account Number / CD #[1]:   xxx-xxx4708 TD Bank Checking Account
xxx-xxx4587 TD Bank Checking Account
xxx-xxx4656 TD Bank Checking Account
xxx-xxx8219 WF Account

Blanket Bond (per case limit):   $   4,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Posting Date | Check or Reference | Paid To / Received From | Description Of Transaction | Bank Account | Deposit ($) | Disbursements ($) | Account / CD Balance ($) |
| 9/2/2020 | | Culmin Staffing | Settlement Installment Payment | ****4708 | 4,000.00 | | 1,087,547.31 |
| 9/2/2020 | | Flex Employee Services, LLC | Settlement Installment Payment | ****4708 | 7,049.18 | | 1,094,596.49 |
| 9/11/2020 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 20,000.00 | | 1,114,596.49 |
| 9/16/2020 | | Culmin Staffing | Settlement Installment Payment | ****4708 | 4,000.00 | | 1,118,596.49 |
| 9/18/2020 | | Flex Employee Services, LLC | Settlement Installment Payment | ****4708 | 52,950.82 | | 1,171,547.31 |
| 9/23/2020 | | List Logistics LCC | Settlement Installment Payment | ****4708 | 12,500.00 | | 1,184,047.31 |
| 10/16/2020 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 20,000.00 | | 1,204,047.31 |
| 10/19/2020 | | Staff Management Group, LLC | Settlement Installment Payment | ****4708 | 2,500,000.00 | | 3,704,047.31 |
| 10/26/2020 | | Culmin Staffing | Settlement Installment Payment | ****4708 | 4,000.00 | | 3,708,047.31 |
| 11/18/2020 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 20,000.00 | | 3,728,047.31 |
| 11/18/2020 | | Culmin Staffing | Settlement Installment Payment | ****4708 | 13,500.00 | | 3,741,547.31 |
| 12/3/2020 | | Goldin Associates | Payment for Outstanding Professional Fees Incurred | ****4587 | | 165,050.46 | 3,576,496.85 |
| 12/3/2020 | | Togut, Segal & Segal | Payment for Outstanding Professional Fees Incurred | ****4587 | | 123,336.78 | 3,453,160.07 |
| 12/3/2020 | | Togut, Segal & Segal | Payment for Outstanding Professional Fees Incurred | ****4587 | | 1,057,844.00 | 2,395,316.07 |
| 12/3/2020 | | Duff & Phelps, LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 848,371.68 | 1,546,944.39 |
| 12/3/2020 | | Gaffney, Gallagher & Philip, LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | - | 1,457,248.39 |
| 12/3/2020 | | Hemming Morse LLP | Payment for Outstanding Professional Fees Incurred | ****4587 | | 89,696.00 | 1,452,746.39 |
| 12/3/2020 | | Chapter 11 Trustee | Chapter 11 Trustee Fee Payment - 5th Interim Report | ****4587 | | 4,502.00 | 1,388,059.39 |
| 1/21/2022 | | MY Self Storage Space - West Covina | Accounts Payable | ****4587 | | 64,687.00 | 2,356,609.40 |
| 12/3/2020 | | Microsoft Corporation | Accounts Payable - Microsoft | ****4587 | | 4,608.00 | 1,385,511.39 |
| 12/3/2020 | | Kurtzman Carson Consultants LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 2,548.00 | 1,363,268.14 |
| 12/3/2020 | | U.S. Trustee Payment Center | US Trustee Fee Payment | ****4587 | | 22,243.25 | 1,359,043.14 |
| 12/18/2020 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 20,000.00 | 4,225.00 | 1,379,043.14 |
| 12/30/2020 | | Staff Management Group, LLC | Settlement Installment Payment | ****4708 | 400,000.00 | | 1,779,043.14 |
| 1/14/2021 | | Microsoft Corporation | Accounts Payable - Microsoft | ****4587 | | 2,548.00 | 1,776,495.14 |
| 1/14/2021 | | Kurtzman Carson Consultants LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 989.07 | 1,775,506.07 |
| 1/14/2021 | | U.S. Trustee Payment Center | US Trustee Fee Payment | ****4587 | | 24,150.04 | 1,751,356.03 |
| 1/19/2021 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 20,000.00 | | 1,771,356.03 |
| 2/17/2021 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 25,000.00 | | 1,796,356.03 |
| 3/16/2021 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 25,000.00 | | 1,821,356.03 |
| 4/5/2021 | | Wells Fargo | WF Transfer - Pursuant to the Stip | ****4708 | 143,074.73 | | 1,964,430.76 |
| 4/8/2021 | | Microsoft Corporation | Accounts Payable - Microsoft | ****4587 | | 2,548.00 | 1,961,882.76 |
| 4/8/2021 | | Kurtzman Carson Consultants LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 34,636.43 | 1,927,246.33 |
| 4/8/2021 | | Togut, Segal & Segal | Payment for Outstanding Professional Fees Incurred | ****4587 | | 58,828.21 | 1,868,418.12 |
| 4/8/2021 | | Duff & Phelps, LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 6,824.56 | 1,861,593.56 |
| 4/8/2021 | | U.S. Trustee Payment Center | US Trustee Fee Payment | ****4587 | | 3,563.68 | 1,858,029.88 |
| 4/19/2021 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 25,000.00 | | 1,883,029.88 |
| 5/17/2021 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 25,000.00 | | 1,908,029.88 |
| 6/18/2021 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 25,000.00 | | 1,933,029.88 |
| 7/19/2021 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 25,000.00 | | 1,958,029.88 |
| 8/9/2021 | | Togut, Segal & Segal | Payment for Outstanding Professional Fees Incurred | ****4587 | | 76,405.80 | 1,881,624.08 |
| 8/9/2021 | | Kurtzman Carson Consultants LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 33,930.90 | 1,847,693.18 |
| 8/9/2021 | | Duff & Phelps, LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 9,049.89 | 1,838,643.29 |
| 8/9/2021 | | International Sureties, Ltd. | Accounts Payable | ****4587 | | 8,000.00 | 1,830,643.29 |
| 8/9/2021 | | Microsoft Corporation | Accounts Payable - Microsoft | ****4587 | | 2,548.00 | 1,823,223.09 |
| 8/9/2021 | | U.S. Trustee Payment Center | US Trustee Fee Payment | ****4587 | | 2,175.62 | 1,821,047.47 |
| 8/11/2021 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 325,000.00 | | 2,146,047.47 |
| 8/16/2021 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 70,000.00 | | 2,216,047.47 |
| 9/15/2021 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 70,000.00 | | 2,286,047.47 |
| 10/15/2021 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 70,000.00 | | 2,356,047.47 |
| 10/15/2021 | | U.S. Trustee Payment Center | US Trustee Fee Payment | ****4587 | | 2,297.93 | 2,353,749.54 |
| 11/8/2021 | | Chartwell Staffing Solutions | Oak Point Partners | ****4708 | 16,794.00 | | 2,370,543.54 |

**Form 2**
**Estate Cash Receipts and Disbursements Record**

Case No:    15-12329
Case Name    Corporate Resource Services, Inc. et al

Taxpayer ID No:
For Period Ending: 7/31/2021

Trustee Name:          James Feltman, Chapter 11 Trustee
Bank Name:             TD Bank / Wells Fargo
Account Number / CD #[1]:   xxx-xxx4708 TD Bank Checking Account
                       xxx-xxx4587 TD Bank Checking Account
                       xxx-xxx4656 TD Bank Checking Account
                       xxx-xxx8219 WF Account

Blanket Bond (per case limit):      $      4,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Posting Date | Check or Reference | Paid To / Received From | Description Of Transaction | Bank Account | Deposit ($) | Disbursements ($) | Account / CD Balance ($) |
| 11/16/2021 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 70,000.00 | | 2,440,543.54 |
| 12/15/2021 | | Chartwell Staffing Solutions | Settlement Installment Payment | ****4708 | 70,000.00 | | 2,510,543.54 |
| 12/15/2021 | | Chapter 11 Trustee | Payment for Outstanding Professional Fees Incurred | ****4587 | | 75,497.00 | 2,435,046.54 |
| 12/15/2021 | | Togut, Segal & Segal | Payment for Outstanding Professional Fees Incurred | ****4587 | | 50,251.49 | 2,384,795.05 |
| 12/15/2021 | | Kurtzman Carson Consultants LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 19,394.76 | 2,365,400.29 |
| 12/15/2021 | | Kroll, LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 4,182.89 | 2,361,217.40 |
| 1/21/2022 | | U.S. Trustee Payment Center | US Trustee Fee Payment | ****4587 | | 2,356.50 | 2,354,252.90 |
| 1/21/2022 | | Kurtzman Carson Consultants LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 908.91 | 2,353,343.99 |
| 6/23/2022 | | Togut, Segal & Segal | Payment for Outstanding Professional Fees Incurred | ****4587 | | 67,952.70 | 2,285,391.29 |
| 6/23/2022 | | Kurtzman Carson Consultants LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 33,282.95 | 2,252,108.34 |
| 6/23/2022 | | Kroll, LLC | Payment for Outstanding Professional Fees Incurred | ****4587 | | 8,473.01 | 2,243,635.33 |
| 6/23/2022 | | Trueblue, Inc. | Settlement | ****4587 | | 5,000.00 | 2,238,635.33 |
| 6/23/2022 | | U.S. Trustee Payment Center | US Trustee Fee Payment | ****4587 | | 2,050.00 | 2,236,585.33 |

**Form 2**
**Estate Cash Receipts and Disbursements Record**

Case No:   15-12329
Case Name   Corporate Resource Services, Inc. et al

Taxpayer ID No:
For Period Ending: 7/31/2021

Trustee Name:        James Feltman, Chapter 11 Trustee
Bank Name:           TD Bank / Wells Fargo
Account Number / CD #[1]:   xxx-xxx4708 TD Bank Checking Account
                            xxx-xxx4587 TD Bank Checking Account
                            xxx-xxx4656 TD Bank Checking Account
                            xxx-xxx8219 WF Account

Blanket Bond (per case limit):   $   4,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Posting Date | Check or Reference | Paid To / Received From | Description Of Transaction | Bank Account | Deposit ($) | Disbursements ($) | Account / CD Balance ($) |
| | | COLUMN TOTALS | | | 31,879,954.01 | 30,122,921.42 | |
| | | Less: Bank Transfers / CD's | | | - | - | |
| | | **Subtotal** | | | **31,879,954.01** | **30,122,921.42** | |
| | | Less: Payments to Debtors | | | - | - | |
| | | **Net** | | | **31,879,954.01** | **30,122,921.42** | |

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| **TOTAL - ALL ACCOUNTS** | | | |
| *Beginning Balance (includes all four bank accounts listed)* | 479,552.74 | - | 479,552.74 |
| TD Bank Checking Account ****4708 | 31,879,954.01 | (212,731.36) | 31,667,222.65 |
| TD Bank Checking Account ****4587 | - | (29,860,039.63) | (29,860,039.63) |
| TD Bank Checking Account ****4656 | - | (39.44) | (39.44) |
| Wells Fargo Account ****8219 | - | (50,110.99) | (50,110.99) |
| | **32,359,506.75** | **(30,122,921.42)** | **2,236,585.33** |

*Total Funds on Hand*

**Exhibit 2**

**Pro Forma Estate Balance Sheet**

**Corporate Resource Services Inc.  et al. (Case No. 15-12329)**

**Pro Forma Balance Sheet**[1]

*As of September 7, 2022*

| ASSETS | | Amount |
|---|---|---|
| CRS Cash Balance as of September 7, 2022 | $ | 2,236,585 |

| LIABILITIES | | Amount |
|---|---|---|
| Total Professional Fees Outstanding thru August 2022 | | |
| Togut, Segal, & Segal | $ | 1,189,956 |
| Kroll, LLC | | 844,762 |
| Teneo Capital | | 159,485 |
| Hemming Morse, LLP | | 3,502 |
| Gaffney Gallagher & Philip | | 89,682 |
| Plotzker & Agarwal, CPAS, LLC | | 40,713 |
| JMBM LLP (Final Fee Application Preparation) | | 5,280 |
| Chapter 11 Trustee | | 8,288 |
| Total Professional Fees Outstanding thru August 2022 | $ | 2,341,667 |
| | | |
| Estimated Professional Fees between September - October 2022 | | |
| Togut, Segal, & Segal | $ | 25,000 |
| Kroll, LLC | | 10,000 |
| Chapter 11 Trustee[2] | | 71,240 |
| Total Estimated Professional Fees between September - October 2022 | $ | 106,240 |
| | | |
| **Total Estimated Professional Fees thru October 2022** | **$** | **2,447,908** |
| | | |
| **Other Expenses** | | |
| Kurtzman Carson Consultants, LLC[3] | $ | 40,000 |
| Estimate Cost of Destruction for Document Disposal (i.e. Hard Drives) | | 5,000 |
| Estimated UST Fees (Q2 2022 - Q4 2022)[2] | | 25,660 |
| Total Expenses | $ | 70,660 |
| | | |
| **Total Admin Claims through October 2022** | **$** | **2,518,568** |
| | | |
| **Available CRS Assets After Admin Claims Paid as of October 31, 2022** | **$** | **(281,983)** |

| Notes |
|---|
| Professional fees will be allocated pro rata based on the Debtors remaining cash position. |
| 1) Subject to Change |
| 2) Calculation Includes disbursements for outstanding amounts owed / accrued to be paid in full by October 2022. |
| 3) Estimate, may change based on Noticing requirements, etc.  Currently $11,612 outstanding through July 2022. |

**Exhibit 3**

**Trustee's Time Records**

Kroll, LLC
James S. Feltman as Chapter 11 Trustee of Corporate Resource Services, Inc. et al.
Summary of Hours
For the Period of August 1, 2021 through July 31, 2022

| Date | Professional | Description | Hours | | Fees |
|------|-------------|-------------|-------|---|------|
| 09/30/21 | Feltman, James | Review August MOR in new format. | 0.8 | $ | 760.00 |
| 10/06/21 | Feltman, James | Participate in court hearing | 1.0 | $ | 950.00 |
| 10/06/21 | Feltman, James | Participate in call with counsel and Kroll re court hearing. | 1.0 | $ | 950.00 |
| 10/26/21 | Feltman, James | Review Sept 2022 MORs. | 0.5 | $ | 475.00 |
| 10/26/21 | Feltman, James | Review Oct 2022 MORs. | 0.5 | $ | 475.00 |
| 11/15/21 | Feltman, James | Review Nov 2022 MORs. | 0.5 | $ | 475.00 |
| 12/29/21 | Feltman, James | Review Dec 2022 MORs. | 0.5 | $ | 475.00 |
| 03/01/22 | Feltman, James | Review Jan 2022 MORs. | 0.5 | $ | 475.00 |
| 05/09/22 | Feltman, James | Review Feb 2022 and March 2022 MORs. | 0.5 | $ | 475.00 |
| 06/07/22 | Feltman, James | Review April 2022 and May 2022 MORs. | 1.0 | $ | 950.00 |
| 06/07/22 | Feltman, James | Participate in call with counsel and Kroll re court hearing. | 1.0 | $ | 950.00 |
| 06/08/22 | Feltman, James | Participate in court hearing. | 1.3 | $ | 1,235.00 |
| 07/29/22 | Feltman, James | Revise Trustee Final Report | 2.6 | $ | 2,470.00 |
| | | **Total Hours and Fees - August 1, 2021 through July 31, 2022** | **11.7** | **$** | **11,115.00** |

**Exhibit 4**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------x

In re:                                                          :        Chapter 11

                                                                :        Case No. 15-12329 (MG)

CORPORATE RESOURCE SERVICES, INC., *et al.*,[1]    :

                                                                :        (Jointly Administered)

                                        Debtors.              :

----------------------------------------------------------------------------x

## <u>ORDER DISMISSING THE DEBTORS' CHAPTER 11 CASES</u>

On November [__], 2022, the Court entered an order (the "<u>November 2022 Order</u>") granting, among other things, the *Trustee's Eighth and Final Report and Seventh and Final Application for (A) Allowance of Statutory Commissions and (B) Authority to Make Final Distributions* (the "<u>Trustee Application</u>") [Docket No. __],[2] which authorized the Trustee to file a declaration (the "<u>Declaration</u>"):  (a) attesting that the final distributions authorized by the November 2022 Order have been made on a *pro rata* basis and that no funds remain on hand in the Debtors' estates, and (b) requesting that the Court enter an order dismissing these Chapter 11 cases and authorizing and directing the Clerk of the Court to docket final decrees closing these Chapter 11 Cases, discharging the Trustee, and cancelling his bond;  and the Trustee having filed the Declaration [Docket No. __], and having made the *pro rata* distributions authorized by the November 2022 Order;  and it appearing that this Court has jurisdiction to consider the Declaration;  and this Court having reviewed the Declaration and the Trustee Application;  and the Court having found that (a) dismissal of these Chapter 11 cases is in the best interests of the Debtors and

---

[1]    The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  (1) Corporate Resource Services, Inc. (1965); (2) Accountabilities, Inc. (5619); (3)Corporate Resource Development Inc. (1966); (4) Diamond Staffing Services, Inc. (7952); (5)Insurance Overload Services, Inc. (9798); (6) Integrated Consulting Services, Inc. (2385); (7) The CRS Group, Inc. (1458); and (8) TS Staffing Services, Inc. (8647).

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Trustee Application.

their estates, (b) confirmation of a plan of reorganization and/or liquidation is not feasible

or possible in these cases, (c) there are no unusual circumstances establishing that

dismissing these cases is not in the best interests of the creditors, and (d) conversion of

these cases to Chapter 7 would serve no useful purpose and therefore is not in the best

interests of the Debtors, the Debtors' estates or creditors;  and based on the foregoing and

upon the record made at the hearing held on November 15, 2022 (the "Hearing") and upon

all of the prior proceedings had herein, the Court having concluded that cause exists to

grant the relief requested in the Trustee Application and the Declaration;  and the relief

requested being reasonable and necessary;  and it appearing that good and sufficient

notice of the Declaration has been given under the circumstances of these cases, and that

no other or further notice need be provided;  and it appearing that all Monthly Operating

Reports have been filed and all outstanding U.S. Trustee quarterly fees that were due and

payable have been paid;  and upon all of the prior pleadings, and proceedings had herein

and the record made at the Hearing, and good and sufficient cause appearing therefore,

it is hereby

ORDERED, that pursuant to sections 105(a) and 112(b) of the Bankruptcy

Code, the jointly administered Chapter 11 Cases of Corporate Resource Services, Inc. and

its affiliated debtors are hereby DISMISSED effective as of the date of this Order;  and it is

further

ORDERED, that that except as expressly set forth herein, all orders entered

in the above-captioned cases prior to the date hereof shall continue in full force and effect;

and it is further

ORDERED, that the Clerk of the Court shall docket in each of the Chapter 11

Cases a final decree closing each of these Chapter 11 Cases, discharging the Trustee, and

cancelling his bond;  and it is further

**ORDERED,** that the Trustee shall reserve sufficient funds to pay the Office of the United States Trustee the amount of any quarterly fees due pursuant to 28 U.S.C. § 1930 and any applicable interest due pursuant to 31 U.S.C. § 3717, which fees and interest, if any, shall be paid within fifteen (15) days of the entry of this Order of Final Decree (the "Order");  provided, further, that within five (5) days after the entry of this Order, the Trustee shall provide to the United States Trustee an affidavit indicating cash disbursements for the November 2022 and for any remaining time period to the date that the Order has been entered;  and it is further

**ORDERED,** that this Court shall retain exclusive jurisdiction to adjudicate all matters arising from or related to the implementation of this Order or closing of the above-captioned cases.

Dated:  New York, New York
_____ \_\_, 2022

_____
HONORABLE MARTIN GLENN
CHIEF BANKRUPTCY JUDGE

3